## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.A.,<br><br>          Plaintiff,<br><br>          v.<br><br>VILLANOVA UNIVERSITY; COLLEGE HALL ASSOCIATES, d/b/a COLLEGE HALL APARTMENTS, a/k/a "THE COURTS"; COLLEGE HALL, GP, d/b/a COLLEGE HALL APARTMENTS, a/k/a 'THE COURTS"; MARKS & CO., INC., d/b/a MARKS & COMPANY; ELIJAH JOSEPH KATZENELL; JUAN EGUIGUREN; and ANDREW POLUN<br><br>          Defendants. | : : : : : : : : : : : : : : : : : : : **CIVIL ACTION**<br>**NO.: 2:24-cv-04434-KNS** |

**AND NOW**, this _____ day of _____, 2025, upon consideration of Defendants, College Hall Associates, LP, College Hall, GP, and Marks & Co., Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. The Second Amended Complaint is **DISMISSED WITH PREJUDICE** as to College Hall Associates, LP, College Hall, GP, and Marks & Co., Inc.

**BY THE COURT:**

_____
Hon. Kai N. Scott

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.A., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : **CIVIL ACTION** |
| | : **NO.: 2:24-cv-04434-KNS** |
| VILLANOVA UNIVERSITY; COLLEGE | : |
| HALL ASSOCIATES, d/b/a COLLEGE HALL | : |
| APARTMENTS, a/k/a "THE COURTS"; | : |
| COLLEGE HALL, GP, d/b/a COLLEGE HALL | : |
| APARTMENTS, a/k/a 'THE COURTS"; | : |
| MARKS & CO., INC., d/b/a MARKS & | : |
| COMPANY; ELIJAH JOSEPH KATZENELL; | : |
| JUAN EGUIGUREN; and ANDREW POLUN | : |
| | : |
| Defendants. | : |
| | : |
| | : |

## DEFENDANTS, COLLEGE HALL ASSOCIATES, LP, COLLEGE HALL, GP, AND MARKS & CO., INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

For the reasons set forth in the Memorandum of Law filed concurrently with this Motion, Defendants, College Hall Associates, LP, College Hall, GP, and Marks & Co., Inc. move to dismiss Plaintiff C.A.'s Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Oral argument on the instant Motion to Dismiss is requested.

Respectfully submitted,

**CAMPBELL CONROY & O'NEIL, P.C.**

*/s/ Lynne O. Ingram, Esquire*
Lynne O. Ingram, Esquire (PA 201321)
Kristin E. Shicora, Esquire (PA 311820)
Attorneys for Defendants, College Hall
Associates, LP, College Hall GP, LLC, and
Marks & Co., Inc.

Date: <u>December 12, 2024</u>

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | **NO.: 2:24-cv-04434-KNS** |
| VILLANOVA UNIVERSITY; COLLEGE | : | |
| HALL ASSOCIATES, d/b/a COLLEGE HALL | : | |
| APARTMENTS, a/k/a "THE COURTS"; | : | |
| COLLEGE HALL, GP, d/b/a COLLEGE HALL | : | |
| APARTMENTS, a/k/a 'THE COURTS"; | : | |
| MARKS & CO., INC., d/b/a MARKS & | : | |
| COMPANY; ELIJAH JOSEPH KATZENELL; | : | |
| JUAN EGUIGUREN; and ANDREW POLUN | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, COLLEGE HALL ASSOCIATES, LP, COLLEGE HALL, GP, AND MARKS & CO., INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................1

II.   PROCEDURAL HISTORY.................................................................................2

III.  STATEMENT OF FACTS ..................................................................................2

    A.  College Hall or "The Courts". ......................................................................2

    B.  Plaintiff's Presence at The Courts on the Evening of August 24, 2022.  ......................2

    C.  On-Campus Sexual Assault Incident. ............................................................3

    D.  Plaintiff's Claims Against the College Hall Defendants and Marks & Co...................4

IV.   STATEMENT OF QUESTIONS INVOLVED................................................4

V.    ARGUMENT .....................................................................................................5

    A.  Legal Standard ..........................................................................................5

    B.  Plaintiff Cannot Establish a Claim for Negligence Against The College Hall
        Defendants and Marks & Co.......................................................................6

        1.  The College Hall Defendants and Marks & Co. Owed No Recognizable Duty to
            Plaintiff Under Pennsylvania Law. ........................................................6

        2.  As a Matter of Law, the College Hall Defendants and Marks & Co. Cannot be the
            Proximate Cause of Plaintiff's Harm...................................................10

    C.  Plaintiff's Negligent Infliction of Emotional Distress Claims Similarly Fails as a
        Matter of Law. ........................................................................................14

    D.  Further Amendment of Plaintiff's Second Amended Complaint Would Be Futile.....14

VI.   CONCLUSION................................................................................................16

i

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. City of Meadville*,
    61 A.3d 218 (Pa. 2012) ................................................................................................ 9

*Alumni Assoc. v. Sullivan*,
    572 A.2d 1209 (Pa. 1990) ....................................................................................... 7, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 5

*Atcovitz v. Gulph Mills Tennis Club, Inc.*,
    812 A.2d 1218 (Pa. 2002) ......................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... 5

*Bell v. Irace*,
    619 A.2d 365 (Pa. Super. 1993) .............................................................................. 11

*Brezenski v. World Truck Transfer, Inc.*,
    755 A.2d 36 (Pa. Super. 2000) ................................................................................ 14

*Brown v. Philadelphia Coll. of Osteopathic Med.*,
    760 A.2d 863, 868 (Pa. Super. 2000) ........................................................... 10, 11, 12

*Bryan v. Acorn Hotel Inc.*,
    931 F.Supp. 394 (E.D. Pa. 1996) .......................................................................... 9, 10

*Caldwell v. Com., PENNDOT*,
    548 A.2d 1284 (Pa. Cmwlth. 1988) ........................................................................ 11

*Chacko v. Commonwealth, Department of Transportation*,
    611 A.2d 1346 (Pa. Cmwlth. 1992) ........................................................................ 13

*Davis v. McDowell National Bank*,
    180 A.2d 21 (Pa. 1962) .............................................................................................. 9

*Erie R. Co. v. Tompkins*,
    304 U.S. 64 (1938) ................................................................................................ 5

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ................................................................................ 5

*Glick v. Olde Town Lancaster, Inc.*,
    535 A.2d 621 (Pa. Super. 1987) .......................................................................... 10

*Hackett v. Indian King Residents Assoc.*,
    195 A.3d 248 (Pa. Super. 2018) .......................................................................... 9

*Hall v. United States,*
No. 2:19-cv-05256-KSM, 2020 WL 3265146 (E.D. Pa. June 17, 2020) ................ 15

*Hamil v. Bashline*,
    392 A.2d 1280 (Pa. 1978) ............................................................................ 6, 10

*In re New Jersey Title Ins. Litig.*,
    683 F.3d 451 (3d Cir. 2012) ................................................................................ 14

*Kapres v. Heller*,
    612 A.2d 987 (Pa. Super. 1992) .......................................................................... 8

*Kleinknecht v. Gettysburg Coll.*,
    989 F.2d 1360 (3d Cir.1993) .............................................................................. 6

*Kote v. Bank of New York Mellon for Certificateholders CWABS, Inc., Assetbacked Certificate
    Series 2006-20*,
    169 A.3d 1103 (Pa. Super. 2017) .............................................................. 11, 13

*Liggon-Redding v. Estate of Sugarman*,
    659 F.3d 258 (3d Cir. 2011) ................................................................................ 5

*Lomuscio v. Cole*,
    209 A.3d 658 (Pa. Super. 2022) ...................................................................... 7, 8

*Malleus v. George*,
    641 F.3d 560 (3d Cir. 2011) ................................................................................ 5

*Markovich v. Bell Helicopter Textron, Inc.*,
    805 F.Supp. 1231 (E.D. Pa.1992) ................................................................. 6, 7

*Merlini ex. Rel. Merlini v. Gallitzin Water Authority*,
    980 A.2d 502 (Pa. 2009) ................................................................................. 6

*Mohn v. United States*,
    No. 23-2653, 2023 WL 8458243 (E.D. Pa. Dec. 6, 2023) ................................ 15

*Neave v. Hershey Co.*,
    No. 1:19-CV-776, 2019 WL 2577304 (M.D. Pa. June 24, 2019) ....................... 15

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ........................................................................... 14

*R.W. v. Manzek*,
    888 A.2d 740 (Pa. 2005) ................................................................................ 15

*Reilly v. Tiergarten Inc.*,
    633 A.2d 208 (Pa. Super. 1993) .................................................................. 10, 11

*Roche v. Ugly Duckling Car Sales, Inc.*,
    879 A.2d 785 (Pa. Super. 2005) ..................................................................... 10

*Runner v. C.R. Bard*,
    108 F.Supp. 3d 261 (E.D. Pa. 2015) ............................................................... 14

*Sharpe v. St. Luke's Hosp.*,
    821 A.2d 1215 (Pa. 2003) ............................................................................... 7

*Smith v. Lincoln Ben. Life Co.*,
    395 F.App'x 821 (3d. Cir. Sept. 24, 2010) ....................................................... 15

*Trude v. Martin*,
    660 A.2d 626 (Pa. Super. 1995) ..................................................................... 13

*Updyke v. BP Oil Company*,
    717 A.2d 546 (Pa. Super. 1998) ....................................................................... 8

*Von der Heide v. Com., Dep't of Transp.,*
    718 A.2d 286 (Pa. 1998) ................................................................................. 13

*Walters v. UPMC Presbyterian Shadyside,*
    187 A.3d 214 (Pa. 2018) ................................................................................... 7

**Other Authorities**
Restatement (Second) of Torts § 330 ....................................................................... 8

Restatement (Second) of Torts § 342 ....................................................................... 9

Restatement (Second) of Torts § 343 ..................................................................... 10

Restatement (Second) of Torts § 440 ..................................................................... 13

Restatement (Second) of Torts § 448 ..................................................................... 12

**Rules**
Fed. R. Civ. P. 8(a)(2) ............................................................................................. 5

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 5

## I.    INTRODUCTION

This action arises of out of the August 25, 2022 sexual assault of Plaintiff, C.A. on the campus of Villanova University at the hands of Defendant, Elijah Joseph Katzenell ("Katzenell"). The incident occurred after Plaintiff, while under the age of 21, allegedly became intoxicated while attending a party at an off-campus apartment building know as College Hall or "The Courts." The Courts, a privately owned, multi-unit apartment complex, was owned by Defendants, College Hall Associates, LP, and College Hall, GP, LLC (collectively the "College Hall Defendants") and managed by Defendant, Marks & Co., Inc. ("Marks & Co.") at the time of this incident. Plaintiff alleges that, while at the party at The Courts, she imbibed alcoholic beverages served to her by unidentified individuals from within multiple apartments. Upon her return to campus, Plaintiff consumed more alcohol in the dorm room of Defendant Katzenell to the point of rendering her unconscious, at which time Defendant Katzenell sexually assaulted her. Defendants, Juan Eguiguren ("Eguiguren") and Andrew Polun ("Polun") were present in the room at the time of the assault. Defendant Katzenell pled guilty to one (1) criminal count of Sexual Assault.

Plaintiff seeks to impose liability on the College Hall Defendants and Marks & Co. for her illegal intoxication at the Courts, which she claims led to "her being inhibited," leaving her susceptible for the subsequent sexual assault. While the assault against Plaintiff is serious and unfortunate, the College Hall Defendants and Marks & Co. cannot be held liable for the criminal acts of Defendant Katzenell. Owners and managers of multi-unit apartment complexes have no duty to protect an individual from the potential harms of underage drinking that may occur on a property. Further, even if the College Hall Defendants and Marks & Co. owed a duty, they cannot be held responsible for the unforeseeable, independent criminal acts of a third party that occur at a different location after that individual leaves their property. Thus, pursuant to Rule 12(b)(6), the

Second Amended Complaint must be dismissed as to the College Hall Defendants and Marks & Co.

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action by filing a civil action Complaint on August 22, 2024 in the Court of Common Pleas of Philadelphia County, Pennsylvania. On August 23, 2024, Defendant, Villanova University timely removed the case to this Court pursuant to 28 U.S.C. § 1441. (*See* Notice of Removal, Doc. No. 1). On September 11, 2024, Plaintiff filed an Amended Complaint. (*See* Amended Comp., Doc. No. 5). Pursuant to a stipulation agreed to by all parties, Plaintiff filed her Second Amended Complaint on November 12, 2024. (*See* Second Amended Comp., Doc. No. 21).

## III.   STATEMENT OF FACTS

### A.  College Hall or "The Courts".

Located at 801 Montgomery Avenue, Bryn Mawr, Pennsylvania, College Hall Apartments or "The Courts" is an off-campus apartment complex located approximately two (2) miles from Villanova University's campus. In August 2022, The Courts was owned by the College Hall Defendants, and managed by Marks & Co. (Doc. No. 21, ¶¶ 4-9.). The Courts is a privately owned, multi-unit apartment complex, which rents residential apartments primarily to Villanova University students. (*Id.* at ¶¶ 41, 43).

### B.  Plaintiff's Presence at The Courts on the Evening of August 24, 2022.

On the evening of Wednesday, August 24, 2022, Plaintiff, a returning sophomore student at Villanova University, alleges she attended a party at The Courts. (Doc. No. 21, ¶¶ 20, 34.). The Second Amended Complaint alleges the evening of August 24, 2022 was the evening of the first day of classes at Villanova and was known to "some Villanova students" as "sylly night." (*Id.* at

¶¶ 29, 31). The Second Amended Complaint further alleges that Villanova students, including students like Plaintiff who were not of legal age to consume alcohol, would attend both on- and off-campus parties on "sylly night." (*Id.* at ¶¶ 31-32). The Second Amended Complaint alleges Plaintiff arrived at The Courts at approximately 10:00 p.m., where she proceeded to illegally drink alcohol while she was underage. (*Id.* at ¶¶ 54, 61, 65). Plaintiff obtained alcohol in at least one (1) room of an unidentified apartment at The Courts, and she did not pay for said alcohol. (*Id.* at ¶¶ 36, 61-62). Plaintiff alleges she became "highly intoxicated" while at The Courts. (*Id.* at ¶ 65).

### C. On-Campus Sexual Assault Incident.

The Second Amended Complaint alleges Plaintiff and her roommate took an Uber to return to their dormitory in Sheehan Hall on Villanova's campus sometime after midnight on August 25, 2022. (*Id.* at ¶¶ 19, 66). While Plaintiff traveled back to campus, Defendant Katzenell, Plaintiff's acquaintance since her freshman year, invited Plaintiff to his room (202) in the same dormitory where Plaintiff and her roommate resided (Sheehan Hall). (*Id.* at ¶¶ 19, 67-68). When Plaintiff arrived at Defendant Katzenell's dorm room, Defendants Eguiguren (Katzenell's roommate) and Polun were also present. (*Id.* at ¶ 69). The Second Amended Complaint alleges Plaintiff illegally consumed more alcohol while in Defendant Katzenell's dorm room, so much so that she "passed out" there and "does not recall anything until awakening at approximately 2:00 p.m. that day in her dorm room." (*Id.* at ¶¶ 70-71). The Second Amended Complaint further alleges that Defendant Katzenell raped Plaintiff while she was unconscious. (*Id.* at ¶¶ 143-153). Defendants Eguiguren and Polun were also present during this criminal incident, videotaped the incident, and helped to transport Plaintiff after the incident. (*Id.* at ¶¶ 72, 75-78). Defendant Katzenell was arrested for Rape of an Unconscious Victim, and pled guilty to one (1) criminal count of Sexual Assault as a result of this incident. (*Id.* at ¶¶ 73-74).

**D.  Plaintiff's Claims Against the College Hall Defendants and Marks & Co.**

The Second Amended Complaint alleges two (2) counts against Marks & Co. and the College Hall Defendants: (1) Negligence (Count III); and (2) Negligent Infliction of Emotional Distress (Count IV). (*Id.* at ¶¶ 104-131). Plaintiff claims the College Hall Defendants and Marks & Co., as owners and manager of the property, owed her a duty to (1) warn her of the risks of harm on the property, (2) inspect the premises for any known dangers, and (3) keep her safe from the foreseeable dangers and risks of harm on the property. (*Id.* at ¶¶ 124-126). In essence, the Second Amended Complaint alleges the College Hall Defendants and Marks & Co. should have warned Plaintiff that consuming alcohol illegally and becoming intoxicated would cause her to be inhibited and make her susceptible to being sexually assaulted. (*Id.* at ¶¶ 127, 129, 138-139).

## IV.    STATEMENT OF QUESTIONS INVOLVED

1.    Whether this Court should Dismiss Plaintiff's Claims Against Marks & Co. and the College Hall Defendants because Plaintiff cannot establish Marks & Co. and the College Hall Defendants owed an actionable duty to Plaintiff under Pennsylvania law?

**Suggested Answer: Yes**

2.    Whether this Court should Dismiss Plaintiff's Claims Against Marks & Co. and the College Hall Defendants because Plaintiff cannot establish a necessary element of causation, where the criminal acts of Defendants Katzenell were unforeseeable and constitute intervening or superseding acts that break any chain of causation and preclude liability against Marks & Co. and the College Hall Defendants as a matter of law?

**Suggested Answer: Yes**

## V.    ARGUMENT

### A.    Legal Standard

4

Federal Rule of Civil Procedure 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must be dismissed if it does not "contain sufficient factual matter" stating a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Of course, the plaintiff must do more than allege entitlement to relief; she must "show" such an entitlement with facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit has outlined the appropriate methodology for reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6): (1) identify the elements of the claim; (2) review the complaint to strike conclusory allegations; and then (3) look at the well-pleaded components of the complaint and evaluate whether all the elements identified in part one of the inquiry are sufficiently alleged. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), *as amended*, 2011 U.S. App. LEXIS 11457 (3d Cir. Jun. 2, 2011). To survive a motion to dismiss, the complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678. Moreover, while the Court treats well-pleaded factual allegations as true, bare allegations, labels, legal conclusions, and/or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 545.

A district court sitting in diversity must apply state substantive law and federal procedural law. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262 (3d Cir. 2011); *Erie R. Co. v.*

*Tompkins*, 304 U.S. 64, 78 (1938). All facts alleged in the Second Amended Complaint occurred in Pennsylvania. Therefore, Pennsylvania law governs the substantive issues in this case.

>    **B.    Plaintiff Cannot Establish a Claim for Negligence Against The College Hall Defendants and Marks & Co.**

Under Pennsylvania law, the "mere occurrence of an injury does not give rise to an inference that one of the parties involved was negligent." *Markovich v. Bell Helicopter Textron, Inc.,* 805 F.Supp. 1231, 1236 (E.D. Pa.1992) (citing *Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978)). The well-established elements of a Pennsylvania negligence claim require a plaintiff to prove (1) the defendant owed a duty of care to the plaintiff, (2) that duty was breached, (3) the breach caused plaintiff's injuries, and (4) the plaintiff suffered an actual loss or damages. *Merlini ex. Rel. Merlini v. Gallitzin Water Authority*, 980 A.2d 502, 506 (Pa. 2009). The Second Amended Complaint fails to (1) allege an actionable duty under Pennsylvania law or (2) establish proximate cause. Because both duty and causation are necessary to support a viable negligence claim, Plaintiff fails to state a claim as a matter of law against the College Hall Defendants and Marks & Co. as owners and manager of The Courts in August of 2022.

>    1.    The College Hall Defendants and Marks & Co. Owed No Recognizable Duty to Plaintiff Under Pennsylvania Law.

A duty of care is "an obligation to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1222 (Pa. 2002). The concept of duty of care is "rooted in often amorphous public policy considerations" and is ultimately an issue of fairness. *Id.*; *Petrongola v. Comcast-Spectacor, L.P.*, 789 A.2d 204, 210 (Pa. Super. 2001). Whether a defendant owes a duty to the plaintiff is a question of law for the court. *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1366

(3d Cir.1993); *see also Walters v. UPMC Presbyterian Shadyside*, 187 A.3d 214, 221-22 (Pa. 2018).

The existence of a duty of care is "predicated on the relationship between the plaintiff and the defendant," and arises only when a defendant "engages in conduct which foreseeably creates an unreasonable risk of harm" to a particular plaintiff. *Markovich*, 805 F.Supp. at 1236; *Petrongola*, 789 A.2d at 210. Other factors that a court may consider when deciding whether to impose a duty of care upon a defendant include: (1) the social utility of the defendant's conduct; (2) the nature of the risk created by the defendant's conduct; and (3) the consequences of imposing a duty upon the defendant. *Sharpe v. St. Luke's Hosp.*, 821 A.2d 1215, 1219 (Pa. 2003).

As owners and manager of the Courts, the College Hall Defendants and Marks & Co. owed no duty of care to Plaintiff to protect her from the potential harms of underage drinking and/or becoming intoxicated on the property. "There is no Pennsylvania law which makes it incumbent upon landlords to police the activities, legal or otherwise, of their tenants." *Kapres v. Heller*, 612 A.2d 987, 992 (Pa. Super. 1992). Simply owning or managing a property where underage drinking and/or intoxication occurs is insufficient to support liability. "The theoretical possibility that [an owner or landlord] could foresee that some alcohol consumption by minors might occur cannot provide a basis for imposing a duty on them." *Lomuscio v. Cole*, 209 A.3d 658, *7 (Pa. Super. 2022) (Non-precedential decision). Absent a showing the owner or landlord knowingly furnished alcohol to the point of intoxication to a minor, there can be no liability under a theory of social host liability for an owner of a premises. *Kapres*, 612 A.2d at 991-92 (citing *Alumni Assoc. v. Sullivan*, 572 A.2d 1209 (Pa. 1990)). The "knowingly furnished" standard requires actual knowledge on the part of the social host as opposed to imputed knowledge imposed as a result of the relationship between the parties. *Id.* (citing *Sullivan*, 572 A.2d at 1212); *see also Lomuscio*,

209 A.3d at *7 ("Liability for alcohol consumption by minors is limited to persons involved in planning the event where alcohol is served and those who serve or supply the alcohol or purchase of alcohol for minors to drink.").

Plaintiff does not, and cannot, allege the College Hall Defendants and Marks & Co. knowingly furnished alcohol to Plaintiff as a minor physically present at the Courts. Rather, Plaintiff alleges she imbibed alcoholic beverages served to her by unidentified individuals from within multiple apartments at the Courts, without paying any money for said alcohol. (Doc. 21 at ¶¶ 36. 61, 62, 118). The Second Amended Complaint does not aver the College Hall Defendants and Marks & Co. had any involvement in planning the event of "sylly night"; nor does the Second Amended Complaint aver the College Hall Defendants and Marks & Co. had any involvement in purchasing, serving, or supplying alcohol to Plaintiff. Plaintiff's allegations that the College Hall Defendants and Marks & Co. "knew or should have known" its tenants threw parties where alcohol and minors would be present are legally insufficient to create a duty under Pennsylvania law. *See Kapres*, 612 A.2d at 992; *Sullivan*, 572 A.2d at 1212; *Lomuscio*, 209 A.3d at *7.

Further, to the extent Plaintiff attempts to impose a duty on the College Hall Defendants and Marks & Co. to protect her as an invitee or licensee on the property from known dangers, her claim similarly fails. The Second Amended Complaint incorrectly asserts Plaintiff was a "public invitee" at The Courts on "sylly night". (*See* Doc. 21 at ¶ 122). An individual who is privileged to enter or remain on a property by virtue of a possessor's consent is a licensee on the property. *Restatement (Second) of Torts* § 330; *Updyke v. BP Oil Company*, 717 A.2d 546, 549 (Pa. Super. 1998). The Courts is a residential housing property, with individual apartments being rented to mostly Villanova students; it is not a property held open to the public. (*See* Doc. 21 at ¶ 43). Plaintiff, a visitor attending a party on "sylly night," was privileged to remain on The Courts

property by virtue of the consent of the tenants on the property—making her a licensee under Pennsylvania law. *See Davis v. McDowell National Bank*, 180 A.2d 21, 24 (Pa. 1962); *Hackett v. Indian King Residents Assoc.*, 195 A.3d 248, 251 (Pa. Super. 2018).

The Restatement (Second) of Torts § 342 sets forth the basis of imposing liability for harm to a licensee on the property. *Alexander v. City of Meadville*, 61 A.3d 218, 222 (Pa. 2012). Section 342 provides:

> A possessor of land is subject to liability for physical harm caused to licensees by a **condition on the land** if, but only if,
>
> > (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
> >
> > (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
> >
> > (c) the licensees do not know or have reason to know of the condition and the risk involved.

*Restatement (Second) of Torts* § 342 (emphasis added). A "condition on the land" refers to physical defects on a property, and not to conduct or other external forces operating on the land. *Bryan v. Acorn Hotel Inc.*, 931 F.Supp. 394, 396 (E.D. Pa. 1996) (finding shooting on the property was criminal conduct, and not a "condition on the land" on the property).

The College Hall Defendants and Marks & Co. cannot be liable to Plaintiff as a licensee on the property because no **physical** defect or condition on the property caused her harm. The Second Amended Complaint avers the conduct of unidentified individuals at the Courts in serving Plaintiff alcohol despite her being underage, caused her to become intoxicated. (Doc. 21 at ¶¶ 61, 62, 65, 118). This is not a physical defect or condition on the land for which liability can be

imposed. *See Bryan*, 931 F.Supp. at 396. Therefore, the College Hall Defendants and Marks & Co. owed Plaintiff no duty as a licensee on the property.[1]

       2.  <u>As a Matter of Law, the College Hall Defendants and Marks & Co. Cannot be the Proximate Cause of Plaintiff's Harm.</u>

It is axiomatic that, regardless of the theory of liability a plaintiff pursues, it is the plaintiff's burden to affirmatively establish that some act or omission on the part of the defendant was the proximate cause of her injuries. "[T]he mere occurrence of an injury does not prove negligence and . . . even when it is established that the defendant breached some duty of care owed the plaintiff, it is incumbent on a plaintiff to establish a causal connection between defendant's conduct and the plaintiff's injury." *Hamil*, 392 A.2d at 1284.

Indeed, it is equally well established that, to be actionable, the harm that befalls a plaintiff must have been reasonably foreseeable. *See Roche v. Ugly Duckling Car Sales, Inc.*, 879 A.2d 785, 790 (Pa. Super. 2005); *Glick v. Olde Town Lancaster, Inc.*, 535 A.2d 621, 625 (Pa. Super. 1987). Even where a duty to the plaintiff exists and a defendant's conduct is an actual cause of the plaintiff's harm, "[i]t is not sufficient, however, that a negligent act may be viewed, in retrospect, to have been one of the happenings in the series of events leading up to an injury. Even if the requirement of actual causation has been satisfied, there remains the issue of proximate or legal cause." *Brown v. Philadelphia Coll. of Osteopathic Med.*, 760 A.2d 863, 868 (Pa. Super. 2000) (citing *Reilly v. Tiergarten Inc.*, 633 A.2d 208, 210 (Pa. Super. 1993) ("[t]o satisfy the requirement

---

[1] Assuming *arguendo* Plaintiff were an invitee at the Courts as she alleges in the Second Amended Complaint, the College Hall Defendants and Marks & Co. would similarly not owe Plaintiff a duty to protect her from the conduct of underage drinking and resultant intoxication. *See Restatement (Second) of Torts* § 343 ("A possessor of land is subject to liability for physical harm caused to his invitees by a **condition** on the land . . . .") (**emphasis** added).

of causation, the complainant must demonstrate that the breach was both the proximate cause and the actual cause" of the injury)) (citation omitted).

As a matter of law, "[p]roximate cause does not exist where a defendant's negligence was so remote that the defendant cannot be held legally responsible as a matter of law for the harm that resulted to the plaintiff." *Kote v. Bank of New York Mellon for Certificateholders CWABS, Inc., Assetbacked Certificate Series 2006-20*, 169 A.3d 1103, 1111–12 (Pa. Super. 2017) (citing *Brown*, 760 A.2d at 869). Thus, proximate cause must "be determined by the judge and it must be established before the question of actual cause is put to the jury." *Reilly*, 633 A.2d at 210. Accordingly, in any given case, "[t]he question of whether a defendant's negligence was the proximate cause of a plaintiff's harm requires a determination by the court whether, as a matter of law, 'the injury would have been foreseen by an ordinary person as the natural and probable outcome of the act complained of.'" *Kote*, 169 A.3d at 1111 (quoting *Reilly*, 633 A.2d at 210).

In contrast, "[a]t the point in the causal chain when the consequence of the negligent act is no longer **reasonably** foreseeable, 'the passage of time and the span of distance mandate a cut-off point for liability.'" *Brown*, 760 A.2d at 869 (quoting *Bell v. Irace*, 619 A.2d 365, 367 (Pa. Super. 1993)) (emphasis in original). Therefore, "[i]f the court determines from the facts as alleged that it is 'highly extraordinary that the defendant's conduct should have brought about the plaintiff's harm' then the court should refuse to find that the defendant's conduct was the proximate cause of the plaintiff's harm." *Kote*, 169 A.3d at 1111-12 (quoting *Brown*, 760 A.2d at 868); *Caldwell v. Com., PENNDOT*, 548 A.2d 1284, 1286 (Pa. Cmwlth. 1988) (utility company's "duty not to incommode or unreasonably interfere with public use of highways and roads does not extend to vehicles which, under the circumstances here, completely leave the highway out of control due to extraordinary occurrences which are unforeseeable" to the utility).

There can be no dispute that the criminal acts of Defendant Katzenell in sexually assaulting Plaintiff—after she had safely returned to her dormitory on campus and imbibed additional alcohol with Katzenell in his room to the point of intoxication and unconsciousness—were the cause of Plaintiff's harm. Thus, even if the College Hall Defendants and Marks & Co. could be found to owe a duty to prevent or warn of the dangers of underage drinking and intoxication—which they cannot—any asserted causation between Plaintiff's illegal, underage drinking at the Courts— occurring hours before and two (2) miles away from campus—and her ultimate sexual assault that caused her harm is simply too attenuated to impose liability against the College Hall Defendants and Marks & Co. Simply put, Plaintiff's sexual assault occurred "[a]t the point in the causal chain when the consequence of [any alleged negligence] is no longer *reasonably* foreseeable," but rather, beyond which "the passage of time and the span of distance mandate a cut-off point for liability." *Brown*, 760 A.2d at 869. To hold property owners and managers responsible for the harm sustained by visitors after leaving the property and at the hands of a convicted criminal assailant would be bad public policy and far beyond the scope of what is recognized under Pennsylvania law.

Further, if any question remained on the issue of proximate causation, the independent, unrelated criminal acts of Defendant Katzenell amount to intervening acts that affirmatively break the chain of causation against the College Hall Defendants and Marks & Co.

Section 448 of the Restatement (Second) of Torts provides as follows:

> The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

*Kote*, 169 A.3d at 1111. "A superseding cause is an act of a third person or other force which, by its intervention, prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Restatement (Second) of Torts § 440; *Von der Heide v. Com., Dep't of Transp.*, 718 A.2d 286, 288 (Pa. 1998) ("Superseding cause allows the unforeseeable acts of a third party, someone or something other than the plaintiff or the defendant, to supplant the defendant's conduct as the legal cause of the plaintiff's injuries."). "Among the factors to consider in determining whether a subsequent force is an intervening or superseding cause are whether the force is operating independently of any situation created by the first actor's negligence and whether it is a normal result of that situation." *See Trude v. Martin*, 660 A.2d 626, 632 (Pa. Super. 1995) (citing *Chacko v. Commonwealth, Department of Transportation*, 611 A.2d 1346 (Pa. Cmwlth. 1992)).

Assuming the truth of all allegations in Plaintiff's Second Amended Complaint, even if it were generally foreseeable to the College Hall Defendants and Marks & Co. that an underage student such as Plaintiff might attend a party at The Courts and consume alcohol there, the same cannot be said for the subsequent events. Specifically, the College Hall Defendants and Marks & Co. could not foresee that: (1) Plaintiff would be contacted by an acquaintance and, upon her safe return to her on-campus dormitory, visit his room instead of retiring to her own; (2) Plaintiff would consume more alcohol to the point of becoming unconscious after safely returning to her dormitory on Villanova's campus; or (3) Plaintiff's acquaintance and his friends would sexually assault her while she was unconscious in their room. Indeed, the Superior Court recently held that the criminal acts of third parties constituted a "superseding cause unrelated" to any alleged negligence in securing a property. *Kote*, 169 A.3d at 1112. Similarly, here, Defendant Katzenell's criminal acts were "not foreseeable," but were rather "highly extraordinary," and constituted a superseding

13

cause of Plaintiff's claimed damages, wholly unrelated to any alleged negligence in the ownership and/or management of the property. *Id.*

### C.    Plaintiff's Negligent Infliction of Emotional Distress Claims Similarly Fails as a Matter of Law.

Under Pennsylvania law, a plaintiff may only prevail on a claim of negligent infliction of emotional distress if she plausibly pleads any of the following situations: "(1) the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger and reasonably feared impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative." *Runner v. C.R. Bard*, 108 F.Supp. 3d 261, 272 (E.D. Pa. 2015). Further, to establish a viable claim for negligent infliction of emotional distress, a plaintiff must establish a prima facie case of negligence—including a recognizable duty owed to Plaintiff and proximate cause for her injuries. *See Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 45 (Pa. Super. 2000). As discussed in Section B, *supra*, Plaintiff cannot establish a recognizable duty for her negligence claim against the College Hall Defendants and Marks & Co., nor can she establish proximate causation for her damages. Therefore, Plaintiff's claim for negligent infliction of emotional distress in Count IV of the Second Amended Complaint should be dismissed.

### D.    Further Amendment of Plaintiff's Second Amended Complaint Would Be Futile.

Any further amendment to Plaintiff's Second Amended Complaint would be futile, warranting dismissal with prejudice of Plaintiff's claims against the College Hall Defendants and Marks & Co. *See In re New Jersey Title Ins. Litig.*, 683 F.3d 451, 462 (3d Cir. 2012); *Phillips v. Cnty. of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (district court must permit curative amendment, unless amendment would be inequitable or futile). The fundamental flaw underlying Plaintiff's

claims against the College Hall Defendants and Marks & Co., as discussed *supra*, is that as owners and manager of the property, they owed no duty of care to Plaintiff. "Duty is a legal question, rather than a factual one." *See Hall v. United States,* Civil Action No. 2:19-cv-05256-KSM, 2020 WL 3265146, *3 (E.D. Pa. June 17, 2020) (citing *R.W. v. Manzek,* 888 A.2d 740, 746 (Pa. 2005)). While the Court must accept the factual allegations in the complaint as true, "the Court need not accept any conclusions in the complaint regarding the purported duty the [Defendant] owed to [Plaintiff]." *Hall,* 2020 WL at *3.

As in *Hall,* Plaintiff's contention that "a duty of care should exist under the facts of this case has been repeatedly rejected by Pennsylvania courts." *Id.* at *5. There simply is no duty for a property owner or manager to protect a licensee or invitee on its property from the potential harms of underage drinking and intoxication under Pennsylvania law. This is "a legal deficiency, rather than a factual deficiency" making any amendment to Plaintiff's negligence or negligent infliction of emotional distress claims futile. *Id.* at *5 n. 8 (citing *Neave v. Hershey Co.*, No. 1:19-CV-776, 2019 WL 2577304, at *1 (M.D. Pa. June 24, 2019) ("leave to amend would be futile and cause undue delay because [the plaintiff's] complaint is legally rather than factually deficient and thus incurable")); s*ee also Mohn v. United States*, Civil Action No. 23-2653, 2023 WL 8458243, *2 (E.D. Pa. Dec. 6, 2023) (negligence claim dismissed with prejudice because plaintiff could not establish defendant owed plaintiff a duty and as such "amendment would be futile"); *Smith v. Lincoln Ben. Life Co.,* 395 F.App'x 821, 824 (3d. Cir. Sept. 24, 2010) (dismissal with prejudice appropriate where plaintiff could not show amending the complaint would allege new facts or legal arguments to support recovery).

Neither Plaintiff's First nor Second Amended Complaints overcome the basic defect in her claims against the College Hall Defendants and Marks & Co.—that they owed her no duty to

protect her from the potential harms of underage drinking and intoxication that may occur on a property; nor can they be held responsible for the unforeseeable, independent criminal acts of a third party—who was never on their property—that occur at a different location after a person leaves their property. Permitting Plaintiff to again amend and further wordsmith the allegations of her Complaint now—where the lack of duty and causation are abundantly clear on the facts as presently alleged—would potentially expand the scope of liability for any act of violence occurring on a college campus, with no defined limit on that potential liability. Therefore, further amendment would be futile.

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Second Amended Complaint with prejudice as to the College Hall Defendants and Marks & Co. because (1) Plaintiff has not alleged an actionable duty under Pennsylvania law; and (2) even if there was—there was not—the College Hall Defendants and Marks & Co. cannot be the proximate cause of Plaintiff's harm.

<div style="margin-left:50%;">

Respectfully submitted,

**CAMPBELL CONROY & O'NEIL, P.C.**

*/s/ Lynne O. Ingram, Esquire*
Lynne O. Ingram, Esquire (PA 201321)
Kristin E. Shicora, Esquire (PA 311820)
Attorneys for Defendants, College Hall
Associates, LP, College Hall GP, LLC, and
Marks & Co., Inc.

</div>

Date: <u>December 12, 2024</u>

## <u>CERTIFICATE OF SERVICE</u>

I, Lynne O. Ingram, Esquire, do hereby certify that the foregoing ***Motion to Dismiss and Memorandum of Law*** was filed with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania by using the CM/ECF system and served on this 12th day of December 2024 via ECF upon all counsel of record.

By:     */s/ Lynne O. Ingram, Esquire*
        Lynne O. Ingram, Esquire (PA 201321)
        Kristin E. Shicora, Esquire (PA 311820)
        Attorneys for Defendants, College Hall
        Associates, LP, College Hall GP, LLC, and
        Marks & Co., Inc.