**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **C.A.** | : |
| | : |
| | : |
| **v.** | : |
| **VILLANOVA UNIVERSITY; COLLEGE** | : |
| **HALL ASSOCIATES, L.P. d/b/a COLLEGE** | : |
| **HALL APARTMENTS a/k/a "THE** | : |
| **COURTS"; MARKS & COMPANY USA,** | : |
| **INC., d/b/a MARKS & COMPANY; ELIJAH** | : |
| **JOSEPH KATZENELL; JUAN** | : |
| **EGUIGUREN; and ANDREW POLUN** | : |
| _____ | :    **NO. 2:24-CV-04434-KNS** |

**ORDER**

**AND NOW,** this _____ day of _____ , 2025, after

consideration of Defendant, Elijah Katzenell's partial Motion to Dismiss, and any response thereto,

it is **ORDERED** that the Motions are **GRANTED.** Count V of the Second Amended Complaint

is **DISMISSED WITH PREJUDICE**.

**BY THE COURT:**

_____

Hon. Kai N. Scott

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| C.A. | : | |
| | : | |
| v. | : | |
| VILLANOVA UNIVERSITY; COLLEGE | : | |
| HALL ASSOCIATES, L.P. d/b/a COLLEGE | : | |
| HALL APARTMENTS a/k/a "THE | : | |
| COURTS"; MARKS & COMPANY USA, | : | |
| INC., d/b/a MARKS & COMPANY; ELIJAH: | | |
| JOSEPH KATZENELL; JUAN | : | |
| EGUIGUREN; and ANDREW POLUN | : | |
| | : | NO. r |

## DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant, Elijah Katzenell, by and through his attorneys, Goldberg, Miller & Rubin,

P.C., hereby moves this Honorable Court for dismissal of Count V of Plaintiff's Second

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)6. Defendant respectfully

requests this Honorable Court grant the instant Partial Motion to Dismiss Plaintiffs' Second

Amended Complaint in his favor as set forth in the attached Proposed Order for the reasons set

forth in the Defendant's Brief in Support of Partial Motion to Dismiss.

GOLDBERG, MILLER & RUBIN, P.C.

BY:    _/s/ Eamon Merrigan_____
       EAMON MERRIGAN, ESQUIRE
       Pa. Attorney Id. No. 87920
       GOLDBERG, MILLER & RUBIN, P.C.
       The North American Building
       121 South Broad Street
       Suite 1600
       Philadelphia, PA  19107
       (215) 735-3994
       emerrigan@gmrlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **C.A.** : | |
| : | |
| **v.** : | |
| **VILLANOVA UNIVERSITY; COLLEGE** : | |
| **HALL ASSOCIATES, L.P. d/b/a COLLEGE** : | |
| **HALL APARTMENTS a/k/a "THE** : | |
| **COURTS"; MARKS & COMPANY USA,** : | |
| **INC., d/b/a MARKS & COMPANY; ELIJAH**: | |
| **JOSEPH KATZENELL; JUAN** : | |
| **EGUIGUREN; and ANDREW POLUN** : | |
| _____ : | **NO. 2:24-CV-04434-KNS** |

## DEFENDANT ELIJAH JOSEPH KATZENELL'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Elijah Katzenell, by and through his attorneys, Goldberg, Miller & Rubin, P.C., has moved this Honorable Court for dismissal pursuant to Federal Rule of Civil Procedure 12(b)6 and respectfully submits the instant Brief in Support of Partial Motion to Dismiss.

### I.    Procedural History

Plaintiff filed their original Complaint in the Court of Common Pleas of Philadelphia County on August 22, 2024. ECF # 1, Ex. A. Villanova University removed the matter to the Eastern District of Pennsylvania the next day. *Id.* Plaintiff thereafter filed her First Amended Complaint in this Court on September 11, 2024. ECF # 5. Plaintiff filed a Second Amended Complaint ("SAC") on November 12, 2024, pursuant to stipulation amongst the parties that also extended the Defendants' response period to December 12, 2024. ECF # 21.

### II.    Alleged Facts in Second Amended Complaint

In August 2022, Plaintiff was sophomore at Villanova University, residing on campus. ECF # 21 ¶¶ 18-20. The evening following the first day of classes, August 24, 2022 of that academic year, is historically referred to as "sylly night," a reference to "sylly week," a time when "students

review their course syllabi with their professors." *Id.* ¶¶ 29-31. On "sylly night," some students, "including underaged students, attend parties [and] drink alcohol served to them by other students, some of legal age, others not of legal age, causing them to become intoxicated and act in an irrational manner." *Id.* ¶ 32. Plaintiff went to The Courts, an off-campus apartment building that caters to Villanova students, that evening and "imbibed alcoholic beverages served to her from within multiple apartments" despite being under 21 years old at the time. *Id.* ¶¶ 34-36. Plaintiff claims she "became highly intoxicated" while at The Courts. *Id.* ¶¶ 61-65. She returned to her campus residence, Sheehan Hall, sometime after midnight in the company of her roommate. *Id.* ¶ 66. However, Plaintiff did not return to her own room in Sheehan Hall; rather, she went to the room of Katzenell at his invitation, where she imbibed more alcohol. *Id.* ¶ 67. Plaintiff then continued drinking but does not recall the rest of the evening. *Id.* ¶ 71. Per Plaintiff, Katzenell later advised Plaintiff that they had sex. Mr. Katzenell was arrested and ultimately pled guilty to Sexual Assault. *Id.* ¶¶ 72-74. The Second Amended Complaint also lists the charges that were brought against Mr. Katzenell including those that were dismissed (18 Pa.C.S. §3126 §§ A4 and 18 Pa.C.S. § 3126 §§ A1) or withdrawn (18 Pa.C.S. § 3121 §§ A3) in addition to the charge he pled guilty to (18 Pa.C.S. §3124.1). *Id. ¶ 73, see also* Criminal Docket attached as Exhibit A.

Count V of Plaintiff's Second Amended Complaint seeks to bring private causes of action for the criminal charge Mr. Katzenell ultimately pled guilty to and the charges withdrawn or ultimately dismissed. Plaintiff has also brought claims for Assault (Count VI), Battery (Count VII), Intentional Infliction of Emotional Distress (Count VIII), and Negligent Infliction of Emotional Distress. *See Id.*

### III.    Standard of Review

On a motion under Rule 12(b)(6), dismissal is proper if a party alleges facts, which if accepted as true, fail to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order to meet the "facial plausibility" requirement, a plaintiff must plead "factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." Id (emphasis added). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### IV.    Argument
   **a.  Count V must be dismissed as Plaintiff cannot bring private causes of action for the cited statutes.**

An individual cannot maintain a private cause of action for the violation of a statute unless one is expressly provided for in the statute or can be implied. *See* Estate of Witthoeft v. Kiskaddon, 557 Pa. 340, 345, 733 A.2d 623, 626 (1999). "The United States Supreme Court has offered a three-prong analysis to assist in determining whether a private remedy is implicit in a statute not expressly providing one." *Id.* citing Cort v. Ash, 422 U.S. 66, 45 L. Ed. 2d 26, 95 S. Ct. 2080 (1975). The three factors under the Cort decision are:

> first, is the plaintiff 'one of the class for whose *especial* benefit the statute was enacted,' -- that is, does the statute create a … right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?

Courts have time and again held that criminal statutes do not create private causes of action. Graf v. United States Army, No. 1:23-CV-02133, 2024 U.S. Dist. LEXIS 4532, at *7 (M.D. Pa. Jan. 9, 2024) citing Davis v. Warden Lewisburg USP, 594 Fed. Appx. 60, 61 n.3 (3d

Cir. 2015) ("§ 242 is a criminal statute, through which no private cause of action is created.");
Greenblatt v. Klein, 634 Fed. Appx. 66, 69 (3d Cir. 2015) ("Finally, we agree that there is no
private cause of action under 18 U.S.C. § 1001."); Carpenter v. Young, No. Civ.A. 04-927, 2005
U.S. Dist. LEXIS 48374, 2005 WL 1364787, at *7 (E.D. Pa. June 1, 2005) ("[P]laintiff may not
maintain a private cause of action based on violations of criminal provisions of the Bankruptcy
Code [including 18 U.S.C. § 153]."); Pankey v. Webster, 816 F.Supp. 553, 559 (W.D. Missouri
1993) ("18 U.S.C. § 4 defines a criminal offense and does not provide civil complaints with a
private right of action. Thus, plaintiff cannot base a civil cause of action on 18 U.S.C. § 4, and
cannot invoke that statute as a jurisdictional basis for her present complaint." (internal citations
omitted)) (citing Dugar v. Coughlin, 613 F.Supp. 849, 852 n.1 (S.D.N.Y 1985)); Dugar, 613
F.Supp. at 852 n.1 ("Sections 241, 242, and 245 relate to deprivation of civil rights, however
there is no private right of action under any of these statutes."); Risley v. Hawk, 918 F.Supp. 18,
21 (D.D.C. 1996) ("First, 18 U.S.C. [§ 113] define[s] certain acts . . . as criminal offenses. Such
criminal offense provisions do not create a private cause of action.") (citing Lundt v. Hodges,
627 F.Supp. 373, 375 (N.D. Iowa 1985)).

   The statutes Plaintiff references in Count V are collectively attached as Exhibit B. *See*
Exhibit B or *see* 18 Pa.C.S. §3126 §§ A4, 18 Pa.C.S. § 3126 §§ A1, 18 Pa.C.S. § 3121 §§ A3,
and 18 Pa.C.S. §3124.1. None of the statutes expressly reference a private cause of action nor
can an intent to create a private cause of action be implied from the language of the statutes.
Moreover, the statutes are not an integral part of some broader legislative scheme nor are the
statutes intended to create a new right in favor of Plaintiff. Rather, these are relatively
unambiguous statutes, in a long line of others, to criminalize specific forms of violence. The
statutes exist entirely in a vacuum beyond the fact that they are listed with a subchapter of
similar statutes that have also never been held to provide for private rights of action. Count V
should be dismissed with prejudice.

**V.      Conclusion**

Defendant respectfully requests that this Honorable Court grant the present Motion and enter the proposed order.

GOLDBERG, MILLER & RUBIN, P.C.

BY:     */s/ Eamon Merrigan* _____
EAMON MERRIGAN, ESQUIRE
Pa. Attorney Id. No. 87920
GOLDBERG, MILLER & RUBIN, P.C.
The North American Building
121 South Broad Street
Suite 1600
Philadelphia, PA  19107
(215) 735-3994
emerrigan@gmrlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **C.A.** | : | |
| | : | |
| **v.** | : | |
| **VILLANOVA UNIVERSITY; COLLEGE** | : | |
| **HALL ASSOCIATES, L.P. d/b/a COLLEGE** | : | |
| **HALL APARTMENTS a/k/a "THE** | : | |
| **COURTS"; MARKS & COMPANY USA,** | : | |
| **INC., d/b/a MARKS & COMPANY; ELIJAH:** | | |
| **JOSEPH KATZENELL; JUAN** | : | |
| **EGUIGUREN; and ANDREW POLUN** | : | |
| | : | **NO. 2:24-CV-04434-KNS** |

## <u>CERTIFICATE OF SERVICE</u>

I, EAMON MERRIGAN, ESQUIRE, do hereby certify that service of a true and correct

copy of the foregoing Motion Pursuant to Federal Rule of Civil Procedure 12(b) have been

forwarded to all counsel of record via electronic notification.

GOLDBERG, MILLER & RUBIN P.C.

BY: _____/s/_____
          Eamon Merrigan, Esquire
          Attorney for Defendant

# EXHIBIT A

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000137-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Elijah Joseph Katzenell

Page 1 of 6

## CASE INFORMATION

| | |
|---|---|
| Judge Assigned: Brennan, Mary Alice | Date Filed: 01/10/2024        Initiation Date: 08/25/2022 |
| OTN: R 426669-5        LOTN: | Originating Docket No: MJ-32243-CR-0000247-2022 |
| Initial Issuing Authority: Sloan Walker | Final Issuing Authority: Sloan Walker |
| Arresting Agency: Villanova University Police Dept | Arresting Officer: Gownley, Michael |
| Complaint/Citation No.: 2022-001375 | Incident Number: 2022 001375 |
| County: Delaware | Township: Radnor Township |
| Case Local Number Type(s) | Case Local Number(s) |

## STATUS INFORMATION

| Case Status: | Closed | Status Date | Processing Status | Complaint Date: | 08/25/2022 |
|---|---|---|---|---|---|
| | | 09/16/2024 | Sentenced/Penalty Imposed | | |
| | | 09/16/2024 | Awaiting Sentencing | | |
| | | 03/25/2024 | Awaiting Trial | | |
| | | 02/23/2024 | Awaiting Trial Scheduling | | |
| | | 02/21/2024 | Awaiting Pre-Trial Conference | | |
| | | 01/10/2024 | Awaiting Formal Arraignment | | |
| | | 01/10/2024 | Awaiting Filing of Information | | |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 02/21/2024 | 8:00 am | | | Scheduled |
| Pre-Trial Conference | 03/25/2024 | 9:00 am | | Judge Mary Alice Brennan | Scheduled |
| Trial | 05/15/2024 | 9:00 am | | Judge Mary Alice Brennan | Continued |
| Trial | 06/24/2024 | 9:00 am | | Judge Mary Alice Brennan | Continued |
| Trial | 09/16/2024 | 9:00 am | | Judge Mary Alice Brennan | Scheduled |

## DEFENDANT INFORMATION

| Date Of Birth: | 08/02/2002 | City/State/Zip: Clarksburg, MD  20871 |
|---|---|---|

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Katzenell, Elijah Joseph |

## BAIL INFORMATION

**Katzenell, Elijah Joseph**                                                    **Nebbia Status:  None**

| Bail Action | Date | Bail Type | Originating Court | Percentage | Amount |
|---|---|---|---|---|---|
| Set | 12/29/2023 | Unsecured | Magisterial District Court | | $1,000,000.00 |

## CHARGES

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000137-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Elijah Joseph Katzenell

Page 2 of 6

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 1 | 2 | F2 | **18 § 3124.1** | Sexual Assault | 08/25/2022 | R 426669-5 |
| 2 | 3 | M1 | **18 § 3126 §§ A4** | Indecent Assault Person Unconscious | 08/25/2022 | R 426669-5 |
| 3 | 4 | M2 | **18 § 3126 §§ A1** | Indec Asslt-W/O Cons Of Other | 08/25/2022 | R 426669-5 |
| 99,999 | 1 | F1 | **18 § 3121 §§ A3** | Rape Unconscious Victim | 08/25/2022 | R 426669-5 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|------------|------------------|-------------------|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

**Sent to Common Pleas (Lower Court)**    Defendant Was Not Present

| Lower Court Disposition | 01/09/2024 | Not Final | |
|---|---|---|---|
| 1 / Sexual Assault | Sent to Common Pleas (Lower Court) | F2 | 18 § 3124.1 |
| 2 / Indecent Assault Person Unconscious | Sent to Common Pleas (Lower Court) | M1 | 18 § 3126 §§ A4 |
| 3 / Indec Asslt-W/O Cons Of Other | Sent to Common Pleas (Lower Court) | M2 | 18 § 3126 §§ A1 |
| 99,999 / Rape Unconscious Victim | Sent to Common Pleas (Lower Court) | F1 | 18 § 3121 §§ A3 |

**Proceed to Court**    Defendant Was Not Present

| Information Filed | 02/21/2024 | Not Final | |
|---|---|---|---|
| 1 / Sexual Assault | Proceed to Court | F2 | 18 § 3124.1 |
| 2 / Indecent Assault Person Unconscious | Proceed to Court | M1 | 18 § 3126 §§ A4 |
| 3 / Indec Asslt-W/O Cons Of Other | Proceed to Court | M2 | 18 § 3126 §§ A1 |
| 99,999 / Rape Unconscious Victim | Withdrawn | F1 | 18 § 3121 §§ A3 |

**Guilty Plea – Negotiated**

| Trial | 09/16/2024 | Final Disposition | |
|---|---|---|---|
| 1 / Sexual Assault | Guilty Plea – Negotiated | F2 | 18 § 3124.1 |
| Brennan, Mary Alice | 09/16/2024 | | |
| Probation | Max of 7.00 Years | | |
| | Other | | |

Undergo DNA analysis pursuant to 42 Pa.C.S.A. Section 9791 et seq.

Comply with special rules and regulations of Adult Probation and Parole governing sexual offenders.

Register pursuant to 42 Pa.C.S.a. Section 9795.1 and Section 9791 et seq.  Tier 3  Lifetime.

Submit to DNA Testing - Pay Cost

Placed on electronic monitor for 12 months; comply with all program regulations.

Comply with rules and regulations governing Probation and or Parole including sex offenders and EMP.

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000137-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Elijah Joseph Katzenell

Page 3 of 6

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | | Disposition Date | | Final Disposition | |
|---|---|---|---|---|---|
| Sequence/Description | | Offense Disposition | | Grade | Section |
| Sentencing Judge | | Sentence Date | | | Credit For Time Served |
| Sentence/Diversion Program Type | | Incarceration/Diversionary Period | | | Start Date |
| Sentence Conditions | | | | | |

Comply with following directive(s) of Court: First 12 months on House Arrest. Stay away from Villanova University Maintain drug/alcohol treatment as well as mental health treatment. Supervision may transfer to Montgomery County, Maryland if and when accepted.

| | | | | | |
|---|---|---|---|---|---|
| 2 / Indecent Assault Person Unconscious | | Dismissed | | M1 | 18 § 3126 §§ A4 |
| Brennan, Mary Alice | | 09/16/2024 | | | |
| 3 / Indec Asslt-W/O Cons Of Other | | Dismissed | | M2 | 18 § 3126 §§ A1 |
| Brennan, Mary Alice | | 09/16/2024 | | | |
| 99,999 / Rape Unconscious Victim | | Withdrawn | | F1 | 18 § 3121 §§ A3 |
| Brennan, Mary Alice | | 09/16/2024 | | | |

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| Name:  Delaware County District Attorney's Office  District Attorney | Name:  Arthur T. Donato Jr.  Private |
| Supreme Court No: | Supreme Court No:  031666 |
| Phone Number(s): | Rep. Status:  Active |
| 610-891-4168      (Phone) | Phone Number(s): |
| Address: | 610-565-4747      (Phone) |
| Delaware County Courthouse  201 West Front Street  Media, PA  19063 | Address:  Law Ofc Arthur Thomas Donato Jr.  216 W Front St 2nd Fl  Media, PA  19063-3101 |
| | Representing: Katzenell, Elijah Joseph |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 12/29/2023 | | Mattox, Christopher R. |
| Bail Set - Katzenell, Elijah Joseph | | | |
| 1 | 01/10/2024 | | Court of Common Pleas - Delaware County |
| Original Papers Received from Lower Court | | | |
| 2 | 02/21/2024 | | Stollsteimer, Jack |
| Information Filed | | | |

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000137-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Elijah Joseph Katzenell

Page 4 of 6

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 02/21/2024 | | Donato, Arthur T. Jr. |
| Entry of Appearance | | | |
| 4 | 02/21/2024 | | Donato, Arthur T. Jr. |
| | | | Katzenell, Elijah Joseph |
| Appearance and Waiver of Arraignment | | | |
| 2 | 03/25/2024 | | Katzenell, Elijah Joseph |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 3 | 03/25/2024 | | Brennan, Mary Alice |
| Criminal Notice Form Filed: Trial/Status 05/15/24 @9 CRTRM 5, Judge Brennan | | | |
| 3 | 05/15/2024 | | Katzenell, Elijah Joseph |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 4 | 05/15/2024 | | Brennan, Mary Alice |
| Criminal Notice Form Filed; Trial 06/24/24 @9 Crtrm 5, Judge Brennan | | | |
| 1 | 05/16/2024 | | Brennan, Mary Alice |
| Criminal Notice Form Filed; Trial/Status 06/24/24 @9 CRTRM 5 Judge Brennan | | | |
| 2 | 05/16/2024 | | Katzenell, Elijah Joseph |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 1 | 06/24/2024 | | Katzenell, Elijah Joseph |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 2 | 06/24/2024 | | Brennan, Mary Alice |
| Criminal Notice Form Filed; Trial/Status 09/16/24 @9 CRTRM 5, Judge Brennan | | | |
| 1 | 09/16/2024 | | Brennan, Mary Alice |
| Guilty Plea - Negotiated | | | |
| 2 | 09/16/2024 | | Katzenell, Elijah Joseph |
| Guilty Plea Statement Filed | | | |
| 3 | 09/16/2024 | | Katzenell, Elijah Joseph |
| Statement of Post-Sentence Rights Filed | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000137-2024**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Elijah Joseph Katzenell

Page 5 of 6

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 09/16/2024 | | Brennan, Mary Alice |
| Addendum to Guilty Plea Statement Sexually Violent Offenders: 42Pa.C.S. 9791, Et Seq. | | | |
| 5 | 09/16/2024 | | Brennan, Mary Alice |
| General Rules, Regulations and Conditions Governing Adult Probation/Parole | | | |
| 6 | 09/16/2024 | | Brennan, Mary Alice |
| EHM-General Rules, Regulations and Conditions Governing Adult Probation/Parole | | | |
| 7 | 09/16/2024 | | Brennan, Mary Alice |
| Special-General Rules, Regulations and Conditions Governing Sex Offender on Adult Probation/Parole | | | |
| 8 | 09/16/2024 | | Brennan, Mary Alice |
| Order - Sentence/Penalty Imposed | | | |
| 1 | 09/30/2024 | | Brennan, Mary Alice |
| Guideline Sentence Form - Regular | | | |
| 2 | 09/30/2024 | | Court of Common Pleas - Delaware County |
| Entry of Civil Judgment | | | |
| 1 | 12/01/2024 | | Unknown Filer |
| Praecipe to Satisfy Judgment | | | |

CPCMS 9082

Printed: 12/30/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0000137-2024**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Elijah Joseph Katzenell

Page 6 of 6

## CASE FINANCIAL INFORMATION

Last Payment Date:  12/10/2024                    Total of Last Payment:  -$28.00

**Katzenell, Elijah Joseph**
Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Balance |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| ATJ | $6.00 | ($6.00) | $0.00 | $0.00 | $0.00 |
| CJES | $2.50 | ($2.50) | $0.00 | $0.00 | $0.00 |
| Clerk of Courts - Felony (Delaware) | $241.00 | ($241.00) | $0.00 | $0.00 | $0.00 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $25.90 | ($25.90) | $0.00 | $0.00 | $0.00 |
| Costs of Prosecution - CJEA | $50.00 | ($50.00) | $0.00 | $0.00 | $0.00 |
| County Court Cost (Act 204 of 1976) | $37.80 | ($37.80) | $0.00 | $0.00 | $0.00 |
| Crime Victim Services and Compensation (Act 77 of | $60.00 | ($60.00) | $0.00 | $0.00 | $0.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | ($250.00) | $0.00 | $0.00 | $0.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | ($10.00) | $0.00 | $0.00 | $0.00 |
| Firearm Education and Training Fund | $5.00 | ($5.00) | $0.00 | $0.00 | $0.00 |
| JCPS | $21.25 | ($21.25) | $0.00 | $0.00 | $0.00 |
| Judicial Computer Project | $8.00 | ($8.00) | $0.00 | $0.00 | $0.00 |
| OAG - JCP | $2.50 | ($2.50) | $0.00 | $0.00 | $0.00 |
| State Court Costs (Act 204 of 1976) | $17.30 | ($17.30) | $0.00 | $0.00 | $0.00 |
| Automation OJS Fee (Delaware) | $5.00 | ($5.00) | $0.00 | $0.00 | $0.00 |
| District Attorney (Delaware) | $55.00 | ($55.00) | $0.00 | $0.00 | $0.00 |
| Sheriff (Delaware) | $40.00 | ($40.00) | $0.00 | $0.00 | $0.00 |
| OSP (Delaware) (Act 77 of 2022) | $3,360.00 | ($3,360.00) | $0.00 | $0.00 | $0.00 |
| Photocopy Fee (Delaware) | $28.00 | ($28.00) | $0.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $4,225.25 | ($4,225.25) | $0.00 | $0.00 | $0.00 |
| Grand Totals: | $4,225.25 | ($4,225.25) | $0.00 | $0.00 | $0.00 |

** - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# EXHIBIT B

## *18 Pa.C.S. § 3126*

Pa.C.S. documents are current through 2024 Regular Session Act 151; P.S. documents are current through 2024 Regular Session Act 151

*Pennsylvania Statutes, Annotated by LexisNexis® > Pennsylvania Consolidated Statutes (§§ 101 — 9901) > Title 18. Crimes and Offenses (Pts. I — III) > Part II. Definition of Specific Offenses (Arts. A — G) > Article B. Offenses Involving Danger to the Person (Chs. 23 — 32) > Chapter 31. Sexual Offenses (Subchs. A — C) > Subchapter B. Definition of Offenses (§§ 3121 — 3133)*

## § 3126. Indecent assault.

**(a) Offense defined. —** A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring;

(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders the complainant incapable of consent;

(7) the complainant is less than 13 years of age; or

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

**(b) Grading. —** Indecent assault shall be graded as follows:

(1) An offense under subsection (a)(1) or (8) is a misdemeanor of the second degree.

(2) An offense under subsection (a)(2), (3), (4), (5) or (6) is a misdemeanor of the first degree.

(3) An offense under subsection (a)(7) is a misdemeanor of the first degree unless any of the following apply, in which case it is a felony of the third degree:

(i) It is a second or subsequent offense.

(ii) There has been a course of conduct of indecent assault by the person.

(iii) The indecent assault was committed by touching the complainant's sexual or intimate parts with sexual or intimate parts of the person.

(iv) The indecent assault is committed by touching the person's sexual or intimate parts with the complainant's sexual or intimate parts.

§ 3126. Indecent assault.

## History

Act 1972-334 (S.B. 455), P.L. 1482, § 1, approved Dec. 6, 1972, eff. in 6 months; Act 1976-53 (H.B. 580), P.L. 120, § 1, approved May 18, 1976, eff. in 30 days; *Act 1990-4* (H.B. 1120), P.L. 6, § 6, approved Feb. 2, 1990, eff. in 60 days; Act 1995 Special Session-10 (S.B. 2), P.L. 985, § 9, approved Mar. 31, 1995, See section of this act for effective date information; *Act 2005-76* (H.B. 1400), P.L. 412, § 1, approved Nov. 23, 2005, eff. in 60 days.

Pennsylvania Statutes, Annotated by LexisNexis®
Copyright © 2024 All rights reserved.

**End of Document**

## *18 Pa.C.S. § 3121*

Pa.C.S. documents are current through 2024 Regular Session Act 151; P.S. documents are current through 2024 Regular Session Act 151

***Pennsylvania Statutes, Annotated by LexisNexis® > Pennsylvania Consolidated Statutes (§§ 101 — 9901) > Title 18. Crimes and Offenses (Pts. I — III) > Part II. Definition of Specific Offenses (Arts. A — G) > Article B. Offenses Involving Danger to the Person (Chs. 23 — 32) > Chapter 31. Sexual Offenses (Subchs. A — C) > Subchapter B. Definition of Offenses (§§ 3121 — 3133)***

## § 3121. Rape.

**(a) Offense defined. —** A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:

**(1)** By forcible compulsion.

**(2)** By threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

**(3)** Who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring.

**(4)** Where the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance.

**(5)** Who suffers from a mental disability which renders the complainant incapable of consent.

**(6)** (Deleted by amendment).

**(b) Additional penalties. —** In addition to the penalty provided for by subsection (a), a person may be sentenced to an additional term not to exceed ten years' confinement and an additional amount not to exceed $ 100,000 where the person engages in sexual intercourse with a complainant and has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, any substance for the purpose of preventing resistance through the inducement of euphoria, memory loss and any other effect of this substance.

**(c) Rape of a child. —** A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age.

**(d) Rape of a child with serious bodily injury. —** A person commits the offense of rape of a child resulting in serious bodily injury, a felony of the first degree, when the person violates this section and the complainant is under 13 years of age and suffers serious bodily injury in the course of the offense.

**(e) Sentences. —** Notwithstanding the provisions of section 1103 (relating to sentence of imprisonment for felony), a person convicted of an offense under:

**(1)** Subsection (c) shall be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years.

**(2)** Subsection (d) shall be sentenced up to a maximum term of life imprisonment.

## History

§ 3121. Rape.

Act 1972-334 (S.B. 455), P.L. 1482, § 1, approved Dec. 6, 1972, eff. in 6 months; Act 1984-230 (H.B. 281), P.L. 1210, § 1, approved Dec. 21, 1984, eff. in 60 days; Act 1995 Special Session-10 (S.B. 2), P.L. 985, § 3, approved Mar. 31, 1995, See section of this act for effective date information; *Act 1997-65* (H.B. 1125), P.L. 621, § 2, approved Dec. 19, 1997, eff. in 60 days; *Act 2002-162* (H.B. 976), P.L. 1350, § 2, approved Dec. 9, 2002, eff. in 60 days; *Act 2002-226* (S.B. 1402), P.L. 1953, § 1.1, approved Dec. 16, 2002, eff. in 60 days.

Pennsylvania Statutes, Annotated by LexisNexis®
Copyright © 2024 All rights reserved.

**End of Document**

### *18 Pa.C.S. § 3124.1*

Pa.C.S. documents are current through 2024 Regular Session Act 151; P.S. documents are current through 2024 Regular Session Act 151

***Pennsylvania Statutes, Annotated by LexisNexis® > Pennsylvania Consolidated Statutes (§§ 101 — 9901) > Title 18. Crimes and Offenses (Pts. I — III) > Part II. Definition of Specific Offenses (Arts. A — G) > Article B. Offenses Involving Danger to the Person (Chs. 23 — 32) > Chapter 31. Sexual Offenses (Subchs. A — C) > Subchapter B. Definition of Offenses (§§ 3121 — 3133)***

## § 3124.1. Sexual assault.

Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

## History

Act 1995 Special Session-10 (S.B. 2), P.L. 985, § 8, approved Mar. 31, 1995, See section of this act for effective date information.

Pennsylvania Statutes, Annotated by LexisNexis®
Copyright © 2024 All rights reserved.

**End of Document**