## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.A.,<br><br>                Plaintiff,<br><br>        v.<br><br>VILLANOVA UNIVERSITY; COLLEGE<br>HALL ASSOCIATES, d/b/a COLLEGE<br>HALL APARTMENTS, a/k/a "THE<br>COURTS";COLLEGE HALL GP, LLC,<br>d/b/a COLLEGE HALL APARTMENTS,<br>a/k/a "THE COURTS"; MARKS & CO.,<br>INC., d/b/a MARKS & COMPANY; ELIJAH<br>JOSEPH KATZENELL; JUAN<br>EGUIGUREN; and ANDREW POLUN,<br><br>                Defendants. | **CIVIL ACTION**<br><br>**CASE NO: 2:24-cv-04434-KNS** |

**AND NOW**, this _____ day of _____,

2025, upon consideration of Defendant Juan Eguiguren's Motion to Dismiss Plaintiff's Second

Amended Complaint for Failure to State a Claim, and any response thereto, it is hereby

**ORDERED** that the Motion is **GRANTED**. The Second Amended Complaint is **DISMISSED**

**WITH PREJUDICE** as to Defendant Juan Eguiguren.

                                        **BY THE COURT:**


                                        _____

                                        Hon. Kai N. Scott

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| C.A.,<br><br>           Plaintiff,<br><br>   v.<br><br>VILLANOVA UNIVERSITY; COLLEGE HALL ASSOCIATES, d/b/a COLLEGE HALL APARTMENTS, a/k/a "THE COURTS";COLLEGE HALL GP, LLC, d/b/a COLLEGE HALL APARTMENTS, a/k/a "THE COURTS"; MARKS & CO., INC., d/b/a MARKS & COMPANY; ELIJAH JOSEPH KATZENELL; JUAN EGUIGUREN; and ANDREW POLUN,<br><br>           Defendants. | **CIVIL ACTION**<br><br>**CASE NO: 2:24-cv-04434-KNS** |

## <u>DEFENDANT JUAN EGUIGUREN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

For the reasons set forth in the Memorandum of Law filed concurrently with this Motion, Defendant Juan Eguiguren moves to dismiss Plaintiff C.A.'s Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Oral argument on the instant Motion to Dismiss is requested.

Respectfully submitted,

**MAUTE LAW LLC**

*/s/ Douglas C. Maute, Esquire*
Douglas C. Maute, Esquire (PA 306615)
Attorney for Defendant, Juan Eguiguren

Date: January 10, 2025

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| C.A.,<br><br>              Plaintiff,<br><br>    v.<br><br>VILLANOVA UNIVERSITY; COLLEGE HALL ASSOCIATES, d/b/a COLLEGE HALL APARTMENTS, a/k/a "THE COURTS";COLLEGE HALL GP, LLC, d/b/a COLLEGE HALL APARTMENTS, a/k/a "THE COURTS"; MARKS & CO., INC., d/b/a MARKS & COMPANY; ELIJAH JOSEPH KATZENELL; JUAN EGUIGUREN; and ANDREW POLUN,<br><br>           Defendants. | CIVIL ACTION<br><br>CASE NO: 2:24-cv-04434-KNS |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JUAN EGUIGUREN'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**</u>

# TABLE OF CONTENTS

I.      INTRODUCTION ……………………………………………………….....1

II.     PROCEDURAL HISTORY……………………………………………….…2

III.    STATEMENT OF FACTS ALLEGED IN SECOND AMENDED COMPLAINT………..2

IV.     STATEMENT OF QUESTIONS INVOLVED…………………………………….....3

V.      ARGUMENT………………………………...…………………………………4

        A.  Legal Standard………………………………...………………………………4

        B.  Plaintiff Cannot Establish a Claim of Negligence Against Defendant
            Eguiguren Absent a Duty Owed…………………...…………………………………5

                a.  Defendant Eguiguren Owed No Recognizable Duty to Plaintiff to Protect
                    as No "Special Relationship" Existed and Pennsylvania Does Not
                    Recognize a General Duty to Rescue…………………………………….………6

                b.  Defendant Eguiguren Owed No Recognizable Pre-Existing Duty to
                    Control Defendant Katzenell to Prevent a Criminal Act……………..……..…9

                c.  Defendant Eguiguren Was Not 21 Years Old Such That He Owed No
                    Duty Regarding Furnishing Alcohol and Social Host Liability Does
                    Not Apply……………………………………...…………………………………9

                d.  Defendant Eguiguren Owed No Recognizable Duty to Refrain from
                    Video Recording a Crime, Any Invasion of Privacy Claim is Time-Barred,
                    and No Wiretap Act Violation Occurred…………………………………..10

                e.  Plaintiff's Overbroad Averments of "Negligence" against Defendant
                    Eguiguren Do Not State Duties owed to Plaintiff…………………………..…12

        C.  Plaintiff Cannot Establish a Claim of Civil Conspiracy Against Defendant
            Eguiguren Absent Malice, Intent to Injure, Overt Act, and Scheme………………...13

        D.  Further Amendment of Plaintiff's Second Amended Complaint Would Be Futile…14

VI.     CONCLUSION……..……………………………………………………………16

# TABLE OF AUTHORITIES

**Cases**

*Albertson v. Millard,*
  345 U.S. 242 (1953)……………………………………………………………………11

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)……………………………………………………………………4

*Atcovitz v. Gulph Mills Tennis Club, Inc.,*
  812 A.2d 1218 (Pa. 2002)……………………………………………………………5

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)……………………………………………………………………4

*Brisbine v. Outside In School of Experiential Educ., Inc.,*
  799 A.2d 89 (Pa. Super. 2002) *appeal denied*, 816 A.2d 1101 (Pa. 2003)……………………9

*Brown v. Blaine,*
  833 A.2d 1166 (Pa. Commw. Ct. 2003)……………………………………………13

*Burnside v. Abbot Lab.,*
  505 A.2d 873 (Pa. Super. 1985) ……………………………………………………13

*Com. v. Spence,*
  91 A.3d 44 (Pa. 2014) ………………………...…………………………………………11

*Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.,*
  885 A.2d 1127 (Pa. Commw. Ct. 2005)…………….………………………………13

*Elbasher v. Simco Sales Service of Pennsylvania,*
  657 A.2d 983 (Pa. Super. 1995) ……………………………………………………9

*Erie R. Co. v. Tompkins,*
  304 U.S. 64 (1938) ……………………………………………………………………5

*Feld v. Merriam,*
  485 A.2d 742 (Pa. 1984) ………………………………..…,,,,,,,,,.……………………9

*Fowler v. UPMC Shadyside,*
  578 F.3d 203 (3d Cir. 2009) ………………………………,,,,,,,,,.…………………10

*Goodwin v. Moyer,*
  549 F. Supp. 2d 621 (M.D. Pa. 2006). ……………….…………………,,,,,,,,,,.……..…4

*Hamil v. Bashline,*
    392 A.2d 1280 (Pa. 1978) …………………………………………….…………….5

*In re Asbestos Sch. Litig.,*
    46 F.3d 1284 (3d Cir. 1994). ……………………………………,,,,,,,,,.…….…….13

*In re New Jersey Title Ins. Litig.,*
     683 F.3d 451 (3d Cir. 2012) ………………..………………….,,,,,,,,,.……………14

*Kapres v. Heller,*
    640 A.2d 888 (Pa. 1994) ………………….………….,,,,,,,,,.…………………….9

*Kleinknecht v. Gettysburg Coll.,*
    989 F.2d 1360 (3d Cir.1993) ………………………………,,,,,,,,,.………………5, 14

*Liggon-Redding v. Estate of Sugarman,*
    659 F.3d 258  (3d Cir. 2011)… ………………………………..……………………5

*Malleus v. George,*
     641 F.3d 560 (3d Cir. 2011), *as amended*, 2011 U.S. App.
     LEXIS 11457 (3d Cir. Jun. 2, 2011). ………………………………,,,,,,,,,.………………4

*Markovich v. Bell Helicopter Textron, Inc.,*
    805 F.Supp. 1231 (E.D. Pa.1992) …………………………………….……………5

*Maxwell v. Keas,*
    639 A.2d 1215 (Pa. Super. 1994) ………………….………………,,,,,,,,,.…………6

*Merlini ex. Rel. Merlini v. Gallitzin Water Authority,*
    980 A.2d 502 (Pa. 2009) ……………………………………….……………5, 12

*N. Penn Towns, LP v. Concert Golf Partners, LLC,*
    554 F. Supp. 3d 665 (E.D. Pa. 2021). …………….……………………,,,,,,,,,.…….13

*Pennsylvania State Police v. Grove,*
    161 A.3d 877  (Pa. 2017) ………………………………,,,,,,,,,.………………11,12

*Petrongola v. ComcastSpectacor, L.P.,*
     789 A.2d 204  (Pa. Super. 2001) ………………………………...…………………5

*Phillips v. Cnty. of Allegheny,*
    515 F.3d 224 (3d Cir. 2008) ……………………………………,,,,,,,,,.………………14

*Pro Golf Mfg. v. Tribune Review Newspaper Co.,*
    809 A.2d 243 (Pa. 2002).  …………………………………,,,,,,,,,.……………..……10

*Sarpolis v. Tereshko,*
   625 F. App'x 594 (3d Cir. 2016) ……………………………………,,,,,,,,,,,.……………13

*Sharpe v. St. Luke's Hosp*.,
   821 A.2d 1215 (Pa. 2003) ……………………………………,,,,,,,,,,.……………………6

*Smith v. Lincoln Ben. Life Co.,*
   395 F.App'x 821 (3d. Cir. Sept. 24, 2010) ………………………..…………………14,15

*T.A. v. Allen,*
   669 A.2d 360 (Pa. Super. 1995) ……………………………,,,,,,,,,,.……………………6, 7

*Thompson Coal Co. v. Pike Coal Co.,*
   412 A.2d 466 (Pa. 1979) …………………………………,,,,,,,,,,.……………………13

*Walters v. UPMC Presbyterian Shadyside,*
   187 A.3d 214 (Pa. 2018) ……………..…………………..……………………………5

*Wenrick v. Schloemann-Siemag Aktiengesellschaft,*
   564 A.2d 1244 (Pa. 1989) …………………………………………………………6, 8

**Statutes**

42 Pa.C.S. § 5523(1) …………………………………,,,,,,,,,,.……………………10

18 Pa.C.S. §§ 5701–5782 ……………………..…………,,,,,,,,,,.……………………11

18 Pa.C.S.A. § 5704(17),,.…………………………………,,,,,,,,,,.……………………12

18 Pa.C.S.A. § 5702 ……………………………..…………,,,,,,,,,,.……………………12

18 Pa.C.S.A. § 5717(b) …………………………………,,,,,,,,,,.……………………12

**Other Authorities**

"An Act amending Title 18 (Crimes and Offenses) of the Pa. C. S., . . . providing for the
   offense of failure to provide reasonable assistance to persons subject to grave
   physical harm," GA of Pa., S. Bill 1033, (2022)…..………………..……………………..……8

Restatement (Second) of Torts § 314…………..………………………,,,,,,,,,,.……………6, 8

Restatement (Second) of Torts § 314A …………..……………………,,,,,,,,,,.……………7

Restatement (Second) of Torts § 315……………..……………………,,,,,,,,,,.……6, 7, 8, 9

iv.

Restatement (Second) of Torts § 316……………….……………………,,,,,,,,,.……………….……9

Restatement (Second) of Torts § 317……………….……………………,,,,,,,,,.……………….……9

Restatement (Second) of Torts § 318……………….……………………,,,.……………….……9

Restatement (Second) of Torts § 319……………….……………………,,,,,,,,,,,.……………….……9

Senate Co-Sponsorship Memo by Sen. James R. Brewster (Oct. 10, 2021)……….………………7

**Rules**

Federal Rule of Civil Procedure 8(a)(2) …………….………………..,,,,.…………………….4

Federal Rule of Civil Procedure 12(b)(6) …………….…..…………………………,,,,,,,,,,.…4

## I.    INTRODUCTION

This action arises of out of the August 25, 2022 sexual assault of Plaintiff C.A. by Defendant Elijah Joseph Katzenell ("Katzenell") after Plaintiff became unconscious from underage drinking.  The sexual assault occurred in Katzenell's dorm room in Sheehan Hall at Villanova University, where Plaintiff arrived at Katzenell's invitation.  Plaintiff seeks to impose liability upon Katzenell's college roommate of only a few days, Juan Eguiguren ("Eguiguren"), who was present in their dorm room, along with Defendant Andrew Polun ("Polun"). Defendant Eguiguren captured video of the assault on his cell phone and supplied it to law enforcement. Defendant Katzenell has since pled guilty to one (1) criminal count of Sexual Assault.

Despite the seriousness of the assault, Defendant Eguiguren cannot be held liable for the criminal act of Defendant Katzenell. Defendant Eguiguren had no affirmative duty to protect or rescue Plaintiff or to control Katzenell.  Due to his age, there is no legally recognizable claim against Defendant Eguiguren for negligent furnishing of alcohol or social host liability.

Plaintiff avers that Defendant Eguiguren is negligent for the video recording. However, Plaintiff has not articulated any recognizable duty owed in that regard.  Notably, Plaintiff did not file the instant lawsuit within the one-year statute of limitations for an invasion of privacy claim. Also, Plaintiff did not plead a Wiretap Act violation, but to do so is futile because no oral communication by Plaintiff is alleged to have been intercepted and cell phones cannot "intercept" under the Act.

Plaintiff seeks to impose liability upon Defendants Eguiguren and Katzenell for civil conspiracy.  Plaintiff had not detailed malice, intent to injure, overt act or conspiratorial scheme. Rather, that conspiracy is based on a non-existent duty to protect Plaintiff from crime. Thus, pursuant to Rule 12(b)(6), the Second Amended Complaint must be dismissed as to Defendant Eguiguren.

## II.    PROCEDURAL HISTORY

Plaintiff filed a civil action Complaint on August 22, 2024 in the Court of Common Pleas of Philadelphia County, Pennsylvania. (*See* Comp., Doc. No. 1-3 ). On August 23, 2024, Defendant, Villanova University timely removed the case to this Court pursuant to 28 U.S.C. § 1441. (*See* Notice of Removal, Doc. No. 1). On September 11, 2024, Plaintiff filed an Amended Complaint. (*See* Amended Comp., Doc. No. 5). Pursuant to a stipulation agreed to by all parties, Plaintiff filed her Second Amended Complaint on November 12, 2024. (*See* Second Amended Comp., Doc. No. 21). Pursuant to stipulation amongst the parties, Defendant Eguiguren's response period was extended to January 10, 2025. (*See* Stipulation, Doc. No. 43).

## III.    STATEMENT OF FACTS ALLEGED IN SECOND AMENDED COMPLAINT

Juan Eguiguren is a college student at Defendant Villanova University. (*See* Second Amended Comp., Doc. No. 21 at ¶¶ 11). For the 2022-2023 academic year, Defendant Eguiguren shared dorm room 202 of Sheenan Hall on the Villanova campus with Defendant Katzenell. (*Id.* at ¶¶ 69). Plaintiff resided in Sheehan Hall and knew Katzenell from the prior year. (*Id.* at ¶¶ 68).

Classes started Wednesday, August 24, 2022. (*Id.* at ¶¶ 29). That evening, Plaintiff drank alcohol off-campus and became intoxicated. (*Id.* at ¶¶ 36, 54, 65, 779). Plaintiff and her roommate took an Uber back to Sheehan Hall in the early hours of Thursday, August 25, 2022. (*Id.* at ¶¶ 19; 66). Enroute, Defendant Katzenell invited Plaintiff to his room via text message. (*Id.* at ¶¶ 67).

When Plaintiff arrived at the room, Defendant Katzenell, Defendant Eguiguren (his roommate), and Defendant Polun were present. (*Id.* at ¶¶ 69; 178). Plaintiff imbibed alcohol, became unconscious, and "passed out." (*Id.* at ¶¶ 70, 71, 180, 181). Defendant Katzenell had sexual intercourse with Plaintiff. (*Id.* at ¶¶ 72). Defendant Eguiguren recorded a video on his cell phone (*Id.* at ¶¶ 75). Defendant Polun is present in the video. (*Id.* at ¶¶ 76). Defendants Katzenell, Polun,

2

and Eguiguren assisted Plaintiff to the bathroom and Defendant Eguiguren contacted her roommate. (*Id.* at ¶¶ 77).

Plaintiff woke in her dorm room and spoke to Defendant Katzenell, who admitted to having sexual intercourse with her. (*Id.* at ¶¶ 71; 72). Defendant Eguiguren allowed law enforcement to search of his cell phone for video evidence. (*Id.* at ¶¶ 75). Defendant Katzenell was arrested and plead guilty to sexual assault. (*Id.* at ¶¶ 73; 74).

The Second Amended Complaint alleges two (2) counts against Defendant Eguiguren: (1) Negligence (Count XII); and (2) Civil Conspiracy (Count XI) (*Id.* at ¶¶ 175-196). Plaintiff claims Defendant Eguiguren failed to take any action to prevent Defendant Katzenell from committing crimes against her. (*Id.* at ¶¶ 185-186 (duplicative paragraphs)). Plaintiff claims Defendant Eguiguren facilitated underage alcohol use and intoxication and an unsafe environment. (*Id.* at ¶¶ 192). Plaintiff claims Defendant Eguiguren video recorded and shared video-recordings of sexual assault. (*Id.* at ¶¶ 192). Plaintiff claims Defendant Eguiguren conspired with Defendant Katzenell to sexually assault Plaintiff by failing to prevent the crime. (*Id.* at ¶¶ 175-190).

## IV.    STATEMENT OF QUESTIONS INVOLVED

1.    Whether this Court should Dismiss Plaintiff's Negligence Claim Against Defendant Juan Eguiguren because Plaintiff cannot establish that he owed an actionable duty to Plaintiff under Pennsylvania law?

**Suggested Answer: Yes**

2.    Whether this Court should Dismiss Plaintiff's Civil Conspiracy Claim Against Defendant Juan Eguiguren because Plaintiff cannot establish a claim under Pennsylvania law without malice, intent to injury, common purpose, scheme, or overt act ?

**Suggested Answer: Yes**

## V.    ARGUMENT

### A.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must be dismissed if it does not "contain sufficient factual matter" stating a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Of course, the plaintiff must do more than allege entitlement to relief; she must "show" such an entitlement with facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit has outlined the appropriate methodology for reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6): (1) identify the elements of the claim; (2) review the complaint to strike conclusory allegations; and then (3) look at the well-pleaded components of the complaint and evaluate whether all the elements identified in part one of the inquiry are sufficiently alleged. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), *as amended*, 2011 U.S. App. LEXIS 11457 (3d Cir. Jun. 2, 2011). To survive a motion to dismiss, the complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678. Moreover, while the Court treats well-pleaded factual allegations as true, bare allegations, labels, legal conclusions, and/or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 545.

A district court sitting in diversity must apply state substantive law and federal procedural

law. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262 (3d Cir. 2011); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). All facts alleged in the Second Amended Complaint occurred in Pennsylvania. Therefore, Pennsylvania law governs the substantive issues in this case.

### B. Plaintiff Cannot Establish a Claim of Negligence Against Defendant Eguiguren Absent a Duty Owed.

Under Pennsylvania law, the "mere occurrence of an injury does not give rise to an inference that one of the parties involved was negligent." *Markovich v. Bell Helicopter Textron, Inc.,* 805 F.Supp. 1231, 1236 (E.D. Pa.1992) (citing *Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978)). The well-established elements of a Pennsylvania negligence claim require a plaintiff to prove (1) the defendant owed a duty of care to the plaintiff, (2) that duty was breached, (3) the breach caused plaintiff's injuries, and (4) the plaintiff suffered an actual loss or damages. *Merlini ex. Rel. Merlini v. Gallitzin Water Authority*, 980 A.2d 502, 506 (Pa. 2009).

A duty of care is "an obligation to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1222 (Pa. 2002). The concept of duty of care is "rooted in often amorphous public policy considerations" and is ultimately an issue of fairness. *Id.*; *Petrongola v. ComcastSpectacor, L.P.*, 789 A.2d 204, 210 (Pa. Super. 2001). Whether a defendant owes a duty to the plaintiff is a question of law for the court. *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1366 (3d Cir.1993); *see also Walters v. UPMC Presbyterian Shadyside*, 187 A.3d 214, 221-22 (Pa. 2018).

The existence of a duty of care is "predicated on the relationship between the plaintiff and the defendant," and arises only when a defendant "engages in conduct which foreseeably creates an unreasonable risk of harm" to a particular plaintiff. *Markovich*, 805 F.Supp. at 1236; *Petrongola*, 789 A.2d at 210. Other factors that a court may consider when deciding whether to impose a duty

of care upon a defendant include: (1) the social utility of the defendant's conduct; (2) the nature of the risk created by the defendant's conduct; and (3) the consequences of imposing a duty upon the defendant. *Sharpe v. St. Luke's Hosp.*, 821 A.2d 1215, 1219 (Pa. 2003). "Where there is no duty of care, there can be no negligence." *Maxwell v. Keas*, 639 A.2d 1215, 1217 (Pa. Super. 1994).

The Second Amended Complaint fails to allege an actionable duty under Pennsylvania law. Because duty is necessary to support a viable negligence claim, Plaintiff fails to state a claim as a matter of law against Defendant Eguiguren.

> **a. Defendant Eguiguren Owed No Recognizable Duty to Plaintiff to Protect as No "Special Relationship" Existed and Pennsylvania Does Not Recognize a General Duty to Rescue.**

"The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." Restatement (Second) of Torts § 314 (1965). In *Wenrick v. Schloemann-Siemag Aktiengesellschaft*, the Pennsylvania Supreme Court stated:

> Before a person may be subject to liability for failing to act in a given situation, it must be established that the person has a duty to act; if no care is due, it is meaningless to assert that a person failed to act with due care. Certain relations between parties may give rise to such a duty. Although each person may be said to have a relationship with the world at large that creates a duty to act where his own conduct places others in peril, Anglo-American common law has for centuries accepted the fundamental premise that mere knowledge of a dangerous situation, even by one who has the ability to intervene, is not sufficient to create a duty to act.

564 A.2d 1244, 1248 (Pa. 1989)(citing Restatement (Second) of Torts, § 314); *see also T.A. v. Allen*, 669 A.2d 360, 362 (Pa. Super. 1995). At § 315 of the Restatement (Second) of Torts, the applicable rule of law is recited as follows:

> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection.

Restatement (Second) of Torts, § 315.  Pennsylvania has also adopted § 314A of the Restatement

which limits the types of relationships that are "special" and impose a duty to affirmatively protect

another. *T.A. v. Allen*, 669 A.2d 360, 362 (Pa. Super. 1995).  Those relationships are:

> (1)  A common carrier is under a duty to its passengers to take reasonable action
>      (a) to protect them against unreasonable risk of physical harm, and
>      (b)  to give them first aid after it knows or has reason to know that they are
>      ill or injured, and to care for them until they can be cared for by others.
> (2)  An innkeeper is under a similar duty to his guests.
> (3)  A possessor of land who holds it open to the public is under a similar duty to
> members of the public who enter in response to his invitation.
> (4)  One who is required by law to take or who voluntarily takes the custody of
> another under circumstances such as to deprive the other of his normal
> opportunities for protection is under a similar duty to the other.

Restatement (Second) of Torts, § 314A; *T.A. v. Allen*, 669 A.2d 360, 362–63 (Pa. Super. 1995).

There is no special relationship between a possessor of land and a licensee which creates a duty

upon the possessor of land to protect or warn licensees against criminal acts committed on the land

by a third person. *T.A. v. Allen*, 669 A.2d 360, 364 (Pa. Super. 1995)(no duty to protect husband's

minor licensees from husband's criminal or tortious conduct).

The General Assembly of Pennsylvania has not voted on proposed legislation to impose

an affirmative duty to assist victims of crime by contacting emergency services.  On October 19,

2021, following reports that bystanders did not contact 911 during a sexual assault on a SEPTA

commuter train, Pennsylvania State Senator James R. Brewster authored a co-sponsor

Memorandum for legislation seeking to impose an affirmative duty to assist victims of physical

harm.  *See* Senate Co-Sponsorship Memo by Sen. James R. Brewster (Oct. 10, 2021).[1]   On

---

[1]Available at:
www.legis.state.pa.us/cfdocs/Legis/CSM/showMemoPublic.cfm?chamber=S&SPick=20210&c
osponId=36357 (last visited January 10, 2025).

January 25 2022, Sen. Brewster introduced Senate Bill No. 1033 in the 2022 Session of the General Assembly aimed at imposing a duty to assist victims of crime and the Bill was referred to the judiciary committee. *See* "An Act amending Title 18 (Crimes and Offenses) of the Pa. C. S., . . . providing for the offense of failure to provide reasonable assistance to persons subject to grave physical harm," GA of Pa., S. Bill 1033, (2022).[2]  Senate Bill No. 1033 was not voted upon in committee or on the floor. *See* Pennsylvania General Assembly website at Bill Information.[3]

Here, Plaintiff contends that Defendant Eguiguren failed to take any action to prevent Defendant Katzenell from committing crimes against her, disregarded her welfare, and failed to use reasonable care. (*See* Second Amended Comp., Doc. No. 21 at ¶¶ 185; 186; 192). However, Pennsylvania law did not impose upon Defendant Eguiguren any duty to aid or protect Plaintiff, including from the crime of sexual assault.  *Wenrick* and Restatement § 314 affirm that there is no legal duty to act even assuming Plaintiff were helpless, in danger, and Defendant could intervene. Plaintiff has not pled the existence of any relationship between herself and Defendant Eguiguren. Pursuant to Restatement § 315, since there was no "special" relationship, Defendant Eguiguren owed Plaintiff no duty to protect her from the crime. Less than a year before Plaintiff's sexual assault, Senate Bill 1033 was introduced to the General Assembly of Pennsylvania aiming to impose a duty to assist victims of crime. The Bill did not become law. There remains no legal duty to assist victims of crime under the facts of this matter.  Thus, Defendant Eguiguren owed no recognizable duty to protect or rescue Plaintiff.

---

[2] Available at:
www.legis.state.pa.us/cfdocs/billInfo/billinfo.cfm?syear=2021&sind=0&body=S&type=B&bn=1033 (last visited Jan. 10, 2025).
[3] Available at:
www.legis.state.pa.us/cfdocs/billinfo/bill_votes.cfm?syear=2021&sind=0&body=S&type=B&bn=1033 (last visited Jan. 10, 2025).

### b. Defendant Eguiguren Owed No Recognizable Pre-Existing Duty to Control Defendant Katzenell to Prevent a Criminal Act.

"As a general rule, a person is not liable for the criminal conduct of another in the absence of a special relationship imposing a pre-existing duty.'" *Elbasher v. Simco Sales Service of Pennsylvania*, 657 A.2d 983, 984 (Pa. Super. 1995)(*citing Feld v. Merriam*, 485 A.2d 742, 746 (Pa. 1984). Again, there is no duty to control the conduct of a third person to prevent harm absent a special relationship which imposes a duty upon the actor to control the third person's conduct. *See* Restatement (Second) of Torts, § 315. Those special relationships are parent to control a child, master to control a servant, possessor of land to control licensee, and persons who take charge of persons with dangerous propensities. *Brisbine v. Outside In School of Experiential Educ., Inc.*, 799 A.2d 89, 93 (Pa. Super. 2002)(citing Restatement (Second) of Torts §§ 316-19), *appeal denied*, 816 A.2d 1101 (Pa. 2003).

Here, Defendants Eguiguren did not have a pre-existing duty to control the conduct of Defendant Katzenell. Plaintiff has not claimed a special relationship existed. Defendant Katzenell was not Defendant Eguiguren's child, servant, licensee or charge. Rather, two were new roommates in a college dorm on the first night of classes. Accordingly, Defendant Eguiguren did not owe Plaintiff any duty to control Katzenell's conduct.

### c. Defendant Eguiguren Was Not 21 Years Old Such That He Owed No Duty Regarding Furnishing Alcohol and Social Host Liability Does Not Apply.

The binding precedent of the Pennsylvania Supreme Court is that one minor does not owe a duty to another minor regarding the furnishing or consumption of alcohol. *Kapres v. Heller*, 640 A.2d 888, 891 (Pa. 1994); *id.* at 891(persons under legal drinking are judged incompetent to handle alcohol). The social host doctrine may not be used to hold minors liable for serving alcohol to

other minors. *Id.* at 891 (it would be "illogic[al]" to hold minors liable under an exception meant to "specially afford[]" certain "protections" to minors).

Here, Plaintiff broadly pleaded that Defendant Eguiguren is negligent for "facilitating" underage consumption of alcohol. (*See* Second Amended Comp., Doc. No. 21 at ¶¶ 192). The Second Amended Complaint does not state that Defendant Eguiguren was at least 21 years old on August 25, 2022 or that he supplied alcohol to anyone. Regardless of nomenclature, the holding in *Kapres* bars Defendant Eguiguren from having any duty or liability involving alcohol use.

### d. Defendant Eguiguren Owed No Recognizable Duty to Refrain from Video Recording a Crime, Any Invasion of Privacy Claim is Time-Barred, and No Wiretap Act Violation Occurred.

The Second Amended Complaint broadly states Defendant Eguiguren was negligent for "video-recording" the sexual assault of Plaintiff on August 25, 2022 and "sharing" said video. (*See* Second Amended Comp., Doc. No. 21 at ¶¶ 19; 66; 192(n); 192(o)). Yet, the only "sharing" was with law enforcement by way of a consent search of Defendant Eguiguren's cell phone. (*Id.* at ¶¶ 75). Plaintiff has not articulated any recognizable duty Defendant Eguiguren owed Plaintiff to refrain from recording the crime. (*Id.*, *generally*).

Even *assuming arguendo* Plaintiff meant to claim invasion of privacy, dismissal is proper as time-barred. To establish a *prima facie* claim of invasion of privacy, "a plaintiff must aver that there is an intentional intrusion on the seclusion of their private concerns which is substantial and highly offensive to a reasonable person, and aver sufficient facts to establish that the information disclosed would cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Pro Golf Mfg. v. Tribune Review Newspaper Co.,* 809 A.2d 243 (Pa. 2002). A claim for invasion of privacy is subject to a one-year statute of limitations. 42 Pa.C.S. § 5523(1); *see, e.g., Goodwin*

*v. Moyer*, 549 F. Supp. 2d 621, 633–34 (M.D. Pa. 2006)(dismissing invasion of privacy claim involving video recording for failure to file the Complaint within one year statute of limitations).

Here, the video was recorded August 25, 2022 and the lawsuit was not filed until nearly two-years later, on August 22, 2024 (*See* Second Amended Comp., Doc. No. 21 at ¶¶ 19; 66; Comp., Doc. No. 1-3). Any invasion of privacy claim must be dismissed as time-barred.

Even *assuming arguendo* that Plaintiff meant to claim a violation of Pennsylvania's Wiretapping and Electronic Surveillance Act ("Wiretap Act"), dismissal is proper for failure to state a claim. The Wiretapping Act, 18 Pa.C.S. §§ 5701–5782 prohibits the intentional interception of wire, electronic or oral communications. *Pennsylvania State Police v. Grove*, 161 A.3d 877, 898 (Pa. 2017). To establish a *prima facie* claim of a Wiretap Act violation, a plaintiff must show: (1) that he engaged in a wire, electronic or oral communication; (2) that he possessed an expectation that the communication would not be intercepted; (3) that his expectation was justifiable under the circumstances; and (4) that the defendant attempted to, or successfully intercepted the communication, or encouraged another to do so. *Id.* at 901–02 (Pa. 2017).

First, a cell phone is a "telephone" exempt from the Act's definition of "device," regardless of the use to which the telephone was being put. *Com. v. Spence*, 91 A.3d 44, 47 (Pa. 2014)(expressly rejecting that only certain uses of a telephone may exempt the telephone from being considered a device as being contrary to the plain language of the Act). This interpretation of a Pennsylvania statute by Pennsylvania's highest Court is binding precedent. *Albertson v. Millard,* 345 U.S. 242, 244 (1953)("The construction given to a state statute by the state courts is binding upon federal courts."). Here, the video recorded on Defendant Eguiguren's cell phone cannot violate the Wiretap Act as a matter of law and dismissal is proper. (*See* Second Amended Comp., Doc. No. 21 at ¶¶ 75).

11

Second, a Wiretap Act claim requires that Plaintiff engaged in a wire, electronic or oral communication. *See Pennsylvania State Police v. Grove*, 161 A.3d 877, 901–02 (Pa. 2017). Here, Plaintiff plead she was unconscious during the recording and has not averred that she made any oral communication captured therein. (*See* Second Amended Comp., Doc. No. 21 at ¶¶ 75, 181, 182). This too is fatal to any claim of Wiretap Act violation.

Third, the Wiretap Act states that it is lawful for a witness of crimes of violence -- like sexual assault -- to intercept a communication with reason to believe that evidence may be obtained from the interception. *See* 18 Pa.C.S.A. § 5704(17); 18 Pa.C.S.A. § 5702 (defining "crimes of violence"). Moreover, it is lawful for a witness with evidence of crimes of violence to share it with law enforcement. *See* 18 Pa.C.S.A. § 5717(b). Here, Defendant Eguiguren recorded a crime of violence; Defendant Katzenell pleaded guilty to sexual assault. (*See* Second Amended Comp., Doc. No. 21 at ¶¶ 74; 182). Defendant Eguiguren then shared that evidence with law enforcement. (*Id.* at ¶¶ 75). Even if Plaintiff's oral communication was captured – which is not pleaded — recording was lawful as evidence of a crime which was shared with law enforcement.

It is proper to dismiss Plaintiff's broad averments about the video recording against Defendant Eguiguren given the absence of any cognizable duty owed, the fact that invasion of privacy claims are time-barred, and because a Wiretap Act violation could not have occurred (even if pled).

### e. Plaintiff's Overbroad Averments of "Negligence" against Defendant Eguiguren Do Not State Duties owed to Plaintiff.

A Pennsylvania negligence claim requires a plaintiff to prove the defendant owed a duty of care *to the plaintiff. Merlini*, 980 A.2d at 506 (Pa. 2009). Here, Plaintiff too broadly avers negligence by Defendant Eguiguren where no duty whatsoever was owed to Plaintiff, such as his attending parties or consuming alcohol or even possessing drugs. (*See* Second Amended

Comp., Doc. No. 21 at ¶¶ 192).  Without a clear duty owed to Plaintiff, the remaining allegations of "negligence" against Defendant Eguiguren warrant dismissal for failure to state a claim.

### C. Plaintiff Cannot Establish a Claim of Civil Conspiracy Against Defendant Eguiguren Absent Malice, Intent to Injure, Overt Act, and Scheme.

In Pennsylvania, plaintiff must allege the following facts to support a claim for civil conspiracy: (1) the persons combine with a common purpose to do an unlawful act or to do a lawful act by unlawful means or unlawful purpose, (2) that an overt act in furtherance of the common purpose has occurred, and (3) the plaintiff has incurred actual legal damage. *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1140 (Pa. Commw. Ct. 2005)(quoting *Brown v. Blaine*, 833 A.2d 1166, 1173 n. 16 (Pa. Commw. Ct. 2003)); *see also In re Asbestos Sch. Litig.*, 46 F.3d 1284, 1292–93 (3d Cir. 1994).

Proof of malice is an essential part of a cause of action for conspiracy and malice requires that the conspirators act with the sole purpose of injuring the plaintiff. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979); *Sarpolis v. Tereshko*, 625 F. App'x 594, 601 (3d Cir. 2016)(affirming dismissal where element of malice was not adequately pleaded). Courts routinely dismiss civil conspiracy claims where the plaintiff failed to allege that the defendants acted maliciously or acted with the sole intent to injure him or her.  *N. Penn Towns, LP v. Concert Golf Partners, LLC*, 554 F. Supp. 3d 665, 713 (E.D. Pa. 2021).

 Plaintiffs must allege the manner in which a conspiratorial scheme was devised and carried out by Defendants. It is no more than negligent failure to act claim and not civil conspiracy where the complaint contains no averments of meetings, telephone calls, or cooperation. *See Burnside v. Abbot Lab.*,505 A.2d 873, 982 (Pa. Super. 1985)(cited by *In re Asbestos Sch. Litig.*, 46 F.3d at 1292–93 (3d Cir. 1994)).

Here, Count XI of the Second Amended Complaint claims civil conspiracy against Defendants Eguiguren and Katzenell to sexually assault Plaintiff. (*See* Second Amended Comp., Doc. No. 21 at ¶¶ 175-190). Akin to *Burnside*, Plaintiff has not pled that manner in which a conspiratorial scheme was devised or carried out by Defendants and dismissal is warranted. Plaintiff has not articulated any overt act taken. Plaintiff has not pleaded Defendant Eguiguren acted with malice or had the sole intent to injure Plaintiff as required by *Thompson Coal*. Rather, Plaintiff alleges failure to act to prevent a crime which does not rise to the level of a conspiracy. (*See* Second Amended Comp., Doc. No. 21 at ¶¶ 185-186). It is proper to dismiss the claim of civil conspiracy for failure to state a claim.

### D.  Further Amendment of Plaintiff's Second Amended Complaint Would Be Futile.

Any further amendment to Plaintiff's Second Amended Complaint would be futile, warranting dismissal with prejudice of Plaintiff's claims against Defendant Eguiguren. *See In re New Jersey Title Ins. Litig.*, 683 F.3d 451, 462 (3d Cir. 2012); *Phillips v. Cnty. of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (district court must permit curative amendment, unless amendment would be inequitable or futile).

The fundamental flaw underlying Plaintiff's negligence claims against Defendant Eguiguren is that he owned no duty of care to Plaintiff. The existence of a duty is a question of law for the court to decide. *Kleinknecht*, 989 F.2d at 1366 (3d Cir.1993). As detailed above, Pennsylvania law is well-settled that there is no general duty to rescue, no duty to protect Plaintiff from a crime, no duty to control Katzenell's conduct, no duty as a minor regarding furnishing alcohol or social host liability, and no duty to refrain from video recording evidence of a crime. This is "a legal deficiency, rather than a factual deficiency" making any amendment to Plaintiff's negligence claims futile. *See Smith v. Lincoln Ben. Life Co.*, 395 F.App'x 821, 824 (3d. Cir. Sept.

14

24, 2010) (dismissal with prejudice appropriate where plaintiff could not show amending the complaint would allege new facts or legal arguments to support recovery).

Likewise, the fundamental flaw underlying Plaintiff's civil conspiracy claim is that it is not a common purpose, malice or intent to injury claim. Rather it is another flawed failure to act to protect from a crime for which no duty existed. Again, Pennsylvania law is well-settled that there is no duty to protect Plaintiff from a crime. This is the same "a legal deficiency, rather than a factual deficiency" making any amendment to Plaintiff's civil conspiracy claims futile. *See Smith*, 395 F.App'x at 824 (3d. Cir. Sept. 24, 2010).

Neither Plaintiff's First nor Second Amended Complaints overcome the basic defect in her claims of negligence or civil conspiracy against Defendant Eguiguren. Permitting Plaintiff to amend again would be futile.

## VI.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Second Amended Complaint with prejudice as Defendant Juan Eguiguren because (1) Plaintiff has not alleged an actionable duty under Pennsylvania law to establish a *prima facie* claim of negligence; and (2) Plaintiff has not alleged anything beyond a failure to protect plaintiff, such as malice, intent to injury, common purpose, scheme, or overt act to establish a *prima facie* claim of civil conspiracy.

Respectfully submitted,
**MAUTE LAW LLC**

*/s/ Douglas C. Maute, Esquire*
Douglas C. Maute, Esquire (PA 306615)
Attorney for Defendant, Juan Eguiguren

Date: January 10, 2025

**<u>CERTIFICATE OF SERVICE</u>**

I, Douglas C. Maute, Esquire, do hereby certify that the foregoing Motion to Dismiss and Memorandum of Law was filed with the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania by using the CM/ECF system and served on this 11th day of January, 2025 via ECF upon all counsel of record.

By: *<u>/s/ Douglas C. Maute, Esquire</u>*
Douglas C. Maute, Esquire (PA 306615)
Attorney for Defendant, Juan Eguiguren