**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **C.A.** | |
| Plaintiff, | **No.: 2:24-cv-04434-KNS** |
| v. | |
| **VILLANOVA UNIVERSITY, et al.** | Electronically Filed |
| Defendants. | |

## ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Defendant Elijah Katzenell's Partial Motion to Dismiss, and Plaintiff's Response in Opposition thereto, it is hereby **ORDERED** that the Motion is **DENIED**.

It is **ORDERED** that Defendant Elijah Katzenell shall file a responsive pleading to Plaintiff's Second Amended Complaint by _____, 2025.

**BY THE COURT:**

_____
Honorable Kai N. Scott

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **C.A.** | |
| Plaintiff, | **No.: 2:24-cv-04434-KNS** |
| v. | |
| **VILLANOVA UNIVERSITY, et al.** | Electronically Filed |
| Defendants. | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT ELIJAH KATZENELL'S PARTIAL MOTION TO DISMISS

Plaintiff, C.A. by and through her attorneys, Jay L. Edelstein, Esquire, Stephen J. Pokiniewski, Esquire, and Edelstein Law, LLC, respectfully submit this Brief in Opposition of Defendant Elijah Katzenell's Partial Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I.     FACTUAL SUMMARY AND PROCEDURAL HISTORY

### A.     "SYLLY NIGHT" AND THE RAPE AND SEXUAL ASSAULT OF C.A.

On August 24, 2022, at approximately 10:00 p.m., C.A. attended "sylly night" at The Courts along with Defendant Villanova students. See Complaint ¶¶ 54-55. There was no security and no police on location. See Complaint ¶ 56. Students had unfettered access to the hallways and apartments of The Courts. See Complaint ¶ 57. There were multiple rooms with open doors and large masses of Defendant Villanova students, many of whom C.A. believed to be under the age of 21, roaming the hallways and entering and leaving multiple rooms. See Complaint ¶ 58. Innumerable amounts of bottles of liquor and beer were in plain view. See Complaint ¶ 59. C.A.

became highly intoxicated along with Defendant Villanova students that night. See Complaint ¶ 63.

Highly intoxicated, C.A. returned to her dormitory on Defendant Villanova's campus sometime after midnight on August 25, 2022. See Complaint ¶ 66. Defendant Katzenell texted C.A. and and asked her to come to his dorm room in Sheehan Hall (room 202) upon her return. See Complaint ¶ 67.

Upon entering Defendant Katzenell's room, C.A. noticed that Defendants Eguiguren and Polun were present. See Complaint ¶ 69. After consuming more alcohol, she passed out. See Complaint ¶ 70-71. She woke up at approximately 2:00 p.m. that day back in her own dorm room, wearing a t-shirt that was not hers and no underwear. Defendant Katzenell informed her that he had sexual intercourse with her. See Complaint ¶¶ 71-72.

Defendant Katzenell was ultimately arrested by Villanova Police for Rape Unconscious Victim (18 §3121 §A3), Sexual Assault (18 §3124.1), Indecent Assault Person Unconscious (18 §3126 §A4) and Indecent Assault w/o Consent of Other (18 §3126 §A1).

Defendant Katzenell pleaded guilty to Sexual Assault (18 §3124.1) in the Delaware County Court of Common Pleas, Docket #: CP-23-CR-0000137-2024. See Complaint ¶¶ 73-74. Pursuant to the Affidavit of Probable Cause in this matter, a consent search of Defendant Eguiguren cell phone revealed a video showing Defendant Katzenell having sex with C.A. while she was unconscious. See Complaint ¶ 75.

**B.    PROCEDURAL HISTORY**

This action was initiated with a Complaint filed on August 22, 2024, in the Philadelphia Court of Common Pleas. Defendant Villanova University removed this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332 on August 23, 2024 (ECF Doc. 1). A Second Amended

Complaint was filed on November 12, 2024 (ECF Doc. 21). On or about December 30, 2024,

Defendant Katzenell filed a Partial Motion to Dismiss Plaintiff's Second Amended Complaint

(ECF Doc. 37), which is solely directed to Count V[1].

Count V of Plaintiff's Second Amended Complaint avers:

143.    Pursuant to Pa. 18 §3121 §A3 (Rape), a person commits a felony of the first degree when the person engages in sexual intercourse with a complainant: (3) Who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring.

144.    Pursuant to Pa. 18 §3121 §A3 (Sexual Assault), [a] person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

145.    Pursuant to Pa. 18 §3126 §A4 (Indecent Assault), a person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: (4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring.

146.    Pursuant to Pa. 18 §3126 §A1 (Indecent Assault), a person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: (1) the person does so without the complainant's consent.

147.    KATZENELL committed the aforementioned crimes against C.A.

148.    At all times relevant hereto, Plaintiff C.A. was intoxicated and unconscious.

149.    At all times relevant hereto, Plaintiff C.A. was unaware that sexual intercourse was occurring at the hands of KATZENELL.

150.    At all times relevant hereto, Plaintiff C.A. was unaware that indecent contact was occurring at the hands of KATZENELL.

---

[1]    By omission, the Defendant Katzenell's Partial Motion to Dismiss concedes that Plaintiff has sufficiently alleged claims of Assault (Count VI), Battery (Count VII), Intentional Infliction of Emotional Distress (Count VIII), Negligent Infliction of Emotional Distress (Count IX), and Conspiracy (Count XI).

151.    At all times relevant hereto, Plaintiff C.A. did not consent and was unable to consent to having sexual intercourse or indecent contact with KATZENELL.

152.    Plaintiff C.A. suffered significant emotional and physical harm as a direct and proximate result of the negligence, recklessness, and outrageous conduct of KATZENELL.  The negligence, recklessness, and outrageous conduct was a substantial factor in causing and did proximately cause severe and permanent injury along with past and future damages, including, but not limited to mental anguish, embarrassment, loss of self-worth, fear, flashbacks, nightmares, loss of intimacy, pain, inability to experience sexual intimacy, humiliation, loss of life's pleasures, and other physical and mental injuries presently and which may be diagnosed in the future.

153.    Plaintiff C.A.'s injuries were caused solely by the negligence, recklessness, and outrageous conduct of KATZENELL and were not caused by the Plaintiff in any part.

See Second Amended Complaint (ECF No. 21) (hereinafter "SAC").


## II.    LEGAL STANDARD

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) (quoting Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), moving defendant has the burden of showing that no claim has been stated. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991); Johnsrud v. Carter,

620 F.2d 29, 32-33 (3d Cir. 1980); <u>Holocheck v. Luzerne Cty. Head Start, Inc.</u>, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005).

Critical to the Court's evaluation of Plaintiffs' well-pleaded complaint, in deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." <u>Tellab, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir. 2002).

### III.    <u>ARGUMENT</u>

Defendant Katzenell's Partial Motion to Dismiss raises questionable defenses to Count V of Plaintiff's Second Amended Complaint. <u>See</u> SAC ¶¶ 142-153. Count V of the Complaint avers that Defendant Katzenell wrongful and tortious conduct violated the following statutes and laws of the Commonwealth of Pennsylvania:

- Pursuant to Pa. 18 §3121 §A3 (Rape), a person commits a felony of the first degree when the person engages in sexual intercourse with a complainant: (3) Who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring; <u>Id</u>. at ¶ 143.

- Pursuant to Pa. 18 §3121 §A3 (Sexual Assault); <u>Id</u>. at C 144.

- Pursuant to Pa. 18 §3126 §A4 (Indecent Assault), where the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring; <u>Id</u>. at ¶ 145.

- Pursuant to Pa. 18 §3126 §A1 (Indecent Assault), where the person does so without the complainant's consent; <u>Id</u>. at ¶ 146.

<u>See</u> SAC. It is noteworthy that Defendant Katzenell's Partial Motion to Dismiss does not dispute whether Defendant Katzenell's conduct satisfies the elements of the four statutes referenced above.

When this Honorable Court weighs all of the facts alleged on the face of the complaint, see Tellab, Inc, 551 U.S. at 322, in the greater context of all the well-pleaded allegations of the complaint, the instant motion fails because Defendant Katzenell's rape and sexual assault of C.A. is conduct that falls under the umbrella of common law assault and battery torts.

**A.    A PRIVATE RIGHT OF ACTION FOR INCLUSIVE OF RAPE, SEXUAL ASSAULT, AND INDECENT ASSAULT, ARE EMBODIED BY THE TORTS OF ASSAULT AND BATTERY**

Pennsylvania law[2] governs the substantive analysis of Plaintiff C.A.'s causes of action, and in this Commonwealth, a person may bring a civil action for assault as well as for battery. An assault is an intentional attempt to use injurious force and a battery is a completion of that attempt. Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289, 293 (Pa.1994); Cook v. Vernachio, No. 1025 C.D.2007, 2008 WL 9396736, at *3 (Pa. Cmwlth. May 14, 2008).

An assault occurs when one acts with the intent to place another in reasonable and immediate apprehension of harmful or offensive contact, and that act does cause such apprehension. Restatement (Second) of Torts § 21 (1977); see also Sides v. Cleland, 436 Pa. Super. 618, 648 A.2d 793, 796 (Pa. Super. 1994). The tort of assault is embodied in Restatement (Second) of Torts § 21, which establishes that, "(1) An actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." See Restatement (Second) of Torts § 21,

---

[2]    Whereas Defendant Katzenell's Partial Motion to Dismiss repeatedly cites federal law, this civil action was removed based on diversity of citizenship pursuant to 28 U.S.C. § 1332 on August 23, 2024 (ECF Doc. 1). As such, state law, i.e., Pennsylvania law, governs the substantive claims averred in Plaintiff's Second Amended Complaint. See Brown v. Brooks, No. CV 23-2966, 2024 WL 4643528, at *2 (E.D. Pa. Oct. 31, 2024) (citing Galovich v. Morrissette, Civ. No. 21-1532, 2024 WL 2962843, at *6 (M.D. Pa. June 12, 2024) (citing Wright v. Ryobi Tech., Inc., 175 F. Supp.3d 439, 455 (E.D. Pa. 2016))).

A battery is an intentional offensive bodily contact. <u>Renk</u>, 641 A.2d at 293. "A bodily contact is offensive if it offends a reasonable sense of *personal dignity*." Restatement (Second) of Torts § 19 (emphasis added). The tort of battery has traditionally been employed to redress this precise grievance. <u>See</u> <u>Herr v. Booten</u>, 398 Pa. Super. 166, 170, 580 A.2d 1115, 1117 (1990). The essence of the tort "consists in the offense to the dignity involved in the unpermitted and intentional invasion of the inviolability of [the plaintiff's] person...." <u>See</u> Restatement (Second) of Torts § 18, Comment c. Thus, the Restatement recognizes that an intrusion upon the plaintiff's physical or personal dignity does occur where the defendant "throws a substance, such as water, upon the [plaintiff] or if [the defendant] sets a dog upon him" even though the defendant and the plaintiff have not physically touched each other. <u>See</u> <u>Herr</u>, 580 A.2d at 1117.

In <u>Brownstein v. Gieda</u>, the Middle District of Pennsylvania Court explained:

> "[I]mplicit in the tort of battery is the recognition that an individual has a right to be free from unwanted and offensive or harmful intrusions on his own body." Thus, "in a battery claim ... there need be no physical injury, but only some contact; the matter of permission goes to the quality of the contact, and consent to being so touched is a defense." As such, "[a]n actor is subject to liability to another for battery if he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and an offensive contact with the person of the other directly or indirectly results."

<u>See</u> <u>Brownstein v. Gieda</u>, 649 F. Supp. 2d 368, 375 (M.D. Pa. 2009) (quoting Restatement (Second) of Torts § 18(1)(a)(b)) (other citations omitted).

Upon review of Pennsylvania precedent, the principal themes of the torts of assault and battery are:

1. Apprehension of harmful or offensive contact;
2. Offensive bodily contact;
3. Unwanted and harmful intrusion;
4. Invading personal dignity; and
5. Violating one's freedoms.

Here, Plaintiff C.A. was lured to Defendant Katzenell's room, <u>see</u> SAC ¶ 67, where his two male friends, SAC ¶ 67, Defendants Polun and Eguiguren, were waiting for her. <u>See</u> SAC ¶ 69. Already visibly intoxicated an inebriated from alcohol, she was encouraged to consume more alcohol in Defendant Katzenell's room. SAC ¶ 70. C.A. passed out in Defendant Katzenell's room and does not recall anything until awakening at approximately 2:00 p.m. that day in her dorm room. SAC ¶ 71. She woke wearing a t-shirt that she immediately recognized as not belonging to her. <u>Id.</u> She did not have any underwear on. <u>Id.</u> This suggests that while she was unconscious, someone else removed her clothing, and someone else dressed her before sending her on her way. Later, Plaintiff C.A. confronted Defendant Katzenell who informed her that he had sexual intercourse with her. SAC ¶ 72.

Defendant Katzenell's Affidavit of Probable Cause[3] delves further into the inhumane indignities he caused C.A. to suffer. Plaintiff C.A.'s statement was reported as follows:

> "Vl" said her next memory occurred around 1400hrs when she awoke in her dorm room bed wearing someone else's "T" shirt and no underwear. "Vl" said when she awoke, she was still in an intoxicated state. "Vl" said she questioned her roommate, Angel DeVita, about what had happened earlier in the morning. "Vl" said DeVita told her she was advised by Katzenell, Polun and Euiguren that "Vl" was highly intoxicated in a female bathroom on the ground floor of Sheehan Hall. "Vl" said DeVita told her she was passed out in this bathroom and was moved to her bed in her residence hall room.
>
> "Vl" said after she awoke, she went to Katzenell's room to meet with him, and he told her they had sex when she was in his room during the early morning hours of 08/25/2022. "Vl" said when she was there, she retrieved her underwear that were left behind. "Vl" said she does not remember

---

[3]    On a motion to dismiss, this Court can take judicial notice of the Affidavit of Probable Cause <u>Tellab, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007). <u>Hoyle v. Crozier</u>, No. CV 22-3049, 2024 WL 169571, at *1 (E.D. Pa. Jan. 16, 2024) (The Court takes judicial notice of Cpl. Crozier's Affidavit of Probable Cause in the underlying criminal case, which Hoyle submitted as part of his habeas proceedings before Judge Mark A. Kearney, but which has not yet been introduced into the record in this § 1983 action); <u>Ribaudo v. Desimone</u>, 2019 WL 1906269, at *4–6 (M.D. Pa. Apr. 5, 2019), report and recommendation adopted, 2019 WL 1903404 (M.D. Pa. Apr. 29, 2019) ("While some courts have taken judicial notice of police reports and criminal complaints in resolving a motion to dismiss, others have declined to do so").

consenting to have sex with Katzenell and does not remember having sex with him.

See **Exhibit A** (Affidavit of Probable Cause) p. (1-2 of 3).

The eye-witness observations of Defendant Euiguren are worse in that they detail just how unconscious C.A. was, as she was "non-responsive," her head slid off a pillow with "no resistance," and no physical response:

> Your affiant and Villanova University Police Chief David Tedjeske conducted an interview with Juan Euiguren on 08/29/2022 who said he witnessed Katzenell and "Vl" having sex in Katzenell's bed on 08/25/2022.
>
> Euiguren consented to a search of his cell phone. A video was subsequently located showing Katzenell on top of "Vl", kissing her. "Vl" is clothed during the video, lying on her back on Katzenell's bed with Katzenell lying on top of her. Katzenell is seen rubbing his right hand on the vaginal area of "Vl". "Vl" appears non- responsive throughout the video in that "Vl"'s head appears to slide off a pillow with no resistance or physical adjustment by "Vl", consistent with someone who is unconscious. "Vl" does not reciprocate or otherwise physically respond to Katzenell's rubbing her vagina, nor does she resist. Polun is also seen in the video, standing at the head of the bed manipulating Vl's head while Katzenell is physically engaged with 1'Vl".

See **Exhibit A** (Police Criminal Complaint and Affidavit of Probable Cause) p. 2 of 3.

Based on the horrid events described above, Defendant Katzenell pleaded guilty Sexual Assault (18 §3124.1) in the Delaware County Court of Common Pleas, Docket #: CP-23-CR-0000137-2024. The investigation and prosecution of Defendant Katzenell brought one semblance of justice to C.A., and yest it is true that only governments have the right to prosecute criminal conduct. Still, individuals have the legal right to prosecute tortious conduct in civil court.

Here, Plaintiff C.A.'s claims of Assault (Count VI), Battery (Count VII), Intentional Infliction of Emotional Distress (Count VIII), Negligent Infliction of Emotional Distress (Count IX), and Conspiracy (Count XI), are all so connected with Defendant Katzenell's rape and sexual assault of C.A. that they are virtually indistinguishable. The instant motion's questions as to

9

whether rape and sexual assault are independent torts or subsumed by the torts of assault and battery is truly immaterial to the heart of Plaintiff C.A.'s causes of action against Defendant Katzenell. The rape and sexual assault of an intoxicated and unconscious young woman are directly related to the legal and tortious concepts of assault and battery.

Above all, this was not "ordinary" assault or battery. This – was – rape. C.A. was unconscious. Videotaped. Her clothes were removed. She was groped and penetrated. Then she was discarded only to wake up several hours later, wearing an unfamiliar t-shirt and nothing else. Not only did C.A. lack consent, she lacked the conscious ability to consent, and lacked the power to defend herself. Her freedom and dignity was taken from her by the Defendants. For these reasons, Court V against Defendant Katzenell should stand.

## IV.    CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court deny the instant Motion to Dismiss, and allow Plaintiff to move forward with the discovery process against all defendants.

**EDELSTEIN LAW, LLP**

BY: ___/s/ Jay L. Edelstein_____
       JAY L. EDELSTEIN, ESQUIRE
       *Attorney for Plaintiffs*

## CERTIFICATION OF SERVICE

I hereby certify that the foregoing was served on January 3, 2025 by this Court's Electronic

Filing System and/or electronic mail upon the following:

James A. Keller, Esquire
Jesse Krohn
Saul Ewing Arnstein & Lehr, LLP
1500 Market Street, 38th Floor West
Philadelphia, PA 19102
***E-Mail: jesse.krohn@saul.com***
***E-Mail: james.keller@saul.com***
*Attorneys for Villanova University*

Lisa Ingram, Esquire
Kristin Shicora, Esquire
Campbell Conroy & Oneil
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
***E-Mail:*** lingram@campbell-trial-lawyers.com
***E-Mail:*** keshicora@campbell-trial-laweyrs.com
*Attorneys for College Hall Assso. & College Hall GP*

Eamon Merrigan, Esquire
GOLDBERG, MILLER & RUBIN, P.C.
The North American Building
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
***E-Mail:*** emerrigan@gmrlawfirm.com
*Attorneys for Elijah Joseph Katzenell*

Brian J. McMonagle, Esquire
McMonagle Perri McHugh Mischak and Davis
1845 Walnut Street, 19th Floor
Philadelphia, PA 19103
***E-Mail: bmcmonagle@mpmpc.com***
*Attorney for Andrew Polun*

Douglas C. Maute, Esquire
Maute Law LLC
141 Pleasant Valley Avenue
Moorestown, NJ 08057
***E-Mail:*** dcm@mautelaw.com
*Attorney for Juan Eguirguren*

**EDELSTEIN LAW, LLP**


BY:      /s/ Jay L. Edelstein
         JAY L. EDELSTEIN, ESQUIRE
         *Attorney for Plaintiffs*

11