**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **C.A.**<br><br>                 Plaintiff,<br><br>      v.<br><br>**VILLANOVA UNIVERSITY, et al.**<br><br>                 Defendants. | **No.:  2:24-cv-04434-KNS**<br><br><br>Electronically Filed |

## ORDER

**AND NOW**, this _____day of _____, 2025, upon motion of Plaintiff

C.A., any opposition from Defendant Villanova, and good cause appearing, **IT IS HEREBY**

**ORDERED** that Plaintiff C.A. has leave to submit a Surreply in connection with the Defendant

Villanova's Motion to Dismiss the Second Amended Complaint.

**BY THE COURT:**

_____
Honorable Kai N. Scott

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **C.A.**<br><br>          Plaintiff,<br><br>  v.<br><br>**VILLANOVA UNIVERSITY, et al.**<br><br>          Defendants. | **No.:  2:24-cv-04434-KNS**<br><br>**PLAINTIFF C.A.'S MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANT VILLANOVA UNIVERSITY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>Electronically Filed |

Pursuant to Local Rule 1.10, Plaintiff C.A. hereby moves for leave to file the attached Surreply with Exhibits.

This action was initiated with a Complaint filed on August 22, 2024, in the Philadelphia Court of Common Pleas. Defendant Villanova University removed this action on August 23, 2024 (ECF Doc. 1). A Second Amended Complaint was filed on November 12, 2024 (ECF Doc. 21) (hereinafter "SAC"). On or about November 26, 2024, Defendant Villanova University filed a Motion to Dismiss Plaintiff's Second Amended Complaint (ECF Doc. 25). By stipulation, the parties agreed that Plaintiff must file any response by January 3, 2025 (ECF Doc. 36). On January 3, 2025, Plaintiff filed Brief in Opposition of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF Doc. 40). On January 16, 2025, Defendant Villanova filed its Reply Memorandum of Law in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (ECF Doc. 49).

"[W]hether to grant "permission for leave to file a sur-reply is a matter committed to the District Court's sound discretion." Levey v. Brownstone Inv. Grp., LLC, 590 F. App'x 132, 137 (3d Cir. 2014) (quotation omitted); see also Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi &

Stewart, P.C., 11 F.3d 385, 388 (3d Cir. 1993) (stating that "[t]he district court properly exercised its discretion" in refusing to consider sur-reply).

Plaintiff certainly understands that "[u]nlike supplemental pleadings, leave to file supplemental briefs or submissions, i.e., sur-replies, is not liberally granted." See Gentry v. Sikorsky Aircraft Corp., 2018 WL 6329147, at *2 (E.D. Pa. Dec. 4, 2018). Surreply briefs "are appropriate only where a party "seek[s] to respond to an argument raised for the first time" by an opposing party. See NorFab Corp. v. Travelers Indem. Co., 555 F. Supp. 2d 505, 513 (E.D. P.A. 2008).  As this Court's Local Rules make clear, "[t]he Court may require or permit [sur-reply] briefs or submissions if the Court deems them necessary." See Gentry, 2018 WL 6329147, at *2 (citing (E.D. Pa. Civ. R. 7.1(c)).

Here, Plaintiff, C.A., has good cause to file a surreply as to the viability of her claims against Defendant Villanova, generally, and to supplement her response on the issue of the duty Defendant Villanova owes to its students like Plaintiff C.A., specifically.

Defendant Villanova's Reply cites and relies on nine (9) cases not previously discussed in their Motion to Dismiss, and articulates new and noticeably nuanced arguments with respect to the duty Defendant Villanova owed or did not owe to its student, C.A.

Defendant Villanova's new arguments raised by the Reply can be fairly summarized as:

    i.    Defendant Villanova is a separate and distinct entity from the corporate defendants that own and manage The Courts.

    ii.    The cases cited by Plaintiff that found that institutions of higher education have a heightened duties to student-athletes or international-students are distinguishable on the facts of this case.

    iii.    Defendant Villanova never took actions on behalf of students, like C.A., which created such a special relationship.

      iv.      Defendant Villanova's "having a public safety department, and articulating the desire to have a safe campus" does not make Defendant Villanova a "guarantor of student safety at all times."

See Def. MOL, p. 1-3.

As set forth fully in Plaintiff's Proposed Surreply to Defendant Villanova's Reply Memorandum of Law, each of the arguments Defendant Villanova raises in its Reply Memorandum are contradicted by two crucial documents:

      A.      Defendant Villanova's Student Handbook[1]
      B.      Defendant Villanova's Student Code of Conduct[2]

These documents, both individually and collectively, establish that Defendant Villanova had specific policies and procedures with respect to off-campus housing, including off-campus application review, off-campus housing approval, and oversight of off-campus housing. These documents prove that Defendant Villanova had a relationship with off-campus housing facilities like The Courts, where Villanova students resided off-campus for generations. Thus, from a operations and oversight perspective, Defendant Villanova was not likely as independent form or "separate and distinct" from The Courts, their property owners, Defendants College Hall Associates L.P. and College Hall G.P., and their property manager, Defendant Marks & Company USA, Inc. (hereinafter College Hall Defendants").

Rape, sexual assault, sexual misconduct, sexual exploitation, and fondling/non-consensual sexual conduct are all the subject of "PROHIBITED CONDUCT" in Defendant Villanova's

---

[1]      Villanova's Student Handbook is 141 pages long and is incorporated herein by reference as if a complete copy is attached as an Exhibit. The full document is publicly available at the following web address, last accessed January 23, 2025: https://studenthandbook.villanova.edu/sites/default/files/student-handbook-202223-8-3-23.pdf

[2]      Villanova's Student Code of Conduct is contained within the Student Handbook. Separately it is 38 pages long and is incorporated herein by reference as if a complete copy is attached as an Exhibit. The full document is publicly available at the following web address, last accessed January 23, 2025:
https://studenthandbook.villanova.edu/sites/default/files/pdf/toc_page/code-of-student-conduct.pdf?generated=1735365482

Student Handbook. The Student Handbook also discusses a person's capacity to consent when under the influence of alcohol and drugs, as well as bystander intervention.

Defendant Villanova's Student Handbook and Code of Conduct also set forth rules and regulations regarding alcohol consumption, alcohol possession and storage within university dormitories, and monitoring of alcohol by Residential Assistants ("R.A.s").

Finally, Villanova's Student Handbook and Code of Conduct make declarations concerning Defendant Villanova's "jurisdiction" over on-campus and off-campus students on all the matters outlined above, and preserves Villanova's "*right* to address behavior that violates this Policy regardless of whether the conduct also violates Federal, State and/or municipal civil or criminal law." See Student Handbook, p. 60 (emphasis added).

Defendant Villanova declares that it has the right and jurisdiction to address "PROHIBITED CONDUCT" like the misdeeds that C.A. alleges, the authority to approve/disapprove and oversee off-campus housing, and the power to police and regulate alcohol consumption within its dormitories. Certainly, then, Defendant Villanova owed students like C.A. a duty to exercise reasonable care in all of the safety measures it endeavored to enact and enforce.

## II.    CONCLUSION

For the reasons stated above, Plaintiff C.A. respectfully requests leave to file a Surreply on the pending Motion to Dismiss so that this Honorable Court can analyze the unkept promises made by Defendant Villanova, that enabled and allowed the rape of C.A. to occur.

Respectfully submitted,

**EDELSTEIN LAW, LLP**

BY:    /s/ Jay L. Edelstein
JAY L. EDELSTEIN, ESQUIRE
*Attorney for Plaintiffs*

## CERTIFICATION OF SERVICE

I hereby certify that the foregoing was served on January 24, 2025, by this Court's

Electronic Filing System and/or electronic mail upon the following:

James A. Keller, Esquire
Jesse Krohn
Saul Ewing Arnstein & Lehr, LLP
1500 Market Street, 38th Floor West
Philadelphia, PA 19102
*E-Mail: jesse.krohn@saul.com*
*E-Mail: james.keller@saul.com*
*Attorneys for Villanova University*

Lynne Ingram, Esquire
Kristin Shicora, Esquire
Campbell Conroy & Oneil
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
*E-Mail:* lingram@campbell-trial-lawyers.com
*E-Mail:* keshicora@campbell-trial-laweyrs.com
*Attorneys for College Hall Assso. & College Hall GP*

Eamon Merrigan, Esquire
GOLDBERG, MILLER & RUBIN, P.C.
The North American Building
121 South Broad Street
Suite 1600
Philadelphia, PA 19107
E-Mail: emerrigan@gmrlawfirm.com
*Attorneys for Elijah Joseph Katzenell*

Brian J. McMonagle, Esquire
McMonagle Perri McHugh Mischak and Davis
1845 Walnut Street, 19th Floor
Philadelphia, PA 19103
*E-Mail: bmcmonagle@mpmpc.com*
*Attorney for Andrew Polun*

Douglas C. Maute, Esquire
Maute Law LLC
141 Pleasant Valley Avenue
Moorestown, NJ 08057
*E-Mail:* dcm@mautelaw.com
*Attorney for Juan Eguirguren*

EDELSTEIN LAW, LLP

BY: ___/s/ Jay L. Edelstein_____
JAY L. EDELSTEIN, ESQUIRE
*Attorney for Plaintiffs*