UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.A.,<br><br>             Plaintiff,<br><br>v.<br><br>Villanova University, et al.,<br><br>             Defendants. | Case No. 2:24-cv-04434-KNS<br><br>Electronically Filed |

### DEFENDANT VILLANOVA UNIVERSITY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY WITH EXHIBITS

Defendant Villanova University ("Villanova" or "University") writes in opposition to Plaintiff's Motion for Leave to File a Surreply with Exhibits (Doc. 53). Plaintiff's pending Motion contends that Plaintiff must address "new and noticeably nuanced arguments with respect to the duty Villanova owed or did not owe to [C.A.]," namely, that:

  i. Defendant Villanova is a separate and distinct entity from the corporate defendants that own and manage The Courts.
 ii. The cases cited by Plaintiff that found that institutions of higher education have a heightened duties to student-athletes or international-students are distinguishable on the facts of this case.
iii. Defendant Villanova never took actions on behalf of students, like C.A., which created such a special relationship.
 iv. Defendant Villanova's "having a public safety department, and articulating the desire to have a safe campus" does not make Defendant Villanova a "guarantor of student safety at all times."

While it is true that these arguments have been raised by Villanova, they are not new. Arguments (i), (iii), and (iv) were are among the core arguments of the University's Motion to Dismiss, which Plaintiff had the opportunity to address in her Opposition. Argument (ii) is also not a "new argument" – it is a response to an inaccuracy in Plaintiff's Opposition, which incorrectly asserted the existence of a general school/student duty by citing cases which relied on

55007671.3

a special relationship between schools and students on behalf of whom they undertook special duties.

Plaintiff asserts that surreply briefs "are appropriate only where a party 'seek[s] to respond to an argument raised for the first time' by an opposing party," *NorFab Corp. v. Travelers Indem. Co.*, 555 F. Supp. 2d 505, 513 (E.D.Pa. 2008), and even then "permission for leave to file a sur-reply is a matter committed to the District Court's sound discretion." *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (quotation omitted). Because the alleged "new arguments" Plaintiff identifies are not new arguments, and Plaintiff has offered no other basis for seeking such relief from the Court,[1] the University asks that the Court deny the Motion for Leave and dismiss Plaintiff's Second Amended Complaint (Doc. 21) against Villanova, with prejudice.

Respectfully submitted,

*/s/ James A. Keller*
James A. Keller (PA 78955)
Jesse L. Krohn (PA 313059)
**SAUL EWING LLP**
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1964//7869
James.Keller@saul.com
Jesse.Krohn@saul.com

*Counsel for Defendant Villanova University*

Dated: January 29, 2025

---

[1] To the extent Plaintiff's proposed surreply is an attempt to yet again introduce facts not alleged in the Second Amended Complaint ("SAC") (namely, collateral material from the University's Student Handbook and Student Code of Conduct), the University notes, as it did in its Reply at n. 4, in response to Plaintiff's *previous* attempt to introduce facts not alleged in the SAC through her Opposition, that it is axiomatic that "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

55007671.3

## **CERTIFICATE OF SERVICE**

      I, James A. Keller, hereby certify that I electronically filed the foregoing Motion to Dismiss and Memorandum of Law with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully submitted,

*/s/ James A. Keller*
James A. Keller (PA 78955)
Jesse L. Krohn (PA 313059)
**SAUL EWING LLP**
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1964//7869
James.Keller@saul.com
Jesse.Krohn@saul.com

*Counsel for Defendant Villanova University*

Dated:  January 29, 2025

55007671.3