**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| C.A., | : | Civil Action |
| | : | No. 2:24-cv-04434-KNS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| VILLANOVA UNIVERSITY; COLLEGE HALL, | : | |
| ASSOCIATES, L.P., d/b/a COLLEGE HALL | : | |
| APARTMENTS, a/k/a "THE COURTS"; | : | |
| COLLEGE HALL, G.P., d/b/a COLLEGE HALL | : | |
| APARTMENTS, a/k/a "THE COURTS"; MARKS | : | |
| & COMPANY USA, INC., d/b/a MARKS & | : | |
| COMPANY; ELIJAH JOSPEH KATZENELL; | : | |
| JUAN EGUIGUREN; AND ANDREW POLUN | : | |
| | : | |
| Defendants | : | |

_____

## RESPONSE TO THE SECOND COMPLAINT BY DEFENDANT, ANDREW POLUN, WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS PURSUANT TO F.R.C.P. 13(g)

Defendant, Andrew Polun, ("Mr. Polun"), by and through his attorneys, McMonagle, Perri,

McHugh, Mischak, and Davis, P.C., hereby responds to the Second Amended Complaint as follows:

## I.    PARTIES

1.    Admitted in part. Denied in part. It is admitted that Plaintiff is an adult. After

reasonable investigation, Mr. Polun is without knowledge or information sufficient to either

admit or deny the remaining allegations of this paragraph. Therefore, same are denied.

2.    Denied. After reasonable investigation, Mr. Polun is without knowledge or

information sufficient to either admit or deny the allegations of this paragraph. Therefore, same

are denied.

3.    Admitted in part. Denied in part. It is admitted that Villanova is a private

university and offers undergraduate, master's, doctoral and professional programs. It is further admitted that its campus is located at 800 Lancaster Avenue, Villanova, Delaware Country, PA. After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the remaining allegations of this paragraph. Therefore, same are denied.

4.      Denied. After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph. Therefore, same are denied.

5.      Denied. After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph. Therefore, same are denied.

6.      Denied. After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph. Therefore, same are denied.

7.      Denied. After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph. Therefore, same are denied.

8.      Denied. After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph. Therefore, same are denied.

9.      Denied. After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph. Therefore, same are denied.

10.      Admitted in part. Denied in part. It is admitted that Mr. Katzenell was a student

who resided at Villanova. After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the remaining allegations of this paragraph. Therefore, same are denied.

11.    Admitted in part. Denied in part. It is admitted that Mr. Eguiguren was a student who resided at Villanova. After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the remaining allegations of this paragraph. Therefore, same are denied.

12.    Admitted.

## II.    VENUE

13.    Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

14.    Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

15.    Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

16.    Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

17.    Denied. The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

## III.    OPERATIVE FACTS

### A.    VILLANOVA

18.    Admitted.

19.    Admitted.

20.    Admitted.

21.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

22.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

23.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

24.    Admitted.

25.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

26.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

27.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

28.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

29.    Admitted upon averment only.

30.    Denied as stated.  The first week of classes when students receive and review their course syllabi with their professors is known as "sylly week."

31.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

32.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

33.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

34.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

35.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

36.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

37.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same

are denied.

38.    Denied.  Villanova's "Annual Security and Fire Safety Report" is a writing that speaks for itself and any characterization of it by Plaintiff is denied.

**B.    THE VILLANOVAN ARTICLE**

39.    Admitted in part.  Denied in part.  It is admitted that the Villanovan is a student newspaper.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the remaining allegations of this paragraph.  Therefore, same are denied.

40.    Denied.  The referenced Villanovan article is a writing that speaks for itself and any characterization of it by Plaintiff is denied.

41.    Denied.  The referenced Villanovan article is a writing that speaks for itself and any characterization of it by Plaintiff is denied.

42.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun, said allegations are denied.

**C.    "COLLEGE HALL" ("THE COURTS")**

43.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

44.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

45.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or

information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

46.     Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

47.     Denied.  The referenced data is derived from writings that speak for themselves and any characterization of them by Plaintiff is denied.

48.     Denied.  The referenced emails are writings that speak for themselves and any characterization of them by Plaintiff is denied.

49.     Denied.  The referenced emails are writings that speak for themselves and any characterization of them by Plaintiff is denied.

50.     Denied.  The referenced documents are writings that speak for themselves and any characterization of them by Plaintiff is denied.

51.     Denied.  The referenced emails are writings that speaks for themselves and any characterization of them by Plaintiff is denied.

52.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.  By way of further response, the allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun, said allegations are denied.

53.     Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.  By way of further response, the allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations

contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun, said allegations are denied.

### D.    SYLLY NIGHT AT THE COURTS

54.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

55.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

56.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

57.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

58.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

59.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

60.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same

are denied.

61.     Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

62.     Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

63.     Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

64.     Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

65.     Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

**E.     RAPE AND SEXUAL ASSAULT OF C.A.**

66.     Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

67.     Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

68.    Admitted.

69.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

70.    Admitted.

71.    Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

72.    Denied as stated.  Mr. Polun was told that Plaintiff spoke with Mr. Katzenell but was not present for the conversation.

73.    Admitted in part.  Denied in part.  It is admitted only that Mr. Katzenell was arrested.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the remining allegations of this paragraph.  Therefore, same are denied.

74.    Admitted in part.  Denied in part.  It is admitted only that Mr. Katzenell pleaded guilty to a criminal charge(s).  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the remining allegations of this paragraph.  Therefore, same are denied.

75.    Denied.  The referenced affidavit of probable cause is a writing that speaks for itself and any characterization of it by Plaintiff is denied.

76.    Denied.  The referenced affidavit of probable cause is a writing that speaks for itself and any characterization of it by Plaintiff is denied.

77.    Denied.  The referenced affidavit of probable cause is a writing that speaks for

itself and any characterization of it by Plaintiff is denied.

78.     Denied.  After reasonable investigation, Mr. Polun is without knowledge or information sufficient to either admit or deny the allegations of this paragraph.  Therefore, same are denied.

## IV. CAUSES OF ACTION

**COUNT I**
**NEGLIGENCE**
**PLAINTIFF C.A. v. VILLANOVA**

79.     Mr. Polun incorporates the previous responses as though set forth in full.

80.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun, said allegations are denied.

81.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

82.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

83.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

84.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

85.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

86.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

87.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

88.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

89.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

90.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

91.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

92.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference

of wrongdoing on the part of Mr. Polun said allegations are denied.

93.      Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

94.      Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

95.      Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF C.A. v. VILLANOVA

96.      Mr. Polun incorporates the previous responses as though set forth in full.

97.      Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

98.      Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

99.      Denied.  The allegations contained in this paragraph are directed to a party other

than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

100.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

101.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

102.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

103.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

**COUNT III**
**NEGLIGENCE**
**PLAINTIFF C.A. v. THE COLLEGE HALL DEFENDANTS AND MARKS**

104.    Mr. Polun incorporates the previous responses as though set forth in full.

105.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

106.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

107.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

108.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

109.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

110.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

111.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

112.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

113.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference

of wrongdoing on the part of Mr. Polun said allegations are denied.

114.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

115.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

116.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

117.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

118.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

119.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

120.     Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

121.     Denied.  The allegations contained in this paragraph are directed to a party other

than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

122.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

123.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

124.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

125.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

126.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

127.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

128.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

129.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

130.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

131.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

**COUNT IV**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFF C.A. v. THE COLLEGE HALL DEFENDANTS AND MARKS**

132.    Mr. Polun incorporates the previous responses as though set forth in full.

133.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

134.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

135.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference

of wrongdoing on the part of Mr. Polun said allegations are denied.

136.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

137.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

138.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

139.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

140.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

141.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

**COUNT V**
**RAPE, SEXUAL ASSAULT AND INDECENT ASSAULT**
**PLAINTIFF C.A. v. ELIJAH KATZENELL**

142.    Mr. Polun incorporates the previous responses as though set forth in full.

143.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

144.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

145.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

146.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

147.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

148.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

149.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference

of wrongdoing on the part of Mr. Polun said allegations are denied.

150.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

151.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

152.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

153.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

### COUNT VI
### ASSAULT
### PLAINTIFF C.A. v. ELIJAH KATZENELL

154.    Mr. Polun incorporates the previous responses as though set forth in full.

155.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

156.    Denied.  The allegations contained in this paragraph are directed to a party other

than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

157.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

158.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

**COUNT VII**
**BATTERY**
**PLAINTIFF C.A. v. ELIJAH KATZENELL**

159.    Mr. Polun incorporates the previous responses as though set forth in full.

160.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

161.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

162.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

163.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

164.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

165.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF C.A. v. ELIJAH KATZENELL

166.    Mr. Polun incorporates the previous responses as though set forth in full.

167.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

168.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees

and such other relief as this Court deems equitable and just.

## COUNT IX
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF C.A. v. ELIJAH KATZENELL

169.    Mr. Polun incorporates the previous responses as though set forth in full.

170.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

171.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

## COUNT X
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF C.A. v. ANDREW POLUN

172.    Mr. Polun incorporates the previous responses as though set forth in full.

173.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

174.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

**COUNT XI**
**CONSPIRACY**
**PLAINTIFF C.A. v. ELIJAH KATZENELL AND JUAN EGUIGUREN**

175.    Mr. Polun incorporates the previous responses as though set forth in full.

176.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

177.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

178.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

179.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

180.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

181.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

182.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference

of wrongdoing on the part of Mr. Polun said allegations are denied.

183.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

184.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

185.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

186.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

187.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

188.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

189.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

190.    Denied.  The allegations contained in this paragraph are directed to a party other

than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

## COUNT XII
## NEGLIGENCE
## PLAINTIFF C.A. v. ELIJAH KATZENELL AND JUAN EGUIGUREN

191.    Mr. Polun incorporates the previous responses as though set forth in full.

192.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

193.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

194.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

195.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

196.    Denied.  The allegations contained in this paragraph are directed to a party other than Mr. Polun.  To the extent the allegations contained in this paragraph contain any inference of wrongdoing on the part of Mr. Polun said allegations are denied.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

**COUNT XIII**
**NEGLIGENCE**
**PLAINTIFF C.A. v. ANDREW POLUN**

197.    Mr. Polun incorporates the previous responses as though set forth in full.

198.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

199.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

200.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

201.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

202.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

203.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

204.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

205.    Denied.  The allegations of this paragraph are conclusions of law to which no further responsive pleading is required.

WHEREFORE, defendant, Andrew Polun, demands judgment against plaintiff dismissing

the Second Amended Complaint with prejudice together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

**CROSS-CLAIM PURSUANT TO F.R.C.P. 13(g) AGAINST DEFENDANTS, VILLANOVA UNIVERSITY, COLLEGE HALL ASSOCIATES, L.P., d/b/a COLLEGE HALL APARTMENTS, a/k/a "THE COURTS", COLLEGE HALL, G.P., d/b/a COLLEGE HALL APARTMENTS, a/k/a "THE COURTS", MARKS & COMPANY USA, INC., d/b/a MARKS & COMPANY, ELIJAH JOSPEH KATZENELL, AND JUAN EGUIGUREN**

206.    Mr. Polun incorporates the previous responses as though set forth in full.

207.    If Plaintiff has suffered damages as alleged in her Second Amended Complaint, said damages being specifically and expressly denied, Villanova University, College Hall Associates, L.P., d/b/a College Hall Apartments, a/k/a "The Court", College Hall, G.P., d/b/a College Hall Apartments, a/k/a "The Courts", Marks & Company USA, Inc., d/b/a Marks & Company, Elijah Joseph Katzenell, and/or Juan Eguiguren may be solely liable, jointly and severally liable, and/or liable over to Mr. Polun by way of contribution and/or indemnity.

WHEREFORE, defendant, Andrew Polun, demands judgment against Villanova University, College Hall Associates, L.P., d/b/a College Hall Apartments, a/k/a "The Court", College Hall, G.P., d/b/a College Hall Apartments, a/k/a "The Courts", Marks & Company USA, Inc., d/b/a Marks & Company, Elijah Joseph Katzenell, and/or Juan Eguiguren together with costs, reasonable attorneys' fees and such other relief as this Court deems equitable and just.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint may fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred by the Doctrine of Waiver.

### THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred by the Doctrine of Estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred by the Doctrine of Laches.

### FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred, in whole or in part, by Plaintiff's failure to mitigate her claims and/or damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by herself and/or persons over whom Mr. Polun had no control.

### SEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred by the applicable Statute of Limitations.

### EIGHTH AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred by the Statute of Frauds.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint may be barred based on the Doctrine of Unclean Hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff may be equitably estopped from making a recovery against Mr. Polun.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no loss or damage(s) by reason of any alleged action(s) or omission(s) of Mr. Polun.

## TWELFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred by the absence of a causal connection between the conduct of Mr. Polun and the harm alleged by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred by the doctrines of Res Judicata and Collateral Estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred by the Doctrine of Contributory Negligence and/or Comparative Negligence pursuant to the Pennsylvania Comparative Negligence Act and/or the Pennsylvania Joint Tortfeasors Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred by Release.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint may be barred by the Doctrine of Unconscionability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages may be barred and/or prohibited, in whole or in part, by operation of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any acts or omissions of Mr. Polun alleged to constitute negligence may not have been the substantial or factual causes of the subject incident and/or may not have resulted in the injuries and/or losses alleged by Plaintiff.

## NINETEETH AFFIRMATIVE DEFENSE

Mr. Polun did not owe or breach any duty owed to Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

Mr. Polun reserves the right to assert additional affirmative defenses as additional

discovery and investigation may reveal.

**McMONAGLE, PERRI, McHUGH,
MISCHAK & DAVIS, P.C.**

Date: <u>02/06/25</u>

<u>/s/ Brian J. McMonagle</u>
Brian J. McMonagle, Esquire
I.D. No. 42394
1845 Walnut Street, Suite 1900
Philadelphia, PA 19103
bmcmonagle@mpmpc.com
(215) 981-0999

Attorneys for Andrew Polun

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Response to Second

Complaint with Affirmative Defense and Cross-Claims was served today upon all parties by way

of ECF electronic filing.


Date: <u>02/06/25</u>                                    /s/ Brian J. McMonagle     
                                                        Brian J. McMonagle, Esquire