## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **C.A.** | **:** |
| | **:** |
| | **:** |
| **v.** | **:** |
| **VILLANOVA UNIVERSITY; COLLEGE** | **:** |
| **HALL ASSOCIATES, L.P. d/b/a COLLEGE** | **:** |
| **HALL APARTMENTS a/k/a "THE** | **:** |
| **COURTS"; MARKS & COMPANY USA,** | **:** |
| **INC., d/b/a MARKS & COMPANY; ELIJAH:** | |
| **JOSEPH KATZENELL; JUAN** | **:** |
| **EGUIGUREN; and ANDREW POLUN** | **:** |
| | **:**     **NO. 2:24-CV-04434-KNS** |

### DEFENDANT ELIJAH JOSEPH KATZENELL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH NEW MATTER AND CROSSCLAIMS

**AND NOW** comes the Defendant, Elijah Joseph Katzenell, by and through his attorneys, Goldberg, Miller & Rubin, P.C. and reply to Plaintiff's Complaint as follows:

### I.     PARTIES

1.  Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

2.  Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

3.  Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

4.  Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

5.  Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

6.  Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

7.  Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

8.  Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

9.  Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the

corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

10. Admitted.

11. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

12. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

**II. VENUE**

13. This is a statement of law, of which no response is required.

14. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

15. This is a statement of law, of which no response is required.

16. Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

17. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

### III. OPERATIVE FACTS

#### a.  VILLANOVA

18. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

19. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

20. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

21. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

22. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

23. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

24. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

25. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

26. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

27. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the

corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

28. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

29. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

30. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

31. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

32. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

33. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

34. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

35. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

36. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

37. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

38. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the

corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

### b.  THE VILLANOVAN ARTICLE

39. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

40. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

41. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

42. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

### c.  "COLLEGE HALL" ("THE COURTS")

43. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the

corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

44. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

45. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

46. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

47. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

48. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

49. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

50. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

51. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

52. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

53. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

### d.  SYLLY NIGHT AT THE COURTS

54. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the

corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

55. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

56. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

57. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

58. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

59. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

60. Denied. Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

61. Denied. Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

62. Denied. Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

63. Denied. Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

64. Denied. Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

65. Denied. Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the

corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

### e. RAPE AND SEXUAL ASSAULT OF C.A.

66. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

67. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

68. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

69. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

70. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

71. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

72. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

73. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

74. Denied as stated.

75. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

76. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

77. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the

corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

78. Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

## IV. CAUSES OF ACTION

### COUNT I

### NEGLIGENCE

79. This is an incorporation paragraph, of which no response is required.

80-95.  Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraphs are directed to other parties and not to the Answering Defendant and that no responsive pleading is required.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

### COUNT II

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

96. This is an incorporation paragraph, of which no response is required.

97-103.     Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraphs are directed to other parties and not to the Answering Defendant and that no responsive pleading is required.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

## COUNT III

## <u>NEGLIGENCE</u>

104.        This is an incorporation paragraph, of which no response is required.

105-131.        Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraphs are directed to other parties and not to the Answering Defendant and that no responsive pleading is required.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

## COUNT IV

## <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

132.        This is an incorporation paragraph, of which no response is required.

133-141.        Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraphs are directed to other parties and not to the Answering Defendant and that no responsive pleading is required.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

**COUNT V**

**RAPE, SEXUAL ASSAULT AND INCDECENT ASSAULT**

142.     This is an incorporation paragraph, of which no response is required.

143.     This is a statement of law, of which no response is required.

144.     This is a statement of law, of which no response is required.

145.     This is a statement of law, of which no response is required.

146.     This is a statement of law, of which no response is required.

147.     Denied.  This count has been dismissed by way of Motion to Dismiss, granted by this Honorable Court on September 8, 2025. ***See September 8, 2025, Order, attached hereto as Exhibit A.***

148.     Denied.  This count has been dismissed by way of Motion to Dismiss, granted by this Honorable Court on September 8, 2025. ***See September 8, 2025, Order, attached hereto as Exhibit A.***

149.     Denied.  This count has been dismissed by way of Motion to Dismiss, granted by this Honorable Court on September 8, 2025. ***See September 8, 2025, Order, attached hereto as Exhibit A.***

150.     Denied.  This count has been dismissed by way of Motion to Dismiss, granted by this Honorable Court on September 8, 2025. ***See September 8, 2025, Order, attached hereto as Exhibit A.***

151.     Denied.  This count has been dismissed by way of Motion to Dismiss, granted by this Honorable Court on September 8, 2025. ***See September 8, 2025, Order, attached hereto as Exhibit A.***

152.     Denied.  This count has been dismissed by way of Motion to Dismiss, granted by this Honorable Court on September 8, 2025. ***See September 8, 2025, Order, attached hereto as Exhibit A.***

153.     Denied.  This count has been dismissed by way of Motion to Dismiss, granted by this Honorable Court on September 8, 2025. ***See September 8, 2025, Order, attached hereto as Exhibit A.***

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

## COUNT VI
### ASSAULT

154.     This is an incorporation paragraph, of which no response is required.

155.     Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

156.     Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

157.     Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive

pleading is required.  Strict proof thereof is demanded at trial, if material.  To the extent, however, that a responsive pleading is required, Answering Defendant denies being careless reckless and/or negligent at any time material or relevant to the instant cause of action and strict proof thereof is demanded at trial, if material.

158.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  To the extent, however, that a responsive pleading is required, Answering Defendant denies being careless reckless and/or negligent at any time material or relevant to the instant cause of action and strict proof thereof is demanded at trial, if material.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

## COUNT VII
### BATTERY

159.    This is an incorporation paragraph, of which no response is required.

160.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

161.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended

Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material.

162.      Denied. Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material.

163.      Denied. Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material.

164.      Denied. Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. To the extent, however, that a responsive pleading is required, Answering Defendant denies being careless reckless and/or negligent at any time material or relevant to the instant cause of action and strict proof thereof is demanded at trial, if material.

165.      Denied. Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. To the extent, however, that a responsive pleading is required, Answering Defendant denies being

careless reckless and/or negligent at any time material or relevant to the instant cause of action and strict proof thereof is demanded at trial, if material.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

**COUNT VIII**

**<u>INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>**

166.     This is an incorporation paragraph, of which no response is required.

167.     Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  To the extent, however, that a responsive pleading is required, Answering Defendant denies being careless reckless and/or negligent at any time material or relevant to the instant cause of action and strict proof thereof is demanded at trial, if material.

168.     Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  To the extent, however, that a responsive pleading is required, Answering Defendant denies being careless reckless and/or negligent at any time material or relevant to the instant cause of action and strict proof thereof is demanded at trial, if material.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

## COUNT IX

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

169.    This is an incorporation paragraph, of which no response is required.

170.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

171.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  To the extent, however, that a responsive pleading is required, Answering Defendant denies being careless reckless and/or negligent at any time material or relevant to the instant cause of action and strict proof thereof is demanded at trial, if material.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

## COUNT X

## <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

172.    This is an incorporation paragraph, of which no response is required.

173-174. Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraphs are directed to other parties and not to the Answering Defendant and that no responsive pleading is required.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

## COUNT XI

## <u>CONSPIRACY</u>

175.    This is an incorporation paragraph, of which no response is required.

176.    Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

177.    Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

178.    Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the

corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

179.     Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

180.     Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

181.     Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

182.     Denied.  Answering Defendant, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint and strict proof thereof is demanded at trial, if material.

183.     Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

184.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

185.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

186.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

187.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

188.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

189.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended

Complaint are automatically deemed denied as conclusions of law to which no responsive

pleading is required. Strict proof thereof is demanded at trial, if material.

190.      Denied. Answering Defendant is advised by counsel and, therefore, aver that the

allegations contained in the corresponding paragraph of the Plaintiff's Second Amended

Complaint are automatically deemed denied as conclusions of law to which no responsive

pleading is required. Strict proof thereof is demanded at trial, if material. To the extent,

however, that a responsive pleading is required, Answering Defendant denies being

careless reckless and/or negligent at any time material or relevant to the instant cause of

action and strict proof thereof is demanded at trial, if material.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended

Complaint be dismissed with prejudice and that judgment be entered in favor of the

Answering Defendant and for such other and further relief as the Court deems just and

proper.

## COUNT XII
## <u>NEGLIGENCE</u>

191.      This is an incorporation paragraph, of which no response is required.

192.      Denied. Answering Defendant is advised by counsel and, therefore, aver that the

allegations contained in the corresponding paragraph of the Plaintiff's Second Amended

Complaint are automatically deemed denied as conclusions of law to which no responsive

pleading is required. Strict proof thereof is demanded at trial, if material.

   a.  Denies participating ins "sylly night";

   b.  Denies knowingly attending a series of parties/gatherings where illicit activities

       would occur and would be encouraged;

c.  Denies knowingly attending a series of parties/gatherings where sexual abuse and/or sexual assault would occur and would be encouraged;

d.  Denies facilitating and/or participating in underage consumption of alcohol;

e.  Denies facilitating and/or participating in alcohol use and/or abuse;

f.  Denies facilitating and/or participating in drug use and/or abuse;

g.  Denies possession of illicit alcohol, drugs or other contraband;

h.  Denies creating, facilitating, and/or participating in an unsafe environment;

i.  Denies creating, facilitating, and/or participating in an unsafe environment for others, including women like C.A.;

j.  Denies facilitating and/or encouraging intoxication of themselves and/or others. Including C.A.;

k.  Denies taking advantage of and/or abusing intoxicated persons, including C.A.;

l.  Denies participating in sexual abuse and/or sexual misconduct;

m.  Denies encouraging sexual abuse and/or sexual misconduct;

n.  Denies video-recording sexual abuse and/or sexual misconduct;

o.  Denies sharing video-recording(s) of sexual abuse and/or sexual misconduct;

p.  Denies celebrating sexual abuser and/or sexual misconduct;

q.  Denies disregarding the physical safety, mental health, an welfare of C.A.;

r.  Denies failing to use reasonable care under the circumstances; and

s.  Denies other negligent and reckless acts that may be learned from information currently and solely in the possession of Defendants.

193.    Denied.  Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended

Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. To the extent, however, that a responsive pleading is required, Answering Defendant denies being careless reckless and/or negligent at any time material or relevant to the instant cause of action and strict proof thereof is demanded at trial, if material.

194.     Denied. Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. To the extent, however, that a responsive pleading is required, Answering Defendant denies being careless reckless and/or negligent at any time material or relevant to the instant cause of action and strict proof thereof is demanded at trial, if material.

195.     Denied. Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. To the extent, however, that a responsive pleading is required, Answering Defendant denies being careless reckless and/or negligent at any time material or relevant to the instant cause of action and strict proof thereof is demanded at trial, if material.

196.     Denied. Answering Defendant is advised by counsel and, therefore, aver that the allegations contained in the corresponding paragraph of the Plaintiff's Second Amended Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. To the extent,

however, that a responsive pleading is required, Answering Defendant denies being

careless reckless and/or negligent at any time material or relevant to the instant cause of

action and strict proof thereof is demanded at trial, if material.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended

Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering

Defendant and for such other and further relief as the Court deems just and proper.

## COUNT XIII
## <u>NEGLIGENCE</u>

197.        This is an incorporation paragraph, of which no response is required.

198-205. Denied. Answering Defendant is advised by counsel and, therefore, avers that the

allegations contained in the corresponding paragraphs are directed to other parties

and not to the Answering Defendant and that no responsive pleading is required.

**WHEREFORE,** Answering Defendant demands that the Plaintiff's Second Amended

Complaint be dismissed with prejudice and that judgment be entered in favor of the

Answering Defendant and for such other and further relief as the Court deems just and

proper.

## <u>**AFFIRMATIVE DEFENSES**</u>

1. The responses contained in paragraphs 1 through 205 of Answering Defendant's Answer

   are incorporated herein by reference.

2. Plaintiff is guilty of negligence, which negligence contributed to her alleged damages and

   Plaintiff is therefore barred from recovery or subject to having same diminished in

   accordance with the Pennsylvania Comparative Negligence Act and the Pennsylvania

   Joint Tortfeasor's Contribution Act.

3. Answering Defendant believes and, therefore, avers that if the Plaintiff sustained the injuries and damages as alleged in the Plaintiff's Second Amended Complaint, said injuries and/or damages were the result of contributory negligence of the Plaintiff.

4. Answering Defendant believes and, therefore, avers that Plaintiff furnished the drugs and alcohol to the Answering Defendant.

5. Answering Defendant believes and, therefore, avers that Plaintiff was aware of Answering Defendant's mental health and substance abuse issues.

6. Answering Defendant believes and, therefore, avers that Plaintiff was encouraging the Answering Defendant to partake in the drugs and alcohol.

7. Answering Defendant believes and, therefore, avers that Plaintiff knew or should have known that encouraging Answering Defendant to imbibe would not only exacerbate these issues, but also likely cause him to "fall off the wagon" and quickly reach a state where he failed to appreciate the consequences, be conscious of, and recall his actions.

8. Answering Defendant did not maliciously, intentionally, recklessly, or without cause illegally or wantonly assault or rape Plaintiff.

9. Plaintiff has failed to state a cause of action upon which relief may be granted.

10. Plaintiff's alleged injuries, proof of which is specifically demanded, may have been the result of the negligent or careless acts and/or omissions of Plaintiff and/or other persons and/or entities over whom Answering Defendant exercised no control.

11. The acts or omissions of other individuals and/or entities may have constituted intervening superseding causes of the damages and/or injuries alleged to have been sustained by Plaintiff. Furthermore, Answering Defendant had no control over such acts or omissions and such acts or omissions were not due to or caused by fault, lack of care,

negligence or breach of any duty of Answering Defendant.

12. The incident, injuries and/or damages sustained by Plaintiff were not proximately caused by Answering Defendant.

13. Plaintiff's action may be barred by the Statute of Limitations.

14. Answering Defendant reserves the right to assert and intends to rely upon any other such affirmative defenses that become available or apparent during the course of this litigation.

**WHEREFORE**, Answering Defendant demands that the Plaintiff's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of the Answering Defendant and for such other and further relief as the Court deems just and proper.

## NEW MATTER CROSSCLAIM AGAINST CO-DEFENDANTS

15. Pursuant to Pa. R.C.P. 1031.1 Defendant herein cross claims against the Co-Defendants Villanova University, College Hall Associates, L.P., College Hall G.P., Marks & Company USA, Inc., Juan Eguiguren, and Andrew Polun. Any and all liability to the Plaintiff, C.A., is denied. But, if the Plaintiff is entitled to a recovery based upon the allegations in the Complaint, said recovery would be predicated upon the acts or omissions of the Co-Defendants, Villanova University, College Hall Associates, L.P., College Hall G.P., Marks & Company USA, Inc., Juan Eguiguren, and Andrew Polun, their agents, servants, workmen, and/or employees.

16. Any recovery which Plaintiff may be entitled to is based upon the acts and omissions of the Co-Defendants Villanova University, College Hall Associates, L.P., College Hall G.P., Marks & Company USA, Inc., Juan Eguiguren, and Andrew Polun, their agents, servants, workmen, and/or employees, whose actions and omissions are primary and active. Any act or omissions by Defendant is passive and secondary.

17. Any recovery which Plaintiff may be entitled to is based upon the acts and omissions of the Co-Defendants Villanova University, College Hall Associates, L.P., College Hall G.P., Marks & Company USA, Inc., Juan Eguiguren, and Andrew Polun, their agents, servants, workmen, and/or employees, who are solely responsible for the Plaintiff's injuries and damages.

**WHEREFORE,** Defendants Villanova University, College Hall Associates, L.P., College Hall G.P., Marks & Company USA, Inc., Juan Eguiguren, and Andrew Polun, due to their negligence are alone liable to the Plaintiff, jointly or severally liable to the Plaintiff and/or liable over Elijah Joseph Katzenell for any of the causes of action declared in the Plaintiff's Second Amended Complaint for the whole of any amount which may be recovered against Elijah Joseph Katzenell.

**GOLDBERG, MILLER & RUBIN, P.C.**

BY:

*Eamon Merrigan*
EAMON MERRIGAN, ESQUIRE
Attorney for Defendant,
Elijah Katzenell

Date: September 22, 2025

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C.A. | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | **CIVIL NO. 24-4434** |
| | : | |
| **VILLANOVA UNIVERSITY et al.** | : | |
| *Defendants* | : | |

## ORDER

**AND NOW**, this **8th day of September 2025**, upon consideration of the following:

1.  Plaintiff's Second Amended Complaint (ECF No. 21);

2.  Villanova University's Motion to Dismiss (ECF No. 25), Plaintiff's Response (ECF No. 40), and Villanova University's Reply (ECF No. 49);

3.  College Hall Associates, L.P., College Gall G.P., and Marks & Co., Inc.'s Motion to Dismiss (ECF No. 30), Plaintiff's Response (ECF No. 55), and Defendants' Reply (ECF No. 58);

4.  Elijah Katzenell's Motion to Dismiss (ECF No. 37) and Plaintiff's Response (ECF No. 48);

5.  Juan Eguiguren's Motion to Dismiss (ECF No. 45), Plaintiff's Response (ECF No. 61), and Eguiguren's Reply (ECF No. 62)

it is hereby **ORDERED** as follows:

1.  Villanova University's Motion to Dismiss is **DENIED**.

2.  College Hall Associates, L.P., College Gall G.P., and Marks & Co., Inc.'s Motion to Dismiss is **GRANTED**.

3. Elijah Katzenell's Motion to Dismiss is **GRANTED**.

4. Juan Eguiguren's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

BY THE COURT:

THE HONORABLE KAI N. SCOTT
U.S. DISTRICT COURT JUDGE