**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| C.A.<br><br>                              Plaintiff,<br><br>            v.<br><br>VILLANOVA UNIVERSITY, et al.,<br><br>                          Defendants. | No. 2:24-cv-04434-KNS<br><br><br><br>JURY DEMANDED |

**DEFENDANT VILLANOVA UNIVERSITY'S ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT
WITH NEW MATTER CROSSCLAIM**

Defendant Villanova University ("Villanova or the "University"), by and through its undersigned counsel, Saul Ewing LLP, hereby answers the Second Amended Complaint (Doc. 21) of Plaintiff C.A. ("Plaintiff" or "C.A.").

The numbered paragraphs and headings of this Answer correspond with the numbered paragraphs and headings of Plaintiff's Second Amended Complaint and, unless specifically admitted herein, each factual allegation in Plaintiff's Second Amended Complaint is denied.

I.    **CONCERNING "PARTIES"**

1.    Admitted, upon information and belief.

2.    Admitted in part and denied in part. Admitted that "C.A." is a pseudonym. Denied that use of a pseudonym is appropriate. By way of further explanation, Plaintiff has not sought relief from Federal Rule of Civil Procedure 10(a) which requires her to "name all the parties" in the civil action.

3.    Admitted in part and denied in part. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all relevant times hereto," and, as such, the allegation that certain facts existed at "all relevant times hereto" is denied. It is admitted that the

University is a private institution founded in 1842 and that the remaining averments of this paragraph describe the University's current offerings, enrollment, and location.

4.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, the University is without knowledge to admit or deny the averments in this paragraph, including whether certain facts existed at "all relevant times hereto," and as such denies the same.

5.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, the University is without knowledge to admit or deny the averments in this paragraph, including whether certain facts existed at "all relevant times hereto," and as such denies the same.

6.    The averments in this paragraph are such that no response is required. To the extent a response is deemed required, admitted.

7.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, the University is without knowledge to admit or deny the averment in this paragraph, including whether certain facts existed at "all relevant times hereto," and as such denies the same.

8.     The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, the University is without knowledge to admit or deny the averments in this paragraph, including whether certain facts existed at "all relevant times hereto," and as such denies the same.

9.     The averment of this paragraph relates to a defendant other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, the University is without knowledge to admit or deny the averment in this paragraph, including whether certain facts existed "at all relevant times hereto," and as such denies the same.

10.     The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, admitted in part and denied in part. It is admitted that Katzenell is an adult individual who was a student in residence at the University at times during academic years 2021-2022 and 2022-2023. The University is without knowledge to admit or deny Katzenell's current address and as such denies the same.

11.     The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, admitted in part and denied in part. It is admitted that Eguiguren is an adult

individual and Ecuadorian national who was a student in residence at the University at times during academic years 2021-2022 and 2022-2023. The University is without knowledge to admit or deny Eguiguren's current address and as such denies the same. The University denies that Eguiguren was an "exchange student."

12.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all relevant times hereto." To the extent a response is deemed required, admitted in part and denied in part. It is admitted that Polun is an adult individual who was a student in residence at the University at times during academic years 2021-2022 and 2022-2023. The University is without knowledge to admit or deny Polun's current address and as such denies the same.

## II.    CONCERNING "VENUE"

13.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

14.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

15.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

16.    The averments in this paragraph are conclusions of law to which no response is required. Moreover, the University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all relevant times." To the extent a response is deemed required, the averments in this paragraph are denied.

17.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

III.    **CONCERNING "OPERATIVE FACTS"**

   A.    **CONCERNING "VILLANOVA"**

   18.    Denied as stated. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto." Admitted that Plaintiff was enrolled as a student at Villanova during academic years 2021-2022 and 2022-2023.

   19.    Denied as stated. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto." Admitted that Plaintiff was a resident of Sheehan Hall on the Villanova campus during the Fall 2022 semester.

   20.    Admitted.

   21.    Denied.

   22.    Denied. By way of further explanation, as described in the University's Annual Security and Fire Safety Report for 2023 (the "2023 ASR," pertaining to calendar years 2020-2022), which Plaintiff incorporates into her Second Amended Complaint by reference, *see* SAC at ¶ 38, the University's Department of Public Safety indeed offered "alcohol education." *See* 2023 ASR at 6 (Attachment A). *See also* 2023 ASR at 16 (describing "University prevention programs related to drug and alcohol misuse prevention"). The University annually publishes its "Drug and Alcohol Policy" in its ASR, as well as its Student Handbook. Appended to this Answer are the University's Annual Security and Fire Safety Report for 2022 ("2022 ASR") (Attachment B), Student Handbook 2022-2023 (Attachment C), and Student Handbook 2021-2022 (Attachment D). As described in the ASR and Student Handbook, the University also offers alcohol and drug-related resources to students. Promotional materials used during academic years 2021-2022 and 2022-2023 are attached hereto as Attachments E – G; *see also* Attachment KK.

   In academic year 2022-2023, all residential students, including second year / sophomore students like C.A., were required to attend mandatory "floor meetings" with their Resident

Assistants, *see* 2023 ASR at 37, at which they were provided information about the University's alcohol and drug policies, including its amnesty policy, encouraging students to seek medical assistance when necessary without facing discipline. The itinerary for the floor meeting C.A. was required to attend in 2022 is appended hereto as Attachment H; *see also* Attachment LL.

Resident Assistants received extensive training on the University's alcohol and drug related policies, including the protocol to follow when alcohol or drug related violations are observed; "recognizing symptoms of an alcohol or drug emergency" and how to respond "if you observe any symptoms of intoxication"; collaborating with public safety and EMS, including "calling for an intoxication evaluation"; and documenting incidents in incident reports to be used in later disciplinary proceedings. *See* Attachments I – L; *see also* Attachment MM.

This University's response to this paragraph 22 is not an exhaustive description of the University's instruction and guidance regarding on- and off-campus alcohol and/or drug use and/or abuse to returning students, including second year / sophomore students like C.A. in academic year 2022-2023.

23.    Denied. By way of further explanation, in academic year 2022-2023, all residential students, including second year / sophomore students like C.A., were required to attend mandatory "floor meetings" with their Resident Assistants, which "include[d] specific information about sexual violence on college campuses, along with campus and community resources." *See* 2023 ASR at 37. As noted, the itinerary for the floor meeting C.A. was required to attend in 2022 is appended hereto as Attachment H. It addressed:

- definitions of sexual misconduct;
- that the "[f]irst 6-10 weeks of [the] semester when many students are going to parties and social events to celebrate their arrival on (or return to) campus" is a time of "increased risk for unwanted sexual experiences";
- that "[a]lcohol is the #1 predatory drug";
- that "[m]ost students know the person who assaulted them";

- the definition and importance of consent;
- the "buddy system" and bystander intervention; and
- available resources, including from the Resident Assistant and others in residential living, the Sexual assault Resource Coordinator, the Title IX Coordinator and Investigator, the Student Health Center, the Counseling Center, the Office for Intercultural Affairs, the dean of Students Office, and individuals in Mission & Ministry.

In addition to the foregoing, all upper-class residential students were, upon returning to campus in Fall 2022, given a "Sexual Violence Resource Booklet" by their Resident Assistants, which "highlight[s] Villanova policy and Pennsylvania law regarding sexual violence; campus and community resources; general information about sexual violence on college campuses; [and] safe and effective bystander intervention strategies." *See* 2023 ASR at 35. A copy of the booklet shared in academic year 2022-2023 is appended hereto as Attachment M; *see also* Attachment NN. This resource was also shared electronically with all students through the Wildcat Newswire at the beginning of the academic year, *see* 2023 ASR at 35, and sexual violence resource information was also shared with students and their families in August 2022. *See* Attachments N-O.

Materials used to train Resident Assistants on issues specific to sexual misconduct for Fall 2022 are appended as Attachments P – R; *see also* Attachment NN. They cover such issues as available resources, how to support someone who discloses sexual violence, definitions of sexual misconduct, and the mandatory reporting responsibilities of Resident Assistants, who are *required* to report disclosures to University personnel. Similar expectations attach to Villanova students who volunteer to support orientation activities ("OSMs"), and who are trained on these responsibilities. *See* Attachment S; *see also* Attachment NN.

Returning students were also encouraged to download the Nova Now app, "which includes the Sexual Assault Villanova University Resources (SAVUR) channel," and "[f]lyers about sexual misconduct and resources [we]re posted in residence hall bathrooms and other University

buildings." *See* 2023 ASR at 31. Copies of such flyers in use in 2022 and 2021 are appended hereto as Attachment T; *see also* Attachment NN.

As described in the 2023 ASR, the Department of Public Safety offered training to students – including returning students like C.A. – on topics including "personal safety awareness," "sexual assault awareness," and "the Rape Aggression Defense (RAD) self-defense course," including approximately twenty-five (25) such programs in 2022. *See* 2023 ASR at 6. The University also offered, "[t]hroughout the year, programs and campaigns designed to promote a healthy campus culture and strategies to prevent sexual misconduct…." *Id.* at 31. Such programs were offered by numerous University offices and actors, including Residence Life, and addressed topics such as "risk reduction" and "the added risks [of sexual assault] involved when the use of alcohol and/or illegal drugs is present." *Id.*

Each year's ASR, as required by law, is freely available to students like C.A. and provides other instruction and guidance regarding sexual misconduct, including a thorough review of the University's Sexual Misconduct Policy, procedures to follow if an incident of sexual misconduct occurs, campus and community resources (both confidential and non-confidential), and information about bystander intervention and risk reduction. The 2023 ASR, at 35-37, includes a full list of "Sexual Misconduct Prevention and Education Efforts." Similar information is also found in the Student Handbook, and the University's Sexual Misconduct Policy itself. *See* Attachment U (adopted August 14, 2020, and in effect for academic years 2021-2022 and 2022-2023). The Sexual Misconduct Policy reads, in relevant part:

> "Sexual misconduct is never excused because a person is intoxicated or impaired by alcohol or other drugs, and the consumption of alcohol or drugs does not diminish one's responsibility to obtain consent. The University considers sexual contact while under the influence of alcohol or other drugs to be risky behavior because people may abuse the impaired condition of another to commit sexual misconduct. Alcohol and other drugs impair a person's decision-making capacity,

8

awareness of the consequences, and ability to make informed judgments. The use of alcohol or other drugs can limit a person's ability to freely, affirmatively, and clearly give consent and can create an atmosphere of confusion over whether or not consent has been freely, affirmatively, and clearly sought or given. The perspective of a reasonable person will be the basis for determining whether a Respondent should have been aware of the extent to which the use of alcohol or other drugs impacted a Complainant's ability to give consent."

This University's response to this paragraph 23 is not an exhaustive description of the University's instruction or guidance regarding sexual abuse and/or misconduct to returning students or sophomores including C.A. in academic year 2022-2023.

24.    Admitted.

25.    Denied. By way of further explanation, as described in the 2022 ASR, at 16, all first year students during C.A.'s first / freshman year were "required to satisfactorily complete an online alcohol education program called AlcoholEdu for College." The University sent official correspondence to parents over the summer advising of the required training. *See* Attachment V. Students and parents were also sent a copy of a publication entitled "Transitions: A First Year Family's Guide to Villanova" ("Transitions") which addresses on- and off-campus drug and alcohol use at length, including noting that "[a]buse of alcohol has been consistently associated with higher incidences of unplanned sexual activity, sexual and physical violence, injury, trouble with campus and local law enforcement, and fatality" and that "[f]irst-year students are at even greater risk for these consequences in the first six weeks of their first semester on campus"; Transitions also emphasizes the mandatory training as well as other elective opportunities to students and parents. *See* Attachment W.

As noted in the University's response to paragraph 23, the University also provides extensive training to Resident Assistants, with whom students are require to attend mandatory floor meetings during orientation, on topics including the University's alcohol and drug related policies,

including the protocol to follow when alcohol or drug related violations are observed; recognizing symptoms of an alcohol or drug emergency and how to respond in such cases; collaborating with public safety and EMS, including calling for an intoxication evaluation; and documenting incidents in incident reports to be used in later disciplinary proceedings. The trainings used for Fall 2021 are appended as Attachments X – Y; *see also* Attachment MM. The University makes additional alcohol and drug related resources available to all students. These efforts for C.A.'s first / freshman year are detailed in the 2022 ASR at 6, 16. The ASR also includes the University's Drug and Alcohol Policy, as does the Student Handbook.

This University's response to this paragraph 25 is not an exhaustive description of the University's instruction or guidance regarding on- or off-campus alcohol and/or drug use and/or abuse during Fall 2021, when C.A. was a first year / freshman student.

26.     Denied. As described in the 2022 ASR at 32-33, all first year students in academic year 2021-2022, including C.A., were required to complete the online Sexual Assault Prevention for Undergraduates ("SAPU") course. The University sent official correspondence to parents over the summer in 2021 advising of the required training. *See* Attachment V. Students and parents were also sent a copy of "Transitions," which addresses sexual misconduct at length, and again emphasizes the mandatory training as well as other elective opportunities. *See* Attachment W. "Transitions" specifically emphasizes to students and parents that "[a]buse of alcohol has been consistently associated with higher incidences of unplanned sexual activity, sexual and physical violence, injury, trouble with campus and local law enforcement, and fatality" and that "[f]irst-year students are at even greater risk for these consequences in the first six weeks of their first semester on campus." *Id.* First year students were also "encouraged to download the Nova Now app which includes the Sexual Assault Villanova University Resources (SAVUR) channel," and

"[f]lyers about sexual misconduct and resources [we]re posted in residence hall bathrooms and other University buildings." *See* 2022 ASR at 32; *see also* Attachment T.

First year students such as Plaintiff were also, in Fall 2021, required to attend, as part of New Student Orientation, "Moments That Matter," a program "focused on high-risk alcohol use and sexual violence, with a particular focus on safe and effective bystander intervention skills, consent, survivor support and campus resources." 2022 ASR at 33. Appended to this Answer are materials used in the Moments That Matter presentation for 2021, C.A.'s first / freshman year. *See* Attachments Z – BB; *see also* Attachment NN.

First year students were also given a "Sexual Violence Resource Booklet" at New Student Orientation in 2021, which "highlight[s] Villanova policy and Pennsylvania law regarding sexual violence; campus and community resources; general information about sexual violence on college campuses; [and] safe and effective bystander intervention strategies." 2022 ASR at 33. *See also* Attachment CC. The 2021 Resource Booklet was also distributed electronically. *Id.* at 35.

In addition to programming in connection to orientation and enrollment at the University, the University's standard offerings for all students were also available to C.A. during her first / freshman year. The Department of Public Safety offered training on topics including "personal safety awareness," "sexual assault awareness," and "the Rape Aggression Defense (RAD) self-defense course." 2022 ASR at 6. The University also offered, "[t]hroughout the year, programs and campaigns designed to promote a healthy campus culture and strategies to prevent sexual misconduct…." *Id.* at 29. Such programs were offered by numerous University offices and actors, including Residence Life, and addressed topics such as "risk reduction" and "the added risks [of sexual assault] involved when the use of alcohol and/or illegal drugs is present." *Id.* Also as described in the University's response to paragraph 23, Resident Assistants – who have mandatory

11

reporting responsibilities under the University's Sexual Misconduct Policy – received extensive training on issues specific to sexual misconduct.

Each year's ASR, as required by law, is freely available to students like C.A. and, during C.A.'s freshman / first year, provided other instruction and guidance regarding sexual misconduct, including a thorough review of the University's Sexual Misconduct Policy, procedures to follow if an incident of sexual misconduct occurs, campus and community resources (both confidential and non-confidential), and information about bystander intervention and risk reduction. The 2022 ASR, at 33-35, includes a full list of "Sexual Misconduct Prevention and Education Efforts."

This University's response to this paragraph 26 is not an exhaustive description of the University's instruction or guidance regarding sexual abuse and/or misconduct during Fall 2021, when C.A. was a first year / freshman student.

27.    Denied. By way of further explanation, the University's extensive warnings to students about on- and off-campus alcohol and/or drug use are detailed in its responses to paragraphs 22 and 25. The University also explicitly warned students and their families about the consequences of attending off-campus parties. For example, in "Transitions" during C.A.'s first / freshman year, at 40, the University provided "A Warning About Off-Campus Parties" to students and parents, as follows:

> Students occasionally venture to off-campus parties hosted by upper-level students. The University does not supervise these parties. Villanova spends a great deal of time educating our first-year students about making safe choices and providing them with on-campus social events. One message we stress, especially to new students, is to be careful and always to travel in groups. While the Villanova area is viewed as a safe environment, we wouldn't want anyone to be stranded off campus. During the first few weeks of school, it's difficult to judge who to trust, so it's wise for students to be cautious when going off campus. In addition, the local communities do not tolerate underage drinking, and they are aggressive in enforcing the law and issuing citations.

> In "Transitions," the University also emphasized to students and parents that "[a]buse of

alcohol has been consistently associated with higher incidences of unplanned sexual activity, sexual and physical violence, injury, trouble with campus and local law enforcement, and fatality" and that "[f]irst-year students are at even greater risk for these consequences in the first six weeks of their first semester on campus." *Id.* And, as noted, the Sexual Misconduct Policy, which is prominently featured in each year's ASR and Student Handbook, reads, in relevant part:

> "Sexual misconduct is never excused because a person is intoxicated or impaired by alcohol or other drugs, and the consumption of alcohol or drugs does not diminish one's responsibility to obtain consent. The University considers sexual contact while under the influence of alcohol or other drugs to be risky behavior because people may abuse the impaired condition of another to commit sexual misconduct. Alcohol and other drugs impair a person's decision-making capacity, awareness of the consequences, and ability to make informed judgments. The use of alcohol or other drugs can limit a person's ability to freely, affirmatively, and clearly give consent and can create an atmosphere of confusion over whether or not consent has been freely, affirmatively, and clearly sought or given. The perspective of a reasonable person will be the basis for determining whether a Respondent should have been aware of the extent to which the use of alcohol or other drugs impacted a Complainant's ability to give consent."

This University's response to this paragraph 27 is not an exhaustive description of the University's warnings regarding on- or off-campus alcohol and/or drug use and/or abuse during academic years 2021-2022 and 2022-2023.

28.     The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto," and, as such, the allegation that certain facts existed at "all times relevant hereto" is denied. By way of further explanation, *see* the University's responses to paragraphs 22, 23, 25, 26, and 27.

29.     Admitted, for undergraduate students.

30.     The University is without knowledge to admit or deny how any individual students at Villanova, including Plaintiff, use or interpret the term "sylly week," which is not an official term used by the University, and as such denies the averments of this paragraph. By way of further

explanation, upon information and belief, the term "sylly week" or "syllabus week" is a term used by students at many institutions of higher education to refer to the first week of classes.

31.    The University is without knowledge to admit or deny when unnamed students at Villanova may have had or attended social events, or how "some" unnamed students at Villanova "may" use or interpret the term "sylly night," which is not an official term used by the University. As such, the averments of this paragraph are denied.

32.    Denied. By way of further explanation, many Villanova students, both those under the age of 21 and those over the age of 21, do not attend parties, drink alcohol, become intoxicated, and act in an irrational manner on the evening of the first day of classes or on other dates, and as such, any reference to "Villanova students" writ large engaging in such behaviors is inaccurate and misleading.

33.    The University is without knowledge to admit or deny what constitutes a "large percentage" of its more than 10,000 students, and is not apprised of how many, if any, of its students may be present at off-campus locations over which the University has no authority or control, The Courts or otherwise, either on the evening of the first day of classes or on other dates. As such, the University denies the averments of this paragraph.

34.    Denied as stated. Admitted that, upon information and belief, Plaintiff was present at The Courts for some period on the evening of August 24, 2022.

35.    Admitted.

36.    Denied as stated. Admitted that, upon information and belief, Plaintiff imbibed alcoholic beverages at The Courts on the evening of August 24, 2022. The University is without knowledge to admit or deny whether this occurred in "multiple apartments" and as such denies the remaining averments of this paragraph.

37.    The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto," and, as such, the allegation that certain facts existed at "all times relevant hereto" is denied. By way of further explanation, the University's extensive warnings to students about alcohol and drug use, and sexual misconduct, are detailed in the University's responses to paragraphs 22, 23, 25, 26, and 27.

38.    Admitted in part and denied in material part. Admitted that the University publishes an Annual Security and Fire Safety Report (each an "ASR," also known as a "Clery Report") in satisfaction of its obligations under the Jeanne Clery Campus Safety Act (the "Clery Act," formerly the 'Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act"). Admitted that, per the Clery Act's implementing regulations, 34 CFR 668.46, a copy of which is appended to this Answer as Attachment DD, the ASR contains "crime statistics" pertaining to reports of certain criminal offenses, including rape, fondling, stalking, dating violence, and liquor and drug law violations. By way of further explanation, the ASR's crime statistics reflect all crimes which are reported to "campus security authorities," and which occur within an institution's "Clery geography" in a calendar year, [1] regardless of whether the offense is substantiated and regardless

---

[1] A campus security authority or "CSA" is "(i) A campus police department or a campus security department of an institution. (ii) Any individual or individuals who have responsibility for campus security but who do not constitute a campus police department or a campus security department under paragraph (i) of this definition, such as an individual who is responsible for monitoring entrance into institutional property. (iii) Any individual or organization specified in an institution's statement of campus security policy as an individual or organization to which students and employees should report criminal offenses. (iv) An official of an institution who has significant responsibility for student and campus activities, including, but not limited to, student housing, student discipline, and campus judicial proceedings." *See* 34 CFR 668.46(a).

**Crucially**, because the University requires that "All employees (except for confidential resources listed in Section IV.B [of the Sexual Misconduct Policy]) must report any and all incidents of sexual misconduct to the Title IX Coordinator or a Deputy Title IX Coordinator (as outlined in the Title IX Notice contained in Appendix C), regardless of where or when the incident occurred and whether or not the 'responsible employee' witnessed the incident or learned of it through the Complainant, Respondent or a third party," **all incidents of sexual misconduct reported to all**

of whether the offense even *occurred* in that year, as opposed to being *reported* in that year. *See* 34 CFR 668.46(c)(3).

Admitted that Villanova's 2023 ASR reported, in part, the following statistics for reports made during the years 2020, 2021 and 2022:

| Incident Type | 2020 | 2021 | 2022 |
|---|---|---|---|
| Rape (on campus) | 3 | 13 | 10 |
| Fondling (on campus) | 1 | 7 | 3 |
| Stalking (on campus) | 2 | 5 | 1 |
| Dating Violence (on campus) | 0 | 2 | 10 |
| Liquor Law Referrals (on campus, non campus, and public property) | 358 | 355 | 271 |
| Drug Law Referrals (on campus, non campus, and public property) | 44 | 29 | 45 |

By way of further explanation, an ASR does not provide the date of report or occurrence, if different, of the crime reported to CSAs. But, the Clery Act obligates the University to maintain a daily crime log which is "open to public inspection" and which records, in part, "[t]he nature, date, time, and general location of each crime" which is so reported. *See* 34 CFR 668.46(f). The first day of classes in academic year 2020-2021 was August 24, 2020; the first day of classes in academic year 2021-2022 was August 23, 2021; and the first day of classes in academic year 2022-2023 was August 24, 2022, per the University's published Academic Calendars applicable to those years, copies of which are appended to this Answer as Attachment EE – GG, respectively (they are also located in each year's Student Handbook).

---

**non-confidential employees are reported to a Campus Security Authority and those which occur within Clery geography are recorded for public view**. Sexual Misconduct Policy at 6.

An institution's Clery geography includes "(A) Buildings and property that are part of the institution's campus; (B) The institution's noncampus buildings and property; and (C) Public property within or immediately adjacent to and accessible from the campus." *Id*.

The daily crime logs reflecting all reports of "rape" as defined by the Clery Act regulations during calendar years 2020, 2021, and 2022 are appended to this Answer, collectively, as Attachment HH. Other than the daily crime log which reflects the exact incident at issue in this litigation, they do not reflect that any offense was reported to have occurred on any of the first days of class noted above or the dates immediately following.

| Year | Evening of First Day of Classes | Number of Incidents of Rape as defined by Clery Act (on campus) Reported |
|------|--------------------------------|--------------------------------------------------------------------------|
| 2020 | August 24, 2020 (into August 25) | 0 |
| 2021 | August 23, 2021 (into August 24) | 0 |
| 2022 | August 24, 2022 (into August 25) | 1 |

The remaining averments of this paragraph are denied.

## B.    CONCERNING "THE VILLANOVAN ARTICLE"

39.    Denied in part. The Villanovan is headquartered in Villanova, Pennsylvania. The remaining averments of this paragraph are admitted.

40.    This paragraph cites a written document (hereafter, "The Villanovan Article") that speaks for itself and, as such, no response is required. *See* Attachment II. To the extent a response is deemed required, admitted.

41.    This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, admitted that these quotations appear in The Villanovan Article. By way of further explanation, these statements, if true, reflect that approximately 99% of Villanova students do not live at The Courts; that there were only three calls to police about College Hall during the first two weeks of the Fall 2022 semester; and that the University conducts "follow up" and imposes "consequences" when alerted to conduct occurring at The Courts involving Villanova students.

42.     The University lacks information sufficient to admit or deny the averments of this paragraph, including what Plaintiff means by the phrase "at all relevant times hereto and prior," and, as such, the averments, including that certain facts existed at "all relevant times hereto and prior," are denied.

**C.     CONCERNING "COLLEGE HALL ('THE COURTS')"**

43.     Denied. The number of Villanova students who choose to live at College Hall or other places of residence in proximity to the University's campus varies on an annual basis. For academic year 2022-2023, the University is aware of 72 students residing at College Hall. A similar number of students resided at College Hall in the three preceding years as well; *see also* Attachment MM.

44.     The averments of this paragraph relate to a defendant other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the views Lower Merion Township and its police, fire, and EMS have of College Hall and as such the averments of this paragraph are denied.

45.     The averments of this paragraph relate to a defendant other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the activities of students matriculated at Villanova or at other institutions of higher education in the vicinity who reside at College Hall, as College Hall is an off-campus residence outside the University's authority and control, and, as such, the averments of this paragraph are denied.

46.     The averments of this paragraph relate to a defendant other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny averments about any complaints received by Lower Merion Township or the Lower Merion Police Department, and the University is not situated to receive

"complaints" about off-campus premises over which it has no authority or control, and as such, the averments of this paragraph are denied.

47.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this paragraph purports to cite a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, denied. By way of further explanation, this documentation was not appended to Plaintiff's Second Amended Complaint and the reliability and/or relevance of this documentation, if any, is unknown.

48.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this paragraph purports to cite a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, denied. By way of further explanation, this documentation was not appended to Plaintiff's Second Amended Complaint and the reliability and/or relevance of this documentation, if any, is unknown.

49.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this paragraph purports to cite a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, denied. By way of further explanation, this documentation was not appended to Plaintiff's Second Amended Complaint and the reliability and/or relevance of this documentation, if any, is unknown.

50.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this paragraph purports to describe written documents that speak for themselves and, as such, no response is required. To the extent a response is deemed required, denied. By way of further explanation, this documentation was not appended to Plaintiff's Second Amended Complaint and the reliability and/or relevance of this documentation, if any, is unknown.

51.     The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, denied. By way of further explanation, this documentation was not appended to Plaintiff's Second Amended Complaint and the relevance of this documentation, if any, is unknown.

52.     The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreoever, the University lacks information sufficient to admit or deny the averments, including what Plaintiff means by the phrase "at all relevant times hereto and prior," and, as such, the averments, including that certain facts existed at "all relevant times hereto prior," are denied.

53.     The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, the University lacks information sufficient to admit or deny the averments, including what Plaintiff means by the phrase "at all relevant times hereto and prior," and, as such, the averments, including that certain facts existed at "all relevant times hereto and prior," are denied.

**D.     CONCERNING "SYLLY NIGHT AT THE COURTS"**

54.     Denied as stated. Admitted that, upon information and belief, Plaintiff was present at The Courts for some period on the evening of August 24, 2022.

55.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

56.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

57.     The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

58.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

59.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

60.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

61.    Admitted, upon information and belief, that Plaintiff consumed alcoholic beverages while at The Courts.

62.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

63.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

64.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

65.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied as stated. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff reported being "drunk" when she left "an off-campus party" at approximately 12:15 a.m. on August 25, 2022. *See* Attachment JJ.

### E.    CONCERNING "RAPE AND SEXUAL ASSAULT OF C.A."

66.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied as stated. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff reported being

"drunk" when she returned to campus at approximately 12:15 a.m. on August 25, 2022 with "friends to include her roommate."

67.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied as stated. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff reported that at approximately 12:41 a.m. she "exchanged a message on Snapchat" with Katzenell and that "after this exchange she went to Katzenell's on-campus residence in Sheehan Hall #202."

68.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied.

69.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied as stated. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff reported that upon her arrival in Katzenell's dorm room at approximately 1:00 a.m., Eguiguren was present, and she recalled Polun entering sometime thereafter.

70.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied as stated. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff reported that she consumed alcohol in Katzenell's room, "from a bottle of [v]odka she brought to the room."

71.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied as stated. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff reported that her next memory after consuming alcohol in Katzenell's room was around 2:00 p.m. "when she awoke in her dorm room bed wearing some else's 'T' shirt and no underwear."

72.    The University is without knowledge to admit or deny the averments of this paragraph. To the extent a response is deemed required, denied as stated. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff reported that "after she awoke, she went to Katzenell's room to meet with him, and he told her they had sex…."

73.    Admitted.

74.    Admitted.

75.    This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, denied as stated. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, video of Plaintiff captured in Katzenell's room shows Plaintiff acting in a manner "consistent with someone who is unconscious."

76.    This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, denied as stated. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Polun admitted that he could be seen in the video recorded by Eguiguren and that at approximately 1:24 a.m., C.A. was "noticeably drunk."

77.    This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, denied as stated. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Polun and Eguigurn both admitted that they assisted Katzenell in transporting C.A. from Katzenell's dorm room to the ground floor bathroom at approximately 2:30 a.m. and that sometime after 2:30 a.m. Eguigurn knocked on C.A.'s roommate's door and told her that C.A. "needed her assistance in the ground floor bathroom of Sheehan Hall."

78.     The University is without knowledge to admit or deny the averments of this paragraph. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff's roommate reported that neither Katzenell, Polun, nor Eguiguren "appeared 'drunk' to her."

## IV.    CONCERNING "CAUSES OF ACTION"

### COUNT I
### NEGLIGENCE
### PLAINTIFF C.A. v. VILLANOVA

79.     This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

80.     The averments in this paragraph are conclusions of law to which no response is required, and they are denied. Moreoever, the University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto," and, as such, the allegation that certain facts existed at "all times relevant hereto" is denied.

81.     The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

82.     The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

83.     The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

84.     The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

85.     The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

86.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, the averments in this paragraph are denied.

87.    Denied as stated. The University is not aware of having made the precise statement that its "campus is a safe and secure environment for learning." But, it is admitted that the University works hard to promote campus safety, as described in the 2023 ASR ("Public Safety prides itself on community engagement, educational programming and communication to support its overarching goal of a safe and secure campus").

88.    This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, admitted.

89.    This paragraph cites a written document that speaks for itself and, as such, no response is required. To the extent a response is deemed required, denied that the written document "embodies" anything other than the words it contains.

90.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied. By way of further explanation, the fact that the University publishes its crime statistics in its ASR proves that the University did *not* misrepresent the safety of its campus. Plaintiff has not alleged that the crime statistics are inaccurate or incomplete.

91.    Denied as legal conclusions to which no response is required. To the extent a response is deemed required, denied. By way of further explanation, as described in the University's responses to paragraphs 22, 23, 25, 26, 27, and 38 and as reflected in the numerous Attachments incorporated by reference therein, the University demonstrably *did* (a) warn its students, including C.A., about use of alcohol and drugs on-campus; (b) warn its students, including C.A., about sexual misconduct on campus; (c) warn its students, including C.A., about

25

the use of alcohol and drugs off-campus; (d, j) warn its students, including C.A., about the increased risk of harm during the first six to ten weeks of the academic year; (e) warn its students, including C.A., that alcohol and drug use may increase risk of harm to sexual misconduct; (h) provide security on campus, including in residence halls; (i) make mental health and medical assistance available to students; (k, l, m, o) staff the residence halls with Resident Assistants who were specifically trained to detect and respond to drug and alcohol-related policy violations, as well as emergencies involving intoxicated students; and (n) require students to attend mandatory "floor meetings" with Resident Assistants at which alcohol and drug use and sexual misconduct are discussed.

This Court has already ruled (f, g) that the University had no duty for "actions or omissions made by The Courts because it is an off-campus residence complex over which Villanova has no authority." See September 8, 2025 Memorandum Opinion (Doc. 70). The University specifically denies (p, q, r) that it acted in an unsafe, unreasonable, negligent, or reckless manner and, in any event, these averments are conclusions of law to which no response is required.

92. The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

93. The averments in this paragraph about the proximate cause of Plaintiff's alleged damages are conclusions of law to which no response is required. To the extent a response is deemed required, denied. By way of further explanation, Villanova in no way caused Katzenell to sexually assault Plaintiff, alone or in concert with others.

94. The University is without knowledge to admit or deny the averments of this paragraph pertaining to Plaintiff's injuries. To the extent a response is deemed required, denied. The remaining averments in this paragraph are conclusions of law to which no response is required.

To the extent a response is deemed required, denied. The University specifically denies that it was the proximate cause of any of Plaintiff's purported damages.

95.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied. The University specifically denies that it was the cause of any of Plaintiff's purported damages.

**COUNT II**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFF C.A. v. VILLANOVA**

96.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

97.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

98.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

99.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied. By way of further explanation, Villanova did not have or breach any duty to Plaintiff.

100.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied. By way of further explanation, Villanova did not have or breach any duty to Plaintiff.

101.    The University is without knowledge to admit or deny the averments of this paragraph pertaining to Plaintiff's injuries. To the extent a response is deemed required, denied. The remaining averments in this paragraph are conclusions of law to which no response is required.

To the extent a response is deemed required, denied. By way of further explanation, Villanova did not breach any duty to Plaintiff, and even if it did, it did not proximately cause Plaintiff to be sexually assaulted.

102.    The averments in this paragraph are such that no response is required. To the extent a response is deemed required, it is admitted that Plaintiff seeks punitive damages. It is denied that Plaintiff is entitled to same. The remaining averments of this paragraph are denied.

103.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed required, denied.

**COUNT III**
**NEGLIGENCE**
**PLAINTIFF C.A. v. THE COLLEGE HALL DEFENDANTS AND MARKS**

104.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

105.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, including what Plaintiff means by the phrase "at all relevant times hereto," and as such denies the same.

106.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the

averments, including what Plaintiff means by the phrase "at all relevant times hereto," and as such denies the same.

107.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

108.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

109.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

110.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

111.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

112.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

113.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

114.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, including what Plaintiff means by the phrase "at all times relevant hereto," and as such denies the same.

115.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response

is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, including what Plaintiff means by the phrase "at all times relevant hereto," and as such denies the same.

116.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, denied as stated. Admitted that, upon information and belief, Plaintiff was present at College Hall for some period on the evening of August 24, 2022.

117.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

118.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

119.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, denied as stated.  By way of further explanation, pursuant to

the Affidavit of Probable Cause in this matter, Plaintiff reported being "drunk" when she left "an off-campus party" at approximately 12:15 a.m. on August 25, 2022.

120.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

121.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

122.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

123.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the

extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

124.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

125.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

126.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

127.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way

of further response, the averment in this paragraph that the College Hall Defendants and Marks'
conduct was negligent, reckless, or outrageous is a conclusion of law to which no response is
required. To the extent a response is deemed required, the University is without knowledge to
admit or deny the averments, and as such denies the same.

128.    The averments of this paragraph relate to defendants other than the University and
as such, no response is required. Moreover, this claim was dismissed and, therefore, no response
is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way
of further response, the averments in this paragraph represent legal conclusions to which no
response is required. To the extent a response is deemed required, the University is without
knowledge to admit or deny the averments, and as such denies the same.

129.    The averments of this paragraph relate to defendants other than the University and
as such, no response is required. Moreover, this claim was dismissed and, therefore, no response
is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way
of further response, the averments in this paragraph represent legal conclusions to which no
response is required. To the extent a response is deemed required, the University is without
knowledge to admit or deny the averments, and as such denies the same.

130.    The averments of this paragraph relate to defendants other than the University and
as such, no response is required. Moreover, this claim was dismissed and, therefore, no response
is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way
of further response, the averments in this paragraph represent legal conclusions to which no
response is required. To the extent a response is deemed required, the University is without
knowledge to admit or deny the averments, and as such denies the same.

131.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

### COUNT IV
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF C.A. v. THE COLLEGE HALL DEFENDANTS AND MARKS

132.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

133.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

134.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

135.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

136.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

137.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

138.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no

response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

139.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

140.    The averments of this paragraph are such to which no response is required. Moreover, this paragraph relates to defendants other than the University; this claim was dismissed, *see* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70); and the averments in this paragraph represent legal conclusions, all to which no response is required. To the extent a response is deemed required, it is admitted that Plaintiff seeks punitive damages. The remaining averments of this paragraph are denied.

141.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

## COUNT V
## RAPE, SEXUAL ASSAULT AND INDECENT ASSAULT
## PLAINTIFF C.A. v. ELIJAH KATZENELL

142.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

143.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). This paragraph cites a written statute that speaks for itself and, as such, no response is required. To the extent a response is deemed required, admitted.

144.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). This paragraph cites a written statute that speaks for itself and, as such, no response is required. To the extent a response is deemed required, admitted.

145.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). This paragraph cites a written statute that speaks for itself and, as such, no response is required. To the extent a response is deemed required, admitted.

146.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). This paragraph cites a written statute that speaks for itself and, as such, no response is required. To the extent a response is deemed required, admitted.

147.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, denied as stated. It is admitted that Katzenell was convicted of the Sexual Assault of Plaintiff.

148.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, denied as stated. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto," and, as such, the allegation that certain facts existed at "all times relevant hereto" is denied. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, video of Plaintiff captured in Katzenell's room shows Plaintiff acting in a manner "consistent with someone who is unconscious."

149.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, denied as stated. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto," and, as such, the allegation that certain facts existed at "all times relevant hereto" is denied. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, video of Plaintiff captured

in Katzenell's room shows Plaintiff acting in a manner "consistent with someone who is unconscious," and Katzenell was convicted of the Sexual Assault of Plaintiff.

150. The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, denied as stated. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto," and, as such, the allegation that certain facts existed at "all times relevant hereto" is denied. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, video of Plaintiff captured in Katzenell's room shows Plaintiff acting in a manner "consistent with someone who is unconscious," and Katzenell was convicted of the Sexual Assault of Plaintiff.

151. The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). To the extent a response is deemed required, denied as stated. The University lacks information sufficient to admit or deny what Plaintiff means by the phrase "at all times relevant hereto," and, as such, the allegation that certain facts existed at "all times relevant hereto" is denied. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, video of Plaintiff captured in Katzenell's room shows Plaintiff acting in a manner "consistent with someone who is unconscious," and Katzenell was convicted of the Sexual Assault of Plaintiff.

152. The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way

of further response, the averments in this paragraph about the causation of Plaintiff's injuries represent legal conclusions to which no response is required. To the extent a response is deemed required, denied.

153.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, this claim was dismissed and, therefore, no response is required. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). And, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, denied.

**COUNT VI**
**ASSAULT**
**PLAINTIFF C.A. v. ELIJAH KATZENELL**

154.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

155.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. To the extent a response is deemed required, denied as stated. It is admitted that Katzenell has been convicted of the Sexual Assault of Plaintiff.

156.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the averments in this paragraph about the cause of Plaintiff's injuries represent legal conclusions to which no response is required. By way of further explanation, the University is without knowledge to admit or deny the averments of this paragraph pertaining to Plaintiff's injuries. To the extent a response is deemed required, the averments of this paragraph are denied.

41

157.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. By way of further response, the averments in this paragraph about the proximate cause of Plaintiff's injuries represent legal conclusions to which no response is required. Moreover, the University is without knowledge to admit or deny the averments of this paragraph pertaining to Plaintiff's injuries. To the extent a response is deemed required, the averments of this paragraph are denied.

158.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. And, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

## COUNT VII
## BATTERY
## PLAINTIFF C.A. v. ELIJAH KATZENELL

159.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

160.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. To the extent a response is deemed required, denied as stated. It is admitted that Katzenell has been convicted of the Sexual Assault of Plaintiff.

161.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

162.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. By way of further response, the averments in this paragraph

represent legal conclusions to which no response is required. To the extent a response is deemed required, denied as stated. The University admits that non-consensual sexual intercourse is harmful and offensive.

163.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the averments in this paragraph pertaining to the cause of Plaintiff's injuries represent legal conclusions to which no response is required. And, the University is without knowledge to admit or deny the averments about Plaintiff's injuries. To the extent a response is deemed required, the averments of this paragraph are denied.

164.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. Moreover, the averments in this paragraph about the proximate cause of Plaintiff's injuries represent legal conclusions to which no response is required. And, the University is without knowledge to admit or deny the averments about Plaintiff's injuries. To the extent a response is deemed required, the averments of this paragraph are denied.

165.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. The averments in this paragraph about the cause of Plaintiff's injuries also represent legal conclusions to which no response is required. And, the University is without knowledge to admit or deny the averments about Plaintiff's injuries. To the extent a response is deemed required, the averments of this paragraph are denied.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF C.A. v. ELIJAH KATZENELL

166.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

167.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. By way of further response, the averments in this paragraph about the cause of Plaintiff's injuries represent legal conclusions to which no response is required. The University is without knowledge or admit or deny the averments about Plaintiff's injuries. To the extent a response is deemed required, the University denies the averments of this paragraph.

168.    The averments of this paragraph are such that no response is required. The averments of this paragraph relate to a defendant other than the University, and the averments in this paragraph represent legal conclusions. To the extent a response is deemed required, it is admitted that Plaintiff seeks compensatory and punitive damages. The remaining averments of this paragraph are denied.

### COUNT IX
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF C.A. v. ELIJAH KATZENELL

169.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

170.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. By way of further response, the averments in this paragraph about the proximate cause of Plaintiff's injuries and about Katzenell's negligence represent legal conclusions to which no response is required. And, the University is without knowledge to admit or deny the averments about Plaintiff's injuries. As such, the averments in this paragraph are denied.

171.    The averments of this paragraph are such that no response is required. The averments of this paragraph relate to a defendant other than the University, and the averments in

this paragraph about negligence and recklessness represent legal conclusions. To the extent a response is deemed required, it is admitted that Plaintiff seeks compensatory damages. The remaining averments of this paragraph are denied.

## COUNT X
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF C.A. v. ANDREW POLUN

172.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

173.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. By way of further response, the averments in this paragraph about the proximate cause of Plaintiff's injuries and Polun's negligence represent legal conclusions to which no response is required. Moreover, the University is without knowledge to admit or deny the averments pertaining to Plaintiff's injuries. As such, the averments of this paragraph are denied.

174.    The averments of this paragraph are such that no response is required. The averments of this paragraph relate to a defendant other than the University, and the averments in this paragraph about Polun's negligence represent legal conclusions. To the extent a response is deemed required, it is admitted that Plaintiff seeks compensatory damages. The remaining averments of this paragraph are denied.

## COUNT XI
## CONSPIRACY
## PLAINTIFF C.A. v. ELIJAH KATZENELL and JUAN EGUIGUREN

175.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

176.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff reported that at approximately 12:41 a.m. she "exchanged a message on Snapchat" with Katzenell and that "after this exchange she went to Katzenell's on-campus residence in Sheehan Hall #202."

177.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

178.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff reported that upon her arrival in Katzenell's dorm room at approximately 1:00 a.m., Eguiguren was present, and she recalled Polun entering sometime thereafter.

179.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, Plaintiff reported being "drunk" when she left "an off-campus party" at approximately 12:15 a.m. on August 25, 2022, approximately forty-five minutes before arriving at Katzenll's room, where she reported having consumed more alcohol.

180.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same. By way of further explanation, pursuant to the Affidavit of Probable Cause in this matter, video of Plaintiff captured in Katzenell's room shows Plaintiff acting in a manner "consistent with someone who is unconscious."

181.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, denied as stated. It is admitted that Katzenell was convicted of the Sexual Assault of Plaintiff.

182.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, denied as stated. It is admitted that Katzenell was convicted of the Sexual Assault of Plaintiff, and that, pursuant to the Affidavit of Probable Cause in this matter, a consent search of Eguiguren's cell phone revealed a video showing Katzenell having sex with C.A. while she was acting in a manner "consistent with someone who is unconscious."

183.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

184.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed

required, denied as stated. It is admitted that Katzenell was convicted of the Sexual Assault of Plaintiff, and that, pursuant to the Affidavit of Probable Cause in this matter, a consent search of Eguiguren's cell phone revealed a video showing Katzenell having sex with C.A. while she was acting in a manner "consistent with someone who is unconscious."

185.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

186.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

187.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

188.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

189.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

190.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. By way of further response, the averments in this paragraph

represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

**COUNT XII**
**NEGLIGENCE**
**PLAINTIFF C.A. v. ELIJAH KATZENELL and JUAN EGUIGUREN**

191.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

192.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed as to Eguiguren and, therefore, no response is required as to Eguiguren. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph that Katzenell and Eguiguren's conduct was negligent, reckless, or outrageous is a conclusion of law to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments in this paragraph, and as such denies the same.

193.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed as to Eguiguren and, therefore, no response is required as to Eguiguren. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph pertaining to represent legal conclusions to which no response is required. To the extent a response is deemed required, denied. By way of further explanation, Katzenell was convicted of the Sexual Assault of Plaintiff and that, pursuant to the Affidavit of Probable Cause in this matter, a consent

search of Eguiguren's cell phone revealed a video showing Katzenell having sex with C.A. while she was acting in a manner "consistent with someone who is unconscious."

194.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed as to Eguiguren and, therefore, no response is required as to Eguiguren. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. And, the University is without the knowledge or admit or deny Plaintiff's injuries. To the extent a response is deemed required, the averments of this paragraph are denied.

195.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed as to Eguiguren and, therefore, no response is required as to Eguiguren. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. And, the University is without knowledge to admit or deny the averments about Plaintiff's injuries. To the extent a response is required, the averments of this paragraph are denied.

196.    The averments of this paragraph relate to defendants other than the University and as such, no response is required. Moreover, this claim was dismissed as to Eguiguren and, therefore, no response is required as to Eguiguren. *See* Order (Doc. 71) and September 8, 2025 Memorandum Opinion (Doc. 70). By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

**COUNT XIII**
**NEGLIGENCE**
**PLAINTIFF C.A. v. ANDREW POLUN**

197.    This paragraph is an incorporation paragraph to which no response is required. The University hereby incorporates its responses to the foregoing paragraphs as if set forth at length herein.

198.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, including what Plaintiff means by the phrase "at all times pertinent hereto," and as such denies the same.

199.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, including what Plaintiff means by the phrase "at all times pertinent hereto," and as such denies the same.

200.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, including what Plaintiff means by the phrase "at all times pertinent hereto," and as such denies the same.

201.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

202.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. By way of further response, the averment in this paragraph that Polun's conduct was negligent and careless is a conclusion of law to which no response is required. Moreover, the University is without knowledge to admit or deny the factual averments of this paragraph. To the extent a response is deemed required, denied.

203.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. By way of further response, the averments in this paragraph about Polun's negligence and the proximate cause of Plaintiff's injuries represent legal conclusions to which no response is required. Moreover, the University is without knowledge to admit or deny the averments about Plaintiff's injures. To the extent a response is deemed required, the averments of this paragraph are denied.

204.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. By way of further response, the averments in this paragraph about Polun's negligence and the proximate cause of Plaintiff's injuries represent legal conclusions to which no response is required. Moreover, the University is without knowledge to admit or deny the averments about Plaintiff's injures. To the extent a response is deemed required, the averments of this paragraph are denied.

205.    The averments of this paragraph relate to a defendant other than the University and as such, no response is required. By way of further response, the averments in this paragraph represent legal conclusions to which no response is required. To the extent a response is deemed required, the University is without knowledge to admit or deny the averments, and as such denies the same.

**WHEREFORE**, the University respectfully requests judgment in its favor against Plaintiff

and an award of attorney's fees and costs and such other relief as is deemed appropriate.

## **AFFIRMATIVE DEFENSES**

The University reserves the right to raise any and all applicable defenses to Plaintiff's claims. The University has not yet obtained all necessary discovery from Plaintiff and/or others in connection with this action, and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c) and without conceding that any such defenses must be set forth in its Answer, and without assuming the burden of proof on matters and issues other than those on which the University has the burden of proof as a matter of law, the University states as follows:

1.      Any damages sustained by Plaintiff were due to the acts or omissions of third parties other than the University, or her own acts or omissions, and not the acts of omissions of the University.

2.      Any damages sustained by Plaintiff were due to the acts or omissions of third parties other than the University, and which were not foreseeable.

3.      Any damages sustained by Plaintiff were due to intentional, intervening criminal acts of third parties which severed any causal chain between purported acts by the University and Plaintiff's injuries.

4.      The University acted in compliance with the law at all times with respect to Plaintiff's time at the University and upheld all statutory obligations imposed upon it, if any, with respect to Plaintiff's time at the University.

5.      Plaintiff has failed to allege facts sufficient to support a claim for compensatory, punitive, or other damages.

6.      Plaintiff has failed to mitigate her damages and/or fails to allege facts sufficient to support a claim for damages.

7.      The University has not violated any of Plaintiff's rights or harmed or damaged her in any way and is not liable to Plaintiff for any reason in any amount.

8.      Plaintiff's Second Amended Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action against the University.

9.      Plaintiff has failed to plead facts and causes of action with the requisite specificity as required by the Federal Rules of Civil Procedure and other relevant law.

10.     Plaintiff is not entitled to any relief because she has not suffered any damage as a result of any actions taken by the University.

11.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

12.     Plaintiff has failed to bring all necessary parties.

13.     Plaintiff's claims are barred by the doctrine of unclean hands.

## **NEW MATTER CROSSCLAIM AGAINST CO-DEFENDANTS**

1.      Any and all liability to Plaintiff is denied. But, if the Plaintiff is entitled to a recovery based upon the allegations in the Second Amended Complaint, any such recovery would be predicated upon the acts or omissions of the other defendants in this matter: College Hall Associates, L.P., College Hall G.P., Marks & Company USA, Inc., Elijah Joseph Katzenell, Juan Eguiguren, and Andrew Polun (collectively, the "co-defendants") and/or, as applicable, their agents and/or employees, who are the sole cause of any injuries and/or damages sustained by Plaintiff. Any acts or omissions by the University are passive and secondary.

**WHEREFORE**, the University respectfully requests judgment in its favor against the co-defendants and an award of attorney's fees and costs and such other relief as is deemed appropriate.

Respectfully submitted,

s/ James A. Keller
James A. Keller (PA 78955)
Jesse L. Krohn (PA 313059)
SAUL EWING LLP
Centre Square West
1500 Market St., 38th Floor
Philadelphia, PA 19102
P: 215-972-1964/7869
james.keller@saul.com
jesse.krohn@saul.com

*Attorneys for Defendant Villanova University*

Dated: October 6, 2025

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Villanova University hereby demands a trial by Jury.

s/ James A. Keller

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Answer to Plaintiff's Second Amended Complaint of Defendant Villanova University With New Matter Crossclaim and any accompanying documents to be served upon all Counsel of Record via the Court's ECF System.

<u>/s/ James A. Keller</u>
James A. Keller, Esq.

Dated: October 6, 2025