UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **C.A.**<br><br>                    Plaintiff,<br><br>        v.<br><br>**VILLANOVA UNIVERSITY, et al.**<br><br>                Defendants. | **No.: 2:24-cv-04434-KNS**<br><br><br>Electronically Filed |

### REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Scheduling Hearing, counsel for the parties conferred and submit the following report of their meeting for the court's consideration:

**I.        Basic Information**

Names of counsel for Plaintiff(s) who will participate in the Rule 16 Conference:

**For Plaintiff: Jay L. Edelstein, Esquire**

Names of counsel for Defendant(s) who will participate in the Rule 16 Conference:

**For Villanova University: James A. Keller, Esquire**
**For Andrew Polun: Brian J. McMonagle, Esquire**
**For Elijah Katzenell: Eamon Merrigan, Esq. and D. Scott Bonebrake, Esq.**
**For Juan Eguiguren: Douglas C. Maute, Esquire**

For each party, does counsel have full authority to settle this case at the Rule 16 Conference?

**For Plaintiff: Yes.**

**For Villanova University: Yes.**
**For Andrew Polun: Yes.**
**For Elijah Katzenell: Yes.**
**For Juan Eguiguren: Yes.**

1

58253767.3

If not, list name(s) of any client or proxy with such authority who will either attend the conference or remain on call during the conference:

Date parties held the Rule 26(f) Conference:

**July 7, 2026**

Please check off all that apply:

[ X ]   Jury Trial Requested              [ ]   Non-Jury Trial Requested

[ ]   Magistrate referral requested       [ ]   Arbitration

### II.      Discussion of Claims, Defenses, Relevant Issues, and Likely Motions

Please specify the basis for federal jurisdiction in this case, and discuss whether the parties contest jurisdiction or venue. Briefly summarize the central claims and defenses—you can assume that the court is familiar with the pleadings. Importantly, parties should outline facts and issues necessary to understanding potential motions or discovery issues. **Parties should also attach critical documents to this report for the court to review ahead of the Rule 16 Conference**.

### A.  Jurisdiction and Venue

Basis of jurisdiction:

**Diversity.**

Do the parties contest subject matter jurisdiction, personal jurisdiction, or venue?

**Yes. Defendant Juan Eguiguren contests the existence of subject-matter jurisdiction. Eguiguren is a dual citizen of the United States and Ecuador, domiciled abroad in Ecuador.** *See* **Passports, attached.**

**American citizens living abroad cannot be sued in federal court based on diversity jurisdiction as they are neither "citizens of a State," nor "citizens or subjects of a foreign state."  See** *Newman-Green, Inc. v. Alfonzo-Larrain***, 490 U.S. 826, 826 (1989);** *Swiger v. Allegheny Energy, Inc.***, 540 F.3d 179, 183-84 (3d Cir. 2008).  For diversity jurisdiction analysis, a dual United States/foreign citizen is treated only as a United States citizen. See** *Newman-Green, Inc.***, 490 U.S. at 828-29 (1989)(foreign/alienage jurisdiction destroyed);** *Swiger***, 540 F.3d at185 (3d Cir. 2008). When the dual United States/foreign citizen is domiciled abroad, he is not a citizen of any state and cannot satisfy the state citizenship requirement of the diversity statute. See** *Newman-Green, Inc.***, 490 U.S. 828–29**

2

**(1989)(natural person must be domiciled within the State to be a citizen of a State);** *Swiger*, **540 F.3d at 185 (3d Cir. 2008).**

**Here, diversity jurisdiction fails because Eguiguren is a United States citizen domiciled in Ecuador. Eguiguren proposes to proceed utilizing sworn declarations.**

### B. Claims[1]

This case arises from the rape of an unconscious Villanova student—captured on video—during Sylly Night, an annual event that Plaintiff contends Villanova knew presented heightened risks of underage drinking, intoxication, and sexual assault, yet failed to meaningfully address.

Plaintiff C.A. seeks recovery against Defendant Villanova University for negligence and negligent infliction of emotional distress arising from Villanova's alleged failure to take reasonable measures to protect Plaintiff from foreseeable harm while she was an invitee residing on Villanova's campus. The Court has held that Plaintiff plausibly alleges that Villanova owed Plaintiff, as an invitee, duties to warn and to protect if Villanova had actual or constructive knowledge of heightened risks of sexual assault associated with excessive student drinking during "Sylly Night" and "Sylly Week," and that those issues are fact-bound and appropriate for discovery.

Specifically, Plaintiff contends that Villanova knew or should have known that Sylly Night, Sylly Week, and The Courts presented heightened and recurring risks of underage alcohol consumption, student intoxication, and alcohol-facilitated sexual assault, yet failed to exercise reasonable care to protect students residing in its campus housing. Plaintiff alleges that Villanova failed to provide adequate warnings, education, supervision, security, monitoring, and other reasonable protective measures within its control despite its knowledge of those risks. Plaintiff further contends that Villanova failed to implement and effectively carry out the alcohol education, consent education, sexual misconduct prevention, bystander intervention, and residential life programs that it now contends existed before the incident. As the Court recognized, the adequacy of those warnings and protections, Villanova's knowledge of the risks, and whether Villanova exercised reasonable care are factual questions to be resolved through discovery and, if necessary, by a jury.

Plaintiff further contends that Villanova's alleged failures increased the risk that Plaintiff would be sexually assaulted after returning to her residence hall from Sylly Night, and that Villanova's negligence was a substantial factor in causing Plaintiff's injuries notwithstanding the criminal acts of Defendant Elijah Katzenell. The Court held that Plaintiff plausibly alleged proximate

---

[1] This Section II(B) ("Claims") consists of Plaintiff's representations of her own claims and does not imply agreement by any of the Defendants to the facts or characterizations as asserted therein, including, but not limited to, Plaintiff's characterization of the pleadings and/or the Court's prior rulings.

cause and rejected the argument that the intervening criminal conduct necessarily severed causation at the pleading stage.

Plaintiff also seeks recovery against Defendant Elijah Katzenell for sexual assault, assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy; against Defendant Juan Eguiguren for conspiracy; and against Defendant Andrew Polun for negligence and negligent infliction of emotional distress, based upon their respective conduct before, during, and after the sexual assault. The claims against College Hall Associates, College Hall GP, LLC, and Marks & Co., Inc. (the "College Hall Defendants") have been dismissed and are no longer at issue in this litigation.[2]

### C. Relief Requested and Amount in Controversy

Plaintiff seeks all damages recoverable under applicable law, including compensatory damages for past and future physical injuries, emotional distress, pain and suffering, embarrassment, humiliation, loss of life's pleasures, medical and counseling expenses, and all other economic and non-economic damages proven at trial. Plaintiff further seeks delay damages, taxable costs, and such other relief as the Court deems just and proper.

The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks damages in excess of the jurisdictional minimum, with the amount of damages to be determined by the jury.

### D. Defenses

Defendant Villanova University disagrees with Plaintiff's claims, and plans to rely on the following defenses, in addition to others that may be developed as discovery proceeds:

1. Plaintiff's injuries were not foreseeable to the University so as to give rise to a duty of care. The University had no knowledge of a specific increased risk of sexual assault in its residential halls on "Sylly Night" or of any harm posed to Plaintiff by the individual defendants.
   a. The University maintains campus crime logs, as required by federal law and which it appended to its Answer, and they do not reflect a history of incidents of rape on campus during "Sylly Night."
   b. None of the individual defendants had any known history of violence or sexual assault, and Plaintiff does not contend that they did.
   c. Any damages sustained by Plaintiff were due to the unforeseeable acts or omissions of the individual defendants (Katzenell, Polun, and Eguiguren), and not the acts or omissions of the University. Any damages sustained by Plaintiff were due to intentional, intervening criminal acts of these individuals, which severed any causal chain between purported acts by the University and Plaintiff's injuries.

---

[2] Cross-claims against the College Hall Defendants remain extant.

58253767.3

2. Even if the University did owe Plaintiff a legally-cognizable duty of care in these circumstances (which Villanova maintains it did not), Villanova did not breach that duty by failing to take reasonable steps to warn or protect Plaintiff from harm, as the University, *inter alia*:

   a. Provided substantial education and training to its students relating to drug and alcohol use and sexual assault, including two mandatory trainings and an explicit written warning before Plaintiff even stepped on campus, followed by no less than four mandatory trainings during her freshman and sophomore years, as well as other interventions, documentation of which was appended by the University to its Answer, and

   b. Took substantial security and safety measures on its campus, just as Plaintiff asserts it should have done.

   c. The University at all times acted reasonably, and in compliance with the law, with respect to Plaintiff's time at the University.

3. Even if Villanova did breach a duty owed to Plaintiff (which Villanova maintains it did not), any such breach did not cause Plaintiff's damages, as Plaintiff's injuries are solely attributable to the actions of the three individual defendants. Plaintiff has not suffered any damages as a result of any actions taken or not taken by the University.

   **NB:** The Court requests that the parties "attach critical documents to this report for the court to review ahead of the Rule 16 Conference." The University previously appended its crime logs for all reports of rape on campus in the years preceding the incidents at issue in this case (none of which occurred on "Sylly Night"), and materials related to its education and prevention efforts, to its Answer (ECF 77). A hard copy was submitted to chambers. The voluminous materials have not be re-appended here.

Defendant Juan Eguiguren denies Plaintiff's allegations that he participated in a civil conspiracy with Defendant Katzenell and anticipates relying upon the following principal defenses, without waiving any additional defenses that may be developed through discovery:

1. **No Agreement or Plan.** Plaintiff cannot establish the essential elements of civil conspiracy, including the existence of any agreement, meeting of the minds, or concerted plan between Eguiguren and Katzenell to commit a tort against Plaintiff. Eguiguren contends there was neither a prearranged nor spontaneous agreement.
2. **No Malice or Intentional Participation.** Eguiguren did not know Plaintiff before the incident, did not act with malice or with the intent to injure Plaintiff, and did not knowingly participate in any wrongful conduct. Eguiguren further contends that his actions, including contacting Plaintiff's roommate, were inconsistent with malice or any conspiratorial objective.
3. **No Overt Act or Underlying Tortious Conduct by Eguiguren.** Eguiguren did not commit any overt act in furtherance of an alleged conspiracy or otherwise engage in tortious conduct directed toward Plaintiff.

58253767.3

4. **No Duty and Mere Presence Is Insufficient.** Eguiguren contends that his mere presence in the shared dormitory room does not establish liability for civil conspiracy. The Court previously determined that Eguiguren owed Plaintiff no legally cognizable duty of care. (ECF No. 70.)

5. **No Causation or Damages.** Plaintiff cannot establish that any act or omission by Eguiguren was a factual or legal cause of her alleged injuries. Any damages sustained by Plaintiff were caused solely by the acts or omissions of other individuals, absent any conspiracy.

Defendant Andrew Polun intends to rely on the following defenses:

1. Andrew Polun did not owe a duty of care to the Plaintiff.

2. Andrew Polun did not breach any duty of care owed to the Plaintiff.

3. Andrew Polun did not cause any injuries to the Plaintiff.

4. Andrew Polun did not engage in conduct that inflection emotional distress to the Plaintiff.

5. Andrew Polun did not engage in conduct that caused Plaintiff's injuries.

6. Any damages sustained by the Plaintiff were due to the acts or omissions of other defendants named in the complaint.

Defendant Elijah Katzenell intends to rely on the following defenses and any that may arise in the course of litigation:
1. Katzenell will assert each party was intoxicated.
2. Katzenell will assert contributory negligence against the Plaintiff.
3. Katzenell did not breach any duty of care owed to the Plaintiff.
4. Katzenell believed there to be consent.
5. Katzenell intends to contest both causation and damages.
6. Criminal charges related to sexual assault *not* rape, which is an important distinciton that must be made in this matter.
7. Katzenell asserts damages alleged by the Plaintiff were due to the acts or omissions of other defendants named in the Complaint.

### E. Amending Pleadings

Do the parties need a deadline to amend pleadings to add claims or additional parties?

**No amendments are anticipated.**

58253767.3

If so, propose the earliest practicable filing date.

**N/A**

**F. Anticipated Motions**

List all threshold motions and dispositive motions that each party has already filed or plans to file. For each motion, specify (1) the applicable Rule that forms the basis for the motion, and (2) summarize the issue.

**Plaintiff does not anticipate filing any dispositive motions.**

**Defendant Villanova University plans to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), as it believes there is no genuine dispute as to any material fact and the University is entitled to judgment as a matter of law. As described in detail above ("Defenses"), no jury could find:**
1. **that Plaintiff's injuries were foreseeable to the University so as to give rise to a legally cognizable duty of care, as the University had no knowledge of a specific increased risk of sexual assault in its residential halls on "Sylly Night" or of any harm posed to Plaintiff by the individual defendants;**
2. **that even if there was a duty of care, Villanova breached that duty by failing to take reasonable steps to warn or protect Plaintiff from harm, as the University, *inter alia*, provided substantial, documented education and training to its students relating to drug and alcohol use and sexual assault and took substantial, documented security and safety measures on its campus, just as Plaintiff asserts it should have done; and**
3. **even if Villanova did breach such a duty, it did not cause Plaintiff's damages, as Plaintiff's injuries are solely attributable to the individual defendants.**

**Defendant Juan Eguiguren may file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) following the completion of discovery. Eguiguren believes that there will be no genuine dispute as to any material fact and that he will be entitled to judgment as a matter of law on Plaintiff's civil conspiracy claim. As described in greater detail above under "Defenses," the evidence is expected to demonstrate that no reasonable jury could find that Eguiguren entered into an agreement with Defendant Katzenell to commit a tort against Plaintiff or otherwise participated in a civil conspiracy.**

Proposed timeline for filing dispositive motions:

**The parties propose that dispositive motions be due thirty (30) days after the close of expert discovery.**

7

### III.    Discovery

#### A.  Informal Disclosure

Will initial disclosures listed in Rule 26(a)(1) be complete before the Rule 16 Conference?

**Plaintiff will complete her initial disclosures prior to the Rule 16 Conference.**

**Defendant Villanova University will complete its initial disclosures prior to the Rule 16 Conference.**

**Defendant Juan Eguiguren will complete his initial disclosures prior to the Rule 16 Conference.**

**Defendant Andrew Polun will complete its initial disclosures prior to the Rule 16 Conference.**

**Defendant Elijah Katzenell will complete his initial disclosures prior to the Rule 16 Conference.**

   If not, list what is outstanding, and explain why:


Have the parties formed any other agreements as to timing, form, and scope of informal disclosures *not required* in Rule 26(a)(1)?

**No.**

#### B.  Formal Discovery

The parties anticipate that discovery should be completed within **365 days (July 16, 2027)** of the Rule 16 Conference.

   If the parties anticipate a discovery period exceeding 90 days past the Rule 16 conference date, please explain why:

**The parties anticipate that discovery will require approximately 365 days due to the complexity of the case. There are claims of institutional negligence against a university and numerous claims against multiple individual defendants. Discovery will be sought from numerous university departments (including Public Safety, Residence Life, Student Affairs, Health Promotion, and Title IX), including electronically stored information. Information related to parallel institutional and criminal investigations will be sought, and third-party**

**discovery involving numerous governmental entities and physical and mental health providers is anticipated.**

**Discovery will also include substantial written discovery, numerous (15-20) fact depositions, multiple (3-6) Rule 30(b)(6) depositions, expert discovery, and the production and review of voluminous institutional records. The requested schedule is intended to permit the orderly completion of discovery while minimizing the need for repeated extensions or Court intervention.**

Do the parties need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions?

If so, please propose deadlines for phases and what will be due at each phase:

**Given the nature of the case, the interests of efficiency are best served by allowing fact discovery to proceed on all claims simultaneously. However, the parties propose the following case management schedule to provide an orderly progression from fact discovery through expert discovery, dispositive motions, and trial:**

| Event | Proposed Deadline |
|---|---|
| **Rule 16 Conference** | **July 23, 2026** |
| **Close of Fact Discovery** | **July 23, 2027** |
| **Plaintiff's Expert Reports** | **August 22, 2027** (30 days after fact discovery closes) |
| **Defendant's Expert Reports** | **September 21, 2027** (30 days after Plaintiff's expert reports) |
| **Completion of Expert Depositions** | **October 21, 2027** (30 days after Defendant's expert reports) |
| **Dispositive Motions** | **November 20, 2027** (30 days after all discovery is closed) |
| **Final Pretrial Conference** | **TBD** (60 days after ruling on dispositive motions) |
| **Trial Pool / Trial Listing** | **TBD** (60 days after the Final Pretrial Conference) |

**The parties believe this schedule provides sufficient time to complete extensive institutional and third-party fact discovery, expert discovery, and dispositive motion practice while avoiding the need for repeated requests to extend scheduling deadlines.**

Does either side anticipate the use of experts? **Yes.**

If yes, what is the proposed deadline for expert discovery?[3]

**October 21, 2027.**

---

[3] Note that Judge Scott's policies and procedures require that parties file all expert reports and CVs at least seven (7) days before a final pretrial conference.

58253767.3

Do the parties expect that they will need to depose any expert witnesses? **Yes.**

Normally, the court expects all expert reports to be submitted simultaneously. If the parties propose to stagger the production of expert reports, please explain why:

**Plaintiff's and Defendant's expert reports should be staggered because Plaintiff bears the burden of proof on the claims and damages at issue, and sequential disclosures will permit Defendants' experts to respond to Plaintiff's opinions, thereby promoting more focused expert discovery and reducing unnecessary supplemental reports.**

Note that Judge Scott expects that the parties will reach an agreement on how to conduct electronic discovery. If the parties cannot reach an agreement before the Rule 16 scheduling conference, the court will enter an order incorporating default standards. The default order can be viewed at Judge Scott's Judge's Info webpage (link). The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference, and parties must come to the Rule 16 conference prepared to address e-discovery.

Please identify any other anticipated discovery issues that should be addressed at the Rule 16 Conference, including:
- claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D);
- limitations on discovery or protective orders needed; and
- any disputes regarding electronic discovery or agreements regarding electronic discovery that deviate from the court's standard order.

**The parties will be requesting that the Court issue a protective order that, among other things, will permit disclosures of student education records pursuant to the Family Educational Rights and Privacy Act (FERPA).**

### IV.    <u>Settlement or Early Resolution</u>

The parties must familiarize themselves with Local Rule 53.3 before responding.

What is the outcome of the parties' discussions about early resolution through alternative dispute resolution (ADR) or mediation?

**The parties are of the position that mediation/settlement conference would be most fruitful following the close of expert discovery.**

58253767.3

What is the outcome of the parties' discussions about proceeding before a Magistrate Judge for final disposition?[4]

**The parties are not inclined to proceed before a Magistrate Judge.**

Is a settlement conference likely to be helpful?

**The parties are of the position that mediation/settlement conference would be most fruitful following the close of expert discovery.**

## V.    Trial Date

A firm date will be scheduled at or shortly after the pre-trial conference. Please either list below or come to the Rule 16 Conference ready with any dates in the three (3) to nine (9) months following the Rule 16 Conference date that present irreversible scheduling conflicts for counsel or the parties. Irreversible scheduling conflicts include pre-paid vacation and planned medical or family leave.

**At least one dispositive motion is anticipated in this case. The parties propose a trial date 120 days after the Court's ruling on same, which will likely be in the first quarter of 2028.**

## VI.    Other Matters

Discuss any other matters not addressed above that parties would like to discuss at the Rule 16 Conference.

**Plaintiff and Defendant Villanova University have agreed to expand the default limit under Federal Rule of Civil Procedure 33 to permit Plaintiff to serve up to 80 interrogatories on Villanova in light of the complexity of the institutional negligence claims, the breadth of the anticipated institutional discovery, and the numerous distinct factual issues presented. The parties further agree to continue meeting and conferring in good faith regarding the scope, sequencing, and resolution of discovery issues in an effort to minimize motion practice and promote the efficient administration of discovery. The parties will likewise endeavor to resolve discovery disputes without court intervention whenever reasonably possible.**

**As the Court previously recognized at oral argument, the Fifth Amendment privilege against self-incrimination may arise during discovery because Plaintiff's allegations may implicate potential criminal exposure for the individual defendants. Accordingly, the parties may request appropriate case-management relief from the Court as discovery progresses.**

---

[4] Magistrate Judges are authorized, with agreement of the parties, to try any civil case, jury or non-jury, with appeals filed directly with the Court of Appeals.

58253767.3

**SIGNATURES**

Jay L. Edelstein, Esquire
Stephen J. Pokiniewski, Esquire
Edelstein Law LLP
230 South Broad Street, Suite 900
Philadelphia, PA 19102
*Email: jedelstein@edelsteinlaw.com*
*Email: sjp@edelsteinlaw.com*
*Attorneys for Plaintiff, C.A.*

James A. Keller, Esquire
Jesse Krohn, Esquire
Saul Ewing LLP
1735 Market Street, 34th Floor
Philadelphia, PA 19103
*E-Mail: jesse.krohn@saul.com*
*E-Mail: james.keller@saul.com*
*Attorneys for Villanova University*

D. Scott Bonebrake, Esquire
Noel & Bonebrake
23 E. Second Street
Media, PA 19063
*E-Mail: sbonebrake@noelandbonebrake.com*
*Attorney for Elijah Joseph Katzenell*

**Eamon Merrigan, Esquire**
**Goldberg, Miller & Rubin, P.C.**
**121 South Broad Street, Suite 1600**
**Philadelphia, PA 19103**
**E-Mail:** emerrigan@gmrlawfirm.com
*Attorney for Elijah Joseph Katzenell*

Brian J. McMonagle, Esquire
McMonagle Perri McHugh Mischak and Davis
1845 Walnut Street, 19th Floor
Philadelphia, PA 19103
*E-Mail: bmcmonagle@mpmpc.com*
*Attorney for Andrew Polun*

Douglas C. Maute, Esquire
Maute Law LLC
141 Pleasant Valley Avenue

12

58253767.3

Moorestown, NJ 08057
*E-Mail:* dcm@mautelaw.com
*Attorney for Juan Eguiguren*

Lisa Ingram, Esquire
Kristin Shicora, Esquire
Campbell Conroy & Oneil
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
*E-Mail:* lingram@campbell-trial-lawyers.com
*E-Mail:* keshicora@campbell-trial-laweyrs.com
*Attorneys for College Hall Assso. & College Hall GP*

58253767.3