

July 15, 2026

*Via email only to:*
*jedelstein@edelsteinlaw.com*
*sjp@edelsteinlaw.com*
Jay L. Edelstein, Esquire
Stephen J. Pokiniewski, Esquire
Edelstein Law LLP
230 South Broad Street, Suite 900
Philadelphia, PA 19102
*Attorneys for Plaintiff, C.A.*

*Via email only to:*
*james.keller@saul.com*
*jesse.krohn@saul.com*
James A. Keller, Esquire
Jesse Krohn, Esquire
Saul Ewing Arnstein & Lehr, LLP
1500 Market Street, 38th Floor West
Philadelphia, PA 19102
*Attorneys for Villanova University*

*Via email only to:*
*emerrigan@gmrlawfirm.com*
Eamon C. Merrigan, Esquire
Goldberg, Miller & Rubin, P.C.
121 S. BROAD STREET, SUITE 1500
PHILADELPHIA, PA 19107
*Attorney for Elijah Joseph Katzenell*

*Via email only to:*
*sbonebrake@noelandbonebrake.com*
D. Scott Bonebrake, Esquire
Noel & Bonebrake
23 E. Second Street
Media, PA 19063
*Attorney for Elijah Joseph Katzenell*

*Via email only to:*
*bmcmonagle@mpmpc.com*
Brian J. McMonagle, Esquire
McMonagle Perri McHugh Mischak and Davis
1845 Walnut Street, 19th Floor
Philadelphia, PA 19103
*Attorney for Andrew Polun*

> RE:   C.A. v. Villanova University, et al. 2:24-CV-04434-KNS
>        Raising Subject Matter Jurisdiction Issue

Dear Counsel:

Please be advised that Defendant Juan Eguiguren will raise the following subject matter jurisdiction issue in the Rule 26(f) Report:

Eguiguren is a dual citizen of the United States and Ecuador, domiciled abroad in Ecuador.  *See* Passports, attached.

American citizens living abroad cannot be sued in federal court based on diversity jurisdiction as they are neither "citizens of a State," nor "citizens or subjects of a foreign state."  See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 826 (1989); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183-84 (3d Cir. 2008).  For diversity jurisdiction analysis, a dual United States/foreign citizen is treated only as a United States citizen. See *Newman-Green, Inc.*, 490 U.S. at 828-29 (1989)(foreign/alienage jurisdiction destroyed); *Swiger*, 540 F.3d at185 (3d Cir. 2008). When the dual United States/foreign citizen is domiciled abroad, he is not a citizen of any state and cannot satisfy the state citizenship requirement of the diversity statute. See *Newman-Green, Inc.*, 490 U.S. 828–29 (1989)(natural person must be domiciled within the State to be a citizen of a State); *Swiger*, 540 F.3d at 185 (3d Cir. 2008).

Here, diversity jurisdiction fails because Eguiguren is a United States citizen domiciled in Ecuador.

Please consider and advise if your client has a genuine factual dispute regarding domicile or if you wish to resume the Rule 26(f) conference in the coming days to discuss. Otherwise, I will propose that the Court proceed on sworn declarations.

Sincerely,

DOUGLAS C. MAUTE

Encl. Passports

SIGNATURE OF BEARER / SIGNATURE DU TITULAIRE / FIRMA DEL TITULAR

PASSPORT
PASSEPORT
PASAPORTE

**USA**

# UNITED STATES OF AMERICA

Type / Type / Tipo

P

Code / Code / Codigo

USA

Passport No. / No. du Passeport / No. de Pasaporte

REDACTED

Surname / Nom / Apellidos

EGUIGUREN

Given Names / Prénoms / Nombres

JUAN RAMON

Nationality / Nationalité / Nacionalidad

UNITED STATES OF AMERICA

Date of birth / Date de naissance / Fecha de nacimiento

22 Nov 2002

Place of birth / Lieu de naissance / Lugar de nacimiento

FLORIDA, U.S.A.

Date of issue / Date de délivrance / Fecha de expedición

24 Jun 2021

Date of expiration / Date d'expiration / Fecha de caducidad

23 Jun 2031

Endorsements / Mentions Spéciales / Anotaciones

SEE PAGE 51

Sex / Sexe / Sexo

M

Authority / Autorité / Autoridad

United States
Department of State



REDACTED

Case 2:24-cv-04434-KNS   Document 108-1   Filed 07/17/26   Page 3 of 4

