# EXHIBIT C

**MAUTE LAW LLC**
By: Douglas C. Maute, Esquire
Attorney ID No. 306615
dcm@mautelaw.com
141 Pleasant Valley Avenue
Moorestown, New Jersey 08057
609-560-1388

**Attorney for Defendant:**
**Juan Eguiguren**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| C.A.,<br>Plaintiff,<br>v.<br>VILLANOVA UNIVERSITY;<br>COLLEGE HALL ASSOCIATES,<br>d/b/a COLLEGE HALL APARTMENTS,<br>a/k/a "THE COURTS";<br><br>COLLEGE HALL GP, LLC,<br>d/b/a COLLEGE HALL APARTMENTS,<br>a/k/a "THE COURTS";<br><br>MARKS & CO., INC.,<br>d/b/a MARKS & COMPANY;<br><br>ELIJAH JOSEPH KATZENELL;<br>JUAN EGUIGUREN; and<br>ANDREW POLUN<br>Defendants. | **CASE NO: 2:24-cv-04434-KNS**<br><br>**JURY DEMANDED** |

**DEFENDANT, JUAN EGUIGUREN'S ANSWERS, WITH OBJECTIONS, TO**
**VILLANOVA UNIVERSITY'S FIRST SET OF INTERROGATORIES**

Defendant, Juan Eguiguren ("Defendant" or "Defendant Eguiguren") responds to Villanova University's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Defendant, by and through undersigned counsel, hereby asserts the following General Objections to the First Set of Interrogatories and Documents Requests served by Co-Defendant,

Villanova University ("Discovery Requests"). These General Objections are asserted in addition to, and not in lieu of, any specific objections set forth in Defendant's response to each individual Interrogatory or Request for Production. Defendant's specific objections to any particular Discovery Request are intended to supplement these General Objections and shall control to the extent of any inconsistency between a General Objection and a specific objection. Defendant does not intend, by asserting these General Objections, to imply that any objection applies to any particular Discovery Request where the objection is inapplicable.

1. Privilege and Work Product.

Defendant objects to each Discovery Request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection, including materials prepared in anticipation of litigation or for trial. Defendant will not produce information or documents protected from disclosure by an applicable privilege or protection except as may otherwise be required by applicable law or court order. Defendant's production of information or documents shall not constitute a waiver, whether intentional or inadvertent, of any applicable privilege or protection.

To the extent Defendant withholds responsive information or documents on the basis of privilege or work-product protection, Defendant will comply with Federal Rule of Civil Procedure 26(b)(5), including the identification or description of the withheld materials to the extent required by that Rule and applicable law.

2. Scope of Discovery; Relevance and Proportionality.

Defendant objects to each Discovery Request to the extent it seeks information or documents that are not relevant to any party's claim or defense or are not proportional to the

needs of the case within the meaning of Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to any Discovery Request that seeks information concerning matters that are unrelated to the claims, defenses, damages, or other issues presented in this action.

3. Overbreadth, Undue Burden, and Oppressiveness.

Defendant objects to each Discovery Request to the extent that it is overbroad, unduly burdensome, oppressive, or disproportionate to the needs of the case, including where the burden or expense of responding would outweigh the likely benefit of the requested discovery. Where applicable, Defendant will identify the particular portion of a Discovery Request to which this objection applies and, where appropriate, will respond to the non-objectionable portion.

4. Vagueness and Ambiguity.

Defendant objects to each Discovery Request to the extent that it is vague, ambiguous, undefined, or otherwise insufficiently specific to permit Defendant reasonably to determine the information or documents sought.

5. Possession, Custody, or Control.

Defendant objects to each Request for Production to the extent it seeks documents or tangible things that are not within Defendant's possession, custody, or control. Defendant further objects to any request that would require Defendant to obtain documents from a non-party where such documents are not within Defendant's possession, custody, or control.

6. Documents or Information Equally Available to the Requesting Party.

Defendant objects to each Discovery Request to the extent it seeks information or documents that are already in the possession, custody, or control of the requesting party, have previously been produced to the requesting party, or are equally available to the requesting party from another source.

7. Cumulative or Duplicative Discovery.

Defendant objects to each Discovery Request to the extent it seeks information or documents that are unreasonably cumulative or duplicative or that can be obtained from another source that is more convenient, less burdensome, or less expensive, consistent with Federal Rule of Civil Procedure 26(b)(2)(C).

8. Temporal Scope.

Defendant objects to each Discovery Request to the extent it seeks information or documents concerning periods of time that are not relevant to the claims or defenses in this action or that extend beyond a reasonable temporal scope in relation to the issues presented.

9. Geographic or Subject-Matter Scope.

Defendant objects to each Discovery Request to the extent it seeks information concerning persons, locations, transactions, events, or activities that have no reasonable connection to the claims or defenses at issue in this action.

10. Confidential or Sensitive Information.

Defendant objects to each Discovery Request to the extent it seeks confidential, proprietary, commercially sensitive, personally identifiable, or otherwise protected information where the request is not relevant or proportional to the needs of the case. To the extent otherwise discoverable information is subject to a confidentiality concern, Defendant reserves the right to seek an appropriate protective order or other appropriate limitation pursuant to Federal Rule of Civil Procedure 26(c).

11. Information Not Presently Known or Reasonably Available.

Defendant's responses are based upon information presently known to Defendant and reasonably available to Defendant after reasonable inquiry. Defendant does not concede that

information not presently known or reasonably available is nonexistent or that Defendant will be able to identify every responsive document or item of information at this stage of discovery.

12. Continuing Investigation and Duty to Supplement.

Discovery and investigation in this action are continuing. Defendant's responses are based upon information presently available and are provided without prejudice to Defendant's right and obligation to supplement or correct its responses as required by Federal Rule of Civil Procedure 26(e), applicable Rules of Civil Procedure, and any applicable scheduling order.

13. No Admission as to Relevance or Admissibility.

Defendant's disclosure or production of information or documents in response to any Discovery Request shall not be construed as an admission that such information or documents are relevant, material, authentic, admissible, or otherwise proper evidence at trial or in any other proceeding.

14. Reservation of Rights.

Defendant reserves the right to rely upon information, documents, witnesses, and other evidence subsequently discovered or identified through the ongoing discovery process, investigation, or preparation of this matter, subject to Defendant's obligations under the Federal Rules of Civil Procedure and any applicable scheduling or case-management order.

The foregoing General Objections are asserted in addition to all specific objections set forth in Defendant's responses to the individual Interrogatories and Requests for Production. Defendant does not intend to waive any specific objection by virtue of its assertion of these General Objections, nor does Defendant intend that these General Objections be construed as a substitute for any specific objection applicable to a particular Discovery Request.

## ANSWERS WITH OBJECTIONS TO INTERROGATORIES

**Interrogatory 1**: Identify all applications for employment Eguiguren submitted between August 2021 through the present, including for each (a) the date the application was submitted, (b) the name of the prospective employer, (c) the prospective job title, and (d) the result of the application.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly burdensome, disproportionate, requiring an unreasonable investigation, overbroad, vague, or ambiguous, including undefined terms such as "employment," "employer," and "job title."

**ANSWER:** Subject to and without waiving any objection, while an undergraduate at Villanova University, Defendant Eguiguren participated in the work-study program as a Student Philanthropy Associate and as Student Catering Waitstaff.

In the fall of 2022, he applied to Exact Sciences for an Incentive Compensation Intern position. He was offered and accepted that position. He participated in the internship remotely from his home in Ecuador from approximately June 2023 to August 2023.

In the fall of 2023, he applied to SAS Institute Inc. ("SAS") for a Project Manager Intern position. He was offered the position on December 8, 2023 and accepted it by December 13, 2023. *See* EGUIGUREN0027, EGUIGUREN0028, EGUIGUREN0035. He travelled to Cary, North

Carolina to visit SAS from May 13, 2024 to May 17, 2024 andthen participated in the internship remotely from his home in Ecuador until early August 2024, except that he participated remotely from Maryland between June 18, 2024 to June 28, 2024 and in-person in Cary, North Carolina from July 30, 2024 to August 3, 2024 for the final project presentation. *See* EGUIGUREN0026. After August 2024, continued as a remote intern as needed until April 15, 2025.

On September 27, 2024, without a separate application, SAS extended an offer for full-time employment contingent upon successful completion of his undergraduate degree by August 2025. *See* EGUIGUREN0033. The offer was for a Project Management position initially with a June 1, 2025 start date and remote. *See* EGUIGUREN0025. Defendant Eguiguren accepted the position after negotiating terms, including an August 2025 start date and working in-person in Cary, North Carolina.

On March 27, 2025, he travelled to Cary, North Carolina for a long weekend to search for apartments. On April 15, 2025, SAS rescinded the offer. *See* EGUIGUREN0023.

Since April 15, 2025, Defendant Eguiguren estimates that he has applied for about 200 jobs without success.

**Interrogatory 2**: Identify all applications to institutions of higher education Eguiguren submitted between August 2021 through the present, including for each (a) the date the application was submitted, (b) the name of the institution, (c) the name of the program, and (d) the result of the application.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v.

Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly burdensome and requires an unreasonable investigation.

**ANSWER:** Subject to and without waiving any objection, on July 1, 2026, Defendant Eguiguren applied to master's programs entitled "Management for Innovation and Entrepreneurship" and "Environmental and Food Economics" at the University of Milan in Italy. He was admitted to the "Environmental and Food Economics" program on May 27, 2026 and to the "Management for Innovation and Entrepreneurship" program on July 20, 2026, but has not enrolled in either. *See* EGUIGUREN0001 to EGUIGUREN0004.

**Interrogatory 3**: Identify all vehicles owned or leased by, or for the use of, Eguiguren since August 2021, including, for each, (a) the dates and location of all registrations for such vehicles, including all changes and/or renewals in/of registration since August 2021, even if Eguiguren no longer has access to the vehicle and even if Eguiguren's access to the vehicle preceded August 2021, and (b) the dates and locations of all inspections for such vehicles, again even if Eguiguren no longer has access to the vehicle and even if Eguiguren's access to the vehicle preceded August 2021.

**OBJECTION**: Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly burdensome, requiring an unreasonable investigation, overbroad, vague, or ambiguous, including undefined terms such as "for the use of."

**ANSWER:** Subject to and without waiving any objection, Defendant Eguiguren did not own, lease, or have a vehicle generally available for his use from August 2021 to the present. He did not have a driver's license until November 20, 2024 and thereafter would occasionally borrow his then-girlfriend's ("Girlfriend 2") vehicle. *See* EGUIGUREN0008. He believes that her vehicle was registered in Maryland.

**Interrogatory 4**: Identify all driver's licenses Eguiguren has had since August 2021 and, for each, the date of issuance and, if applicable, renewal, even if the license is no longer in effect and even if the license was secured prior to August 2021.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

**ANSWER:** Subject to and without waiving any objection, Defendant Eguiguren was issued a Pennsylvania driver's license on November 20, 2024. *See* EGUIGUREN0008.

**Interrogatory 5**: Identify, other than driver's licenses, all forms of identification Eguiguren has had since August 2021 and, for each, the date of issuance and, if applicable, renewal, even if the identification is no longer in effect and even if the identification was secured prior to August 2021.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v.

Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as it may reveal sensitive personal identifying information.

Defendant further objects to this interrogatory as unduly burdensome, requiring an unreasonable investigation, overbroad, vague, or ambiguous, including undefined terms such as "forms of identification."

**ANSWER:** Subject to and without waiving any objection, Defendant Eguiguren was issued an Ecuadorian Passport and an Ecuadorian *Cedula de Identidad* on June 1, 2021 and a United States Passport on June 24, 2021. *See* EGUIGUREN0009 to EGUIGUREN0011.

**Interrogatory 6**: Identify all romantic relationships Eguiguren has had since August 2021, of any duration, and, for each romantic partner, (a) the dates of initiation and termination of the relationship (including whether the relationship is ongoing); (b) whether or not she/he/they is a United States citizen; and (c) all locations where she/he/they has resided since the relationship was initiated (even if the relationship has since terminated).

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as it seeks information concerning non-party individuals, including their citizenship and complete residential histories, which implicates substantial privacy interests.

Defendant further objects to this interrogatory as unduly intrusive and it may reveal sensitive personal identifying information.

Defendant further objects to this interrogatory as unduly burdensome, disproportionate, requiring an unreasonable investigation, overbroad, vague, or ambiguous, including undefined terms such as "romantic," "partner," "relationship," "romantic relationship," and "romantic partner."

**ANSWER:** Subject to and without waiving any objection, from approximately 2020 to 2022, Defendant Eguiguren had a girlfriend ("Girlfriend 1") who lived in Ecuador and was a citizen of Ecuador. Girlfriend 1 was not a citizen of the United States. Defendant Eguiguren and Girlfriend 1 never lived together.

Ignoring break-ups, from approximately May 2024 to May 2025, Defendant Eguiguren had a girlfriend ("Girlfriend 2") from Maryland, a United States citizen, whom he met at Villanova University in January 2024.

Defendant Eguiguren and Girlfriend 2 never lived together. She lived in a college dormitory junior year, returned home to Maryland for the summer of 2024, and rented a house with her friends off-campus senior year. Defendant Eguiguren lived in a college dormitory junior year, returned home to Ecuador for the summer of 2024, lived in a college dormitory senior year, and returned home to Ecuador on April 24, 2025.

**Interrogatory 7**: Identify all jurisdictions where Eguiguren has been registered to vote since August 2021 and, for each, the date of such registration and, if applicable, cancellation of same, even if the voter registration was initiated prior to August 2021.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly intrusive and it may reveal sensitive personal identifying information.

Defendant further objects to this interrogatory as unduly burdensome, requiring an unreasonable investigation, overbroad, vague, or ambiguous, including undefined terms such as "jurisdictions," "registered," "registration," and "voter registration."

**ANSWER:** Subject to and without waiving any objection, Defendant Eguiguren has been registered to vote in Ecuador since turning eighteen (18) years old in November 2020. Defendant Eguiguren has voted in five (5) Ecuadorian elections. He went to his polling place in Quito, Ecuador where he voted on February 7, 2021, April 11, 2021, August 20, 2023, and October 15, 2023 *See* EGUIGUREN0031.

Ecuador held a referendum election on April 21, 2024; however, he was unable to vote because he was away at college and was unable to change his polling location before the applicable deadline in January 2024. *See* EGUIGUREN0031.

On May 1, 2024, he timely requested a polling location change from Quito, Ecuador to the Ecuadorian electoral precinct in Hightown, New Jersey, effective for the February 9, 2025 General Elections. *See* EGUIGUREN0031.

On November 20, 2024, Defendant Eguiguren was automatically presented with Pennsylvania's voter-registration application when he obtained his driver's license. *See* EGUIGUREN0005; EGUIGUREN0008. On January 15, 2025, he was enrolled to vote in Radnor Township, Pennsylvania. *See* EGUIGUREN0006 to EGUIGUREN0007. Defendant Eguiguren has not voted in a Pennsylvania election.

On April 13, 2025, Defendant Eguiguren voted in his fifth (5th) Ecuadorian election. *See* EGUIGUREN0031.

On November 16, 2025, he appeared in Quito, Ecuador to vote in Ecuador's referendum election. However, he had not timely changed his polling location back to Quito for that election and was issued a *Certificado de Presentación* for having appeared on November 16, 2025. *See* EGUIGUREN0031. *See* EGUIGUREN0030.

On July 20, 2026, Ecuador's Secretary-General of the National Electoral Council certified that Defendant Eguiguren's political and participation rights were not suspended. *See* EGUIGUREN0029.

**Interrogatory 8:** Identify all bank accounts which Eguiguren has had since August 2021 and, for each, the date of opening and, if applicable, closing of such accounts, even if the account was

opened prior to August 2021 or was opened by someone other than Eguiguren (e.g., a parent acting on behalf of Eguiguren).

**OBJECTION**: Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly intrusive and it may reveal sensitive personal identifying information.

**ANSWER**: Subject to and without waiving any objection, Defendant Eguiguren opened a bank account in 2020 at Banco Pichincha in Quito, Ecuador. *See* EGUIGUREN0021 to EGUIGUREN0022. When he became an undergraduate in August 2021, he opened a bank account at Chase Bank in Villanova, Pennsylvania. Neither account has been closed.

**Interrogatory 9**: Identify all the locations to which Eguiguren transferred personal belongings after he moved out of Villanova student housing and, for each location, as applicable, the date when Eguiguren removed such belongings or if such belongings remain in that location.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as harassing, unduly burdensome, disproportionate, and would require an unreasonable investigation of item-by-item accounting where *de minimis* items may have been left after any of each of four (4) times he moved out of Villanova student housing.

Defendant further objects to this interrogatory as it seeks information concerning non-party individuals, including their residential addresses, which implicates substantial privacy interests.

Defendant further objects to this interrogatory as unduly intrusive and it may reveal sensitive personal identifying information.

Defendant further objects to this interrogatory as overbroad, vague, or ambiguous, including undefined terms such as "he moved out" and "personal belongings."

**ANSWER:** Subject to and without waiving any objection, Defendant Eguiguren lived in a different dormitory each of the four (4) years he attended Villanova University as an undergraduate student. Some of his belongings remained at his home in Quito, Ecuador when attended college. There has never been a time when all his belongings were at Villanova University or in Pennsylvania.

Of the belongings in his dormitory, when each of his first three (3) academic years ended for the summer, Defendant Eguiguren brought some of those belongings back home to Ecuador. He transferred the remaining belongings to a storage unit and would retrieve them the following semester.

On April 13, 2025, Villanova University expressly denied Defendant Eguiguren all access to campus and threatened him with immediate arrest for criminal trespass.

On April 18, 2025, Villanova University's movers packed and transferred the contents of his dorm room to a family friend's apartment in Philadelphia. There, Defendant Eguiguren sorted the more personal belongings, such as toiletries, clothes, important papers, and sentimental things from impersonal items, such as appliances, utensils, and bedding. Defendant Eguiguren and his younger brother then transferred the impersonal items to a rented storage facility in Philadelphia until his younger brother needed them for college.

On April 24, 2025, Defendant Eguiguren and his younger brother took his personal belongings home to Ecuador.

Around August 22, 2026, Defendant Eguiguren and his younger brother emptied the storage unit and transferred its contents to his younger brother's dormitory in Massachusetts.

**Interrogatory 10**: Identify all of Eguiguren's relatives who reside in the United States, providing for each (a) name and (b) all places of residence since August 2021.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly burdensome, disproportionate, and unduly intrusive to state residential histories of non-party individuals, which implicates their substantial privacy interests.

Defendant further objects to this interrogatory as overbroad, vague, or ambiguous, including undefined terms “reside,” “residences,” and “relatives” which could encompass an unlimited number of individuals, including persons with whom Defendant Eguiguren has little or no contact.

**ANSWER:** Subject to and without waiving any objection, in August 2026, Defendant Eguiguren’s younger brother travelled from their home in Ecuador to attend college in Massachusetts. Defendant Eguiguren has five (5) cousins living in the United States: one (1) in Massachusetts, two (2) in New York, one (1) in Washington, DC and one (1) is a college student in State College, Pennsylvania.

**Interrogatory 11**: For each month starting April 2024 through the present, record how many nights you slept in Pennsylvania. For all nights not slept in Pennsylvania, identify where you were sleeping.

**OBJECTION:** Defendant Eguiguren objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (“It is the citizenship of the parties at the time the action is commenced which is controlling.”)

Defendant Eguiguren further objects to this interrogatory as harassing and unduly intrusive, which implicates substantial privacy interests.

Defendant Eguiguren further objects to this interrogatory as unduly burdensome, disproportionate, and would require an unreasonable investigation of night-by-night accounting.

Defendant Eguiguren further objects to this interrogatory vague or ambiguous, including undefined terms “where you were sleeping.”

**ANSWER:** Subject to and without waiving any objection, of the 902 nights from April 1, 2024 through September 20, 2026, Defendant Eguiguren approximates that he slept 570 nights in Ecuador, 255 nights in Pennsylvania, 36 nights in Europe (Spain, Italy, Belgium), 16 nights in South America (Uruguay, Argentina, Boliva, Peru), 9 nights in Maryland, 8 nights in Massachusetts, and 8 nights in North Carolina.

**Interrogatory 12**: Identify the date on which Exhibit C to your correspondence of August 6, 2026 was generated. If you have engaged in any international travel since June 22, 2025 (the date last noted on Exhibit C), provide an updated Exhibit C reflecting travel through the present day.

**OBJECTION**: Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly intrusive and implicates substantial privacy interests.

**ANSWER:** Subject to and without waiving any objection, Exhibit C was generated sometime in July 2026. *See* EGUIGUREN0012 to EGUIGUREN0014. Defendant Eguiguren has travelled internationally since June 22, 2025 and attaches an updated *Certificado de Movimiento Migratorio*. *See* EGUIGUREN0015 to EGUIGUREN0018.

**Interrogatory 13**: Describe your purpose for traveling to the United States from May 17, 2025 through June 22, 2025.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly intrusive and implicates substantial privacy interests.

**ANSWER:** Subject to and without waiving any objection, on May 17, 2025, Defendant Eguiguren traveled from Ecuador to the United States for the purpose of making a connecting flight to Europe to visit relatives in Spain and Italy, and again for the same purpose as he returned home to Ecuador on June 22, 2025.

**Interrogatory 14**: Describe your purpose for traveling to the United States from June 18, 2024 through June 28, 2024.

**OBJECTION:** Defendant further objects to this interrogatory as unduly intrusive and implicates substantial privacy interests.

**ANSWER:** Subject to and without waiving any objection, on June 18, 2024, Defendant Eguiguren traveled from Ecuador to the United States for the purpose of visiting his then-girlfriend ("Girlfriend 2") in Maryland. He returned to Ecuador on June 28, 2024.

**Interrogatory 15**: Describe your purpose for traveling to the United States from July 30, 2024 through August 03, 2024.

**OBJECTION:** Defendant further objects to this interrogatory as unduly intrusive and implicates substantial privacy interests.

**ANSWER:** Subject to and without waiving any objection, on July 30, 2024, Defendant Eguiguren traveled from Ecuador to the United States, specifically Cary, North Carolina, for the purpose of attending and presenting his final project in connection with his internship with SAS Institute Inc.. He returned to Ecuador on August 3, 2024. *See* EGUIGUREN0026.

**VERIFICATION**

I, JUAN EGUIGUREN, hereby verify that I have reviewed the foregoing DEFENDANT, JUAN EGUIGUREN'S ANSWERS, WITH OBJECTIONS, TO VILLANOVA UNIVERSITY'S FIRST SET OF INTERROGATORIES and that the factual answers provided therein are true and correct to the best of my knowledge, information, and belief, after reasonable inquiry.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 25, 2026, in Quito, Ecuador.

JUAN EGUIGUREN



Doc ID: 7514950406c5a2f0d588256c2ec9c227613c43dc

**As to objections:**

**MAUTE LAW LLC**

Date: September 25, 2026

By: /s/ Douglas C. Maute

Douglas C. Maute, Esquire
I.D. No. 306615
141 Pleasant Valley Avenue
Moorestown, NJ 08057
dcm@mautelaw.com
(609) 560-1388
*Attorney for Juan Eguiguren*