# EXHIBIT D

**MAUTE LAW LLC**
By: Douglas C. Maute, Esquire
Attorney ID No. 306615
dcm@mautelaw.com
141 Pleasant Valley Avenue
Moorestown, New Jersey 08057
609-560-1388

**Attorney for Defendant:**
**Juan Eguiguren**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| C.A.,<br>Plaintiff,<br>v.<br>VILLANOVA UNIVERSITY;<br>COLLEGE HALL ASSOCIATES,<br>d/b/a COLLEGE HALL APARTMENTS,<br>a/k/a "THE COURTS";<br><br>COLLEGE HALL GP, LLC,<br>d/b/a COLLEGE HALL APARTMENTS,<br>a/k/a "THE COURTS";<br><br>MARKS & CO., INC.,<br>d/b/a MARKS & COMPANY;<br><br>ELIJAH JOSEPH KATZENELL;<br>JUAN EGUIGUREN; and<br>ANDREW POLUN<br>Defendants. | **CASE NO: 2:24-cv-04434-KNS**<br><br>**JURY DEMANDED** |

**DEFENDANT, JUAN EGUIGUREN'S ANSWERS, WITH OBJECTIONS, TO**
**VILLANOVA UNIVERSITY'S SECOND SET OF INTERROGATORIES**

Defendant, Juan Eguiguren ("Defendant" or "Defendant Eguiguren") responds to Villanova University's Second Set of Interrogatories as follows:

## GENERAL OBJECTIONS

Defendant, by and through undersigned counsel, hereby asserts the following General Objections to the Second Set of Interrogatories and Documents Requests served by Co-Defendant,

Villanova University ("Discovery Requests"). These General Objections are asserted in addition to, and not in lieu of, any specific objections set forth in Defendant's response to each individual Interrogatory or Request for Production. Defendant's specific objections to any particular Discovery Request are intended to supplement these General Objections and shall control to the extent of any inconsistency between a General Objection and a specific objection. Defendant does not intend, by asserting these General Objections, to imply that any objection applies to any particular Discovery Request where the objection is inapplicable.

1. Privilege and Work Product.

Defendant objects to each Discovery Request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection, including materials prepared in anticipation of litigation or for trial. Defendant will not produce information or documents protected from disclosure by an applicable privilege or protection except as may otherwise be required by applicable law or court order. Defendant's production of information or documents shall not constitute a waiver, whether intentional or inadvertent, of any applicable privilege or protection.

To the extent Defendant withholds responsive information or documents on the basis of privilege or work-product protection, Defendant will comply with Federal Rule of Civil Procedure 26(b)(5), including the identification or description of the withheld materials to the extent required by that Rule and applicable law.

2. Scope of Discovery; Relevance and Proportionality.

Defendant objects to each Discovery Request to the extent it seeks information or documents that are not relevant to any party's claim or defense or are not proportional to the

needs of the case within the meaning of Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to any Discovery Request that seeks information concerning matters that are unrelated to the claims, defenses, damages, or other issues presented in this action.

3. Overbreadth, Undue Burden, and Oppressiveness.

Defendant objects to each Discovery Request to the extent that it is overbroad, unduly burdensome, oppressive, or disproportionate to the needs of the case, including where the burden or expense of responding would outweigh the likely benefit of the requested discovery. Where applicable, Defendant will identify the particular portion of a Discovery Request to which this objection applies and, where appropriate, will respond to the non-objectionable portion.

4. Vagueness and Ambiguity.

Defendant objects to each Discovery Request to the extent that it is vague, ambiguous, undefined, or otherwise insufficiently specific to permit Defendant reasonably to determine the information or documents sought.

5. Possession, Custody, or Control.

Defendant objects to each Request for Production to the extent it seeks documents or tangible things that are not within Defendant's possession, custody, or control. Defendant further objects to any request that would require Defendant to obtain documents from a non-party where such documents are not within Defendant's possession, custody, or control.

6. Documents or Information Equally Available to the Requesting Party.

Defendant objects to each Discovery Request to the extent it seeks information or documents that are already in the possession, custody, or control of the requesting party, have previously been produced to the requesting party, or are equally available to the requesting party from another source.

7. Cumulative or Duplicative Discovery.

Defendant objects to each Discovery Request to the extent it seeks information or documents that are unreasonably cumulative or duplicative or that can be obtained from another source that is more convenient, less burdensome, or less expensive, consistent with Federal Rule of Civil Procedure 26(b)(2)(C).

8. Temporal Scope.

Defendant objects to each Discovery Request to the extent it seeks information or documents concerning periods of time that are not relevant to the claims or defenses in this action or that extend beyond a reasonable temporal scope in relation to the issues presented.

9. Geographic or Subject-Matter Scope.

Defendant objects to each Discovery Request to the extent it seeks information concerning persons, locations, transactions, events, or activities that have no reasonable connection to the claims or defenses at issue in this action.

10. Confidential or Sensitive Information.

Defendant objects to each Discovery Request to the extent it seeks confidential, proprietary, commercially sensitive, personally identifiable, or otherwise protected information where the request is not relevant or proportional to the needs of the case. To the extent otherwise discoverable information is subject to a confidentiality concern, Defendant reserves the right to seek an appropriate protective order or other appropriate limitation pursuant to Federal Rule of Civil Procedure 26(c).

11. Information Not Presently Known or Reasonably Available.

Defendant's responses are based upon information presently known to Defendant and reasonably available to Defendant after reasonable inquiry. Defendant does not concede that

information not presently known or reasonably available is nonexistent or that Defendant will be able to identify every responsive document or item of information at this stage of discovery.

12. Continuing Investigation and Duty to Supplement.

Discovery and investigation in this action are continuing. Defendant's responses are based upon information presently available and are provided without prejudice to Defendant's right and obligation to supplement or correct its responses as required by Federal Rule of Civil Procedure 26(e), applicable Rules of Civil Procedure, and any applicable scheduling order.

13. No Admission as to Relevance or Admissibility.

Defendant's disclosure or production of information or documents in response to any Discovery Request shall not be construed as an admission that such information or documents are relevant, material, authentic, admissible, or otherwise proper evidence at trial or in any other proceeding.

14. Reservation of Rights.

Defendant reserves the right to rely upon information, documents, witnesses, and other evidence subsequently discovered or identified through the ongoing discovery process, investigation, or preparation of this matter, subject to Defendant's obligations under the Federal Rules of Civil Procedure and any applicable scheduling or case-management order.

The foregoing General Objections are asserted in addition to all specific objections set forth in Defendant's responses to the individual Interrogatories and Requests for Production. Defendant does not intend to waive any specific objection by virtue of its assertion of these General Objections, nor does Defendant intend that these General Objections be construed as a substitute for any specific objection applicable to a particular Discovery Request.

## ANSWERS WITH OBJECTIONS TO INTERROGATORIES

**Interrogatory 1**: What applications for post-graduate employment in Pennsylvania, whether in person or remote, (a) had you submitted as of August 22, 2024 and (b) did you submit after August 22, 2024? For each application, provide (i) the date the application was submitted, (ii) the name of the prospective employer, (iii) the prospective job title, and (iv) the result of the application.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly burdensome, disproportionate, requiring an unreasonable investigation, overbroad, vague, or ambiguous, including undefined terms such as "employment," "employer," and "job title."

**ANSWER:** Subject to and without waiving any objection, Defendant Eguiguren never intended to stay in Pennsylvania after graduation from Villanova University. Accordingly, he did not apply for post-graduate employment in Pennsylvania on or before August 22, 2024.

On October 31, 2024 he accepted an in-person post-graduation employment offer with SAS Institute in-person in Cary, North Carolina. *See* EGUIGUREN0044.

That offer was rescinded on April 15, 2025 and Defendant Eguiguren returned to Quito, Ecuador on April 24, 2025. On January 6, 2026, Defendant Eguiguren applied via Linkedin for a Digital Marketing Specialist position at Real Garage Life located in Hanover, Pennsylvania, which was rejected on January 9, 2026. *See* EGUIGUREN0052.

**Interrogatory 2**: As of August 22, 2024, were you hoping (a) to receive an offer of full-time employment with SAS and (b) that any such offer would be for "Remote – PA" and permit you to work remotely for SAS from Pennsylvania?

**OBJECTION:** Defendant objects to this interrogatory as vague and ambiguous in its use of the term "hoping," which does not distinguish between a general desire for post-graduate employment with SAS and a specific preference concerning the terms of a prospective offer. Defendant further objects to subparts (a) and (b) to the extent they present separate inquiries into distinct aspects of his subjective state of mind as a single interrogatory. Defendant also objects to the extent subpart (b) assumes that a remote Pennsylvania position was a definite or anticipated term of a prospective SAS offer.

**ANSWER:** Subject to and without waiving any objection, as of August 22, 2024, Defendant Eguiguren hoped to receive an offer of full-time post-graduate employment with SAS following his summer internship. He hoped that the position would be an in-person position in Cary, North Carolina, and did not hope or expect that the position would permit him to work remotely from Pennsylvania.

During his summer 2024 internship with SAS, Defendant Eguiguren had the option of working remotely or in-person in Cary, North Carolina. His supervisor, Michelle Proctor, encouraged him to work in-person because she believed that being in the office during the week would be more beneficial. Defendant Eguiguren nevertheless selected the remote internship option because he wanted to spend that summer at his home in Ecuador.

**<u>Interrogatory 3</u>**: In your response to Interrogatory 1 from the First Set of Interrogatories, you said that on September 27, 2024, "SAS extended [you] an offer for full-time employment…for a Project Management position initially with a June 1, 2025 start date **and remote**," and that you "negotiat[ed]" an "August 2025 start date and working in-person in Cary, North Carolina" (emphasis added). Please explain in detail the circumstances of your accepting an offer of employment with SAS, including, but not limited to: (a) from where, if your work had remained remote, you planned to work; (b) whether it was you or the employer who sought in-person work in North Carolina rather than remote work; (c) when/on what date the offer of employment changed from remote to in-person; (d) when/on what date you determined to accept the offer of employment; and (e) when/on what date you formally accepted the offer of employment.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* <u>Krasnov v. Dinan</u>, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant objects to subpart (a) to the extent it calls for speculation concerning a hypothetical remote-work arrangement that was not ultimately implemented. The offer terms subsequently contemplated in-person employment in Cary, North Carolina, and the question assumes that Defendant had a definite remote-work location planned notwithstanding the subsequent change in the proposed employment arrangement. Subject to and without waiving this objection, Defendant will state his actual contemporaneous plans concerning his intended work location, but will not speculate about an arrangement that was never finalized.

Defendant further objects to the extent it contains multiple discrete subparts that separately inquire into distinct facts and events, including his intended work location had the position remained remote; which party sought an in-person position in North Carolina; the date on which the terms of the offer changed; the date on which he decided to accept the offer; and the date on which he formally accepted it. Defendant Eguiguren asserts this objection to preserve his position concerning the numerical limitation to seven interrogatories pursuant to the Order of October 8, 2026, ECF116.

Defendant further objects to the phrase "including, but not limited to" to the extent it seeks information beyond the specific circumstances and subjects identified in the interrogatory or otherwise renders the scope of the inquiry unclear.

**ANSWER:** Subject to and without waiving any objection, during his summer 2024 internship with SAS, Defendant Eguiguren's supervisor, Michelle Proctor, encouraged him to work in-person because she believed that being in the office during the week would be more beneficial.

When Defendant Eguiguren was offered the post-graduation full-time employment with SAS, he felt that working in-person in Cary, North Carolina would be more beneficial and he decided that he should move to North Carolina for the job.

In October 2024, Defendant Eguiguren spoke with Maria Crockett at SAS and explained that he wanted to work in-person in Cary, North Carolina and not remotely. As of October 28, 2024, Defendant Eguiguren was still considering whether to accept the offer and exchanged text messages with his parents, including that he can have a later start date and choose to work in Cary, North Carolina. *See* EGUIGUREN0041. He was able to speak to his parents on October 29, 2024

and decided to accept the in-person position in Cary North Carolina. On October 31, 2024, Defendant Eguiguren accepted the offer as in-person in North Carolina. *See* EGUIGUREN0044. He recalls the deadline for his decision was November 1, 2024.

Defendant Eguiguren is not in possession of a copy of his accepted offer because he lost access to the SAS portal on or about April 15, 2025 when the accepted offer was rescinded.

**Interrogatory 4**: Please explain why, if "it has always been [your] intent to return home to Quito, Ecuador" and you "considered [your] presence in Pennsylvania to be temporary and solely for the purpose of pursuing [your] undergraduate education" (as explained in your Unsworn Declaration), you accepted indefinite post-graduate employment in the United States, as you explained in your response to Interrogatory 1 from the First Set of Interrogatories.

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant objects to this interrogatory as vague and ambiguous in its use of the term "indefinite." Defendant further objects to the extent that it assumes that accepting post-graduate employment in the United States is necessarily inconsistent with an intent to return to Quito, Ecuador, or that acceptance of such employment, standing alone, establishes an intent to remain indefinitely in the United States.

**ANSWER:** Subject to and without waiving any objection, the fact that Defendant Eguiguren always considered his presence in Pennsylvania to be temporary to pursue his undergraduate

education is consistent with his acceptance of post-graduation employment in North Carolina on October 31, 2024. Specifically, he did not accept the original offer which was to work remotely from Pennsylvania, and he requested to work in-person in North Carolina. In April 2025, when the offer was rescinded and he graduated, Defendant Eguiguren left Pennsylvania to return home to Quito, Ecuador.

The fact that Defendant Eguiguren has always intended to return home to Ecuador is supported his actual, documented, repeated return trips to Ecuador. It is consistent that he maintained that intent despite acceptance of post-graduation employment that never came to be, particularly when Defendant Eguiguren returned home to Ecuador.

**Interrogatory 5**: Please explain why, if "it has always been [your] intent to return home to Quito, Ecuador" and you "considered [your] presence in Pennsylvania to be temporary and solely for the purpose of pursuing [your] undergraduate education" (as explained in your Unsworn Declaration), you registered to vote in Pennsylvania in 2024, including taking affirmative steps to perfect your registration after it was initially rejected (as you explained in your response to Interrogatory 7 from the First Set of Interrogatories and in documents EGUIGUREN0005-0007).

**OBJECTION:** Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant Eguiguren objects to the extent the Interrogatory assumes that registering to vote in Pennsylvania is necessarily inconsistent with maintaining an intent to return to Quito, Ecuador.

Defendant further objects to the extent the Interrogatory implies that his United States citizenship and Ecuadorian citizenship are mutually exclusive.

**ANSWER:** Subject to and without waiving any objection, Defendant Eguiguren has always been a dual citizen of Ecuador and the United States. He became interested in the 2024 United States Presidential election because he believed the election of a president would have significant consequences not only for the United States but also for the rest of the world, including Ecuador.

At the time relevant to his voter registration, Defendant Eguiguren had already accepted an offer to pursue post-graduate employment in Cary, North Carolina. In March 2025, he traveled to North Carolina to look at apartments in connection with those employment plans. His interest in participating in United States elections was consistent with his United States citizenship and his anticipated employment in North Carolina; he did not consider registering to vote in Pennsylvania to be inconsistent with his intention to return to Quito, Ecuador.

On April 13, 2025, Defendant Eguiguren voted in an Ecuadorian election. Two days later, on April 15, 2025, the North Carolina job offer was rescinded. On April 24, 2024, after completing all final exams and ahead of graduation, he returned to Quito, Ecuador.

Defendant Eguiguren returned to Ecuador upon completion of his studies and the rescission of the North Carolina job offer, his prior trips to Ecuador, and his participation in an Ecuadorian election are consistent with his stated intention to return home to Quito. He maintains that his presence in Pennsylvania was for the purpose of pursuing his undergraduate education and that his voter registration did not reflect an intention to make Pennsylvania his permanent home.

**Interrogatory 6**: With the exception of a single email exchange with SAS, you did not submit documents in response to Request for Production 3 from the First Set of Document Requests, which sought "[a]ll Documents, including all Communications, between you and any person at any time since August 1, 2021 relating in any way to your plans for place of residence" (with all capitalized terms as defined as therein). Please (a) confirm that there are no further such Documents or Communications **OR** (b) provide them in response to this Interrogatory 6.

**OBJECTION:** Defendant Eguiguren objects to this document request where the Court only permitted interrogatories pursuant to the Order of October 8, 2026, ECF116.

Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly burdensome, disproportionate, and would require an unreasonable investigation.

Defendant further objects to this interrogatory vague or ambiguous, including undefined terms "plans" and "place of residence."

**ANSWER:** Subject to and without waiving any objection, on August 15, 2024, Defendant Eguiguren emailed Villanova University's residence life for a dormitory move-in date of August 23, 2024 to accommodate his international travel. *See* EGUIGUREN0036.

On August 22, 2024, Defendant Eguiguren flew Latam Airlines from Quito, Ecuador to Bogota, Columbia with a connecting flight into New York around 6:30 am on August 23, 2024. *See* EGUIGUREN0037-EGUIGUREN0038.

On October 28, 2024, Defendant Eguiguren exchanged text messages with his parents regarding moving to Cary, North Carolina for post-graduation employment. *See* EGUIGUREN0041; EGUIGUREN0041.

On March 24, 2025, Defendant Eguiguren exchanged text messages with his mother for airline miles in order to travel to Cary, North Carolina to see apartments. *See* EGUIGUREN0042.

In January 2025 and March 2025, Defendant Eguiguren exchanged text messages with Rahul B. regarding apartments near Cary, North Carolina. *See* EGUIGUREN0045-EGUIGUREN0051.

**Interrogatory 7**: With the exception of two email exchanges with SAS and a graduate school acceptance letter, you did not submit documents in response to Request for Production 4 from the First Set of Document Requests, which sought "[a]ll Documents, including all Communications, between you and any person at any time since August 1, 2021 relating in any way to your plans for employment and/or enrollment at any institution of higher education" (with all capitalized terms as defined as therein). Please (a) confirm that there are no further such Documents or Communications **OR** (b) provide them in response to this Interrogatory 7.

**OBJECTION:** Defendant Eguiguren objects to this document request where the Court only permitted interrogatories pursuant to the Order of October 8, 2026, ECF116.

Defendant objects to this interrogatory as irrelevant to jurisdiction or domicile, including information beyond the August 22, 2024 action commencement date. *See* Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.")

Defendant further objects to this interrogatory as unduly burdensome, disproportionate, and would require an unreasonable investigation.

Defendant further objects to this interrogatory vague or ambiguous, including undefined terms "plans" and "employment."

**ANSWER:** Subject to and without waiving any objection, Defendant Eguiguren supplied all responsive documents regarding higher education. Defendant Eguiguren is not in possession of a copy of his accepted offer because he lost access to the SAS portal on or about April 15, 2025 when the accepted offer was rescinded.

On October 8, 2024, Defendant Eguiguren's cousin sent an email giving advice about the SAS offer. *See* EGUIGUREN00039-EGUIGUREN0040.

On October 28, 2024, Defendant Eguiguren exchanged text messages with his parents regarding moving to Cary, North Carolina for post-graduation employment. *See* EGUIGUREN0041; EGUIGUREN0041.

On Oct 31, 2024, Defendant Eguiguren received an email confirming he accepted an offer from SAS. *See* EGUIGUREN0044.

On March 24, 2025, Defendant Eguiguren exchanged text messages with his mother for airline miles in order to travel to Cary, North Carolina to see apartments. *See* EGUIGUREN0042.

In January 2025 and March 2025, Defendant Eguiguren exchanged text messages with Rahul B. regarding apartments near Cary, North Carolina. *See* EGUIGUREN0045-EGUIGUREN0051.

.

**VERIFICATION**

I, JUAN EGUIGUREN, hereby verify that I have reviewed the foregoing DEFENDANT, JUAN EGUIGUREN'S ANSWERS, WITH OBJECTIONS, TO VILLANOVA UNIVERSITY'S SECOND SET OF INTERROGATORIES and that the factual answers provided therein are true and correct to the best of my knowledge, information, and belief, after reasonable inquiry.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2026, in Quito, Ecuador.

JUAN EGUIGUREN

Doc ID: e2903adcd3eaed8904f2d62a0f7d48ac2d58b55d

**As to objections:**

**MAUTE LAW LLC**

Date: October 23, 2026

By: /s/ Douglas C. Maute

Douglas C. Maute, Esquire
I.D. No. 306615
141 Pleasant Valley Avenue
Moorestown, NJ 08057
dcm@mautelaw.com
(609) 560-1388
*Attorney for Juan Eguiguren*